UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL MALIK ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No.: 05-1374 (RMC) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT**

Defendant District of Columbia, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(6), hereby moves that this Honorable Court dismiss the complaint against it.

A Memorandum of Points and Authorities in support of this Motion and a Proposed Order are attached hereto.

The District was unable to contact the incarcerated plaintiff to obtain his consent to this Motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

__\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

By:    \s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 11th day of October, 2005, that a copy of the foregoing Motion to Dismiss the Complaint, along with a Memorandum of Points and Authorities in Support of said Motion, were mailed postage prepaid to:

Ismail Mailk
Fed. Register #11340-007
Big Sandy U.S.P.
POB 2068
Inez, KY 41224

_\s_____
Michael Bruckheim
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL MALIK          ) | |
| ) | |
| Plaintiff,          ) | |
| ) | Case No.:  05-1374 (RMC) |
| v.          ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al*.          ) | |
| ) | |
| Defendants.          ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT**

Defendant District of Columbia (the "District"), by and through undersigned counsel and pursuant to FRCP 12(b)(6), hereby moves that this Honorable Court dismiss the complaint against it.

As grounds therefor, the District states that: (1) the District properly delegated all duties of inmate care to the Corrections Corporation of America (CCA); (2) the complaint fails to state a claim for municipal liability under 42 U.S.C. § 1983 and the doctrine of *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978); (3) the complaint fails to allege a violation of the plaintiff's constitutional rights; and (4) the case should be dismissed for failure to state a claim.

*Statement of Facts*

This case arises out of the transfer of plaintiff from the Northeast Ohio Correctional Center (NOCC) in Youngstown, Ohio to the Central Arizona Detention Facility (CADF) in Florence, Arizona.  On July 2, 2001, the Plaintiff allegedly was exposed to second-hand smoke

and other hazardous conditions during a forty (40) hour bus ride from the NOCC to the CADF. *See* Plaintiff's Complaint, ¶ 2. Plaintiff alleges that both the NOCC and CADF are private prisons that are owned and operated by the co-defendant Corrections Corporation of American (CCA). *Id.* Plaintiff alleges that he was incarcerated at NOCC due to a contract between the District and co-defendant CCA. *Id.* ¶ 3.

Plaintiff further alleges that during the transfer from the NOCC to the CADF, he was exposed to second-hand smoke, handcuffed at the waist, wrists and legs, and was not permitted to use the bathroom, thereby forcing him to urinate on himself and preventing him from defecating for the duration of the trip. *Id.* ¶¶ 4, 5. Plaintiff has filed this complaint, alleging constitutional violations as a result of the alleged indignities that Plaintiff allegedly endured on during the transfer.

### *Standard of Review*

The legal standard for a motion to dismiss under Rule 12(b)(6) was recently set forth in *Himmelman v. MCI Communications*:

> A motion to dismiss for failure to state a claim upon which relief may be granted tests not whether the plaintiff will prevail on the merits, but instead whether or not he has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); Fed. R. Civ. P. 12(b)(6). The court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Atchison v. D.C.*, 315 U.S. App. D.C. 318, 73 F.3d 418, 421 (D.C. Cir. 1996). In deciding such a motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. See *Maljack Prods. v. Motion Picture Ass'n*, 311 U.S. App. D.C. 224, 52 F.3d 373, 375 (D.C. Cir. 1995). The court need not, however, accept as true the plaintiff's legal conclusions. *See Taylor v. F.D.I.C.*, 328 U.S. App. D.C. 52, 132 F.3d 753, 762 (D.C. Cir. 1997). Nor need the court accept unsupported assertions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. DeKalb County*, 433 U.S. 25, 27, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977). The court may consider the allegations of the complaint, documents attached to or

>specifically referred to in the complaint, and matters of public record. *See* 5A Wright
>& Miller, FEDERAL PRACTICE & PROCEDURE §1357 at 299 (2d ed. 1990).

104 F. Supp. 2d 1, 3 (D.D.C. 2000).

*Argument*

I. **DEFENDANT DISTRICT OF COLUMBIA IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE IT CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983.**

The District of Columbia cannot be held liable for the Corrections Corporation of America's (CCA) alleged violation of plaintiff's constitutional rights. Any responsibility the District might have had to protect those rights was properly delegated to the CCA pursuant to a contractual agreement between the CCA and the District concerning the incarceration of District prisoners at CCA facilities. (*See* Plaintiff's Complaint[1], Attachment Two, Article 6 and Attachment Three, ¶ 2).

Furthermore, the complaint does not allege facts that support an assertion that the plaintiff's alleged injuries were caused by a policy or custom of the District, pursuant to the standard for municipal liability set forth in *Monell v. Dep't of Social Servs. of the City of New York*. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).

A. **The District Lawfully Delegated its Duty to Transport the Plaintiff to the Corrections Corporation of America.**

The plaintiff alleges that he sustained injuries during a forty (40) hour bus ride from the NOCC to the CADF. *See* Plaintiff's Complaint, ¶ 2. Plaintiff alleges that both the NOCC and

---

[1] Plaintiff submitted selected portions of the contract between the District and CCA as attachments to his Complaint. Accordingly, the District is moving to dismiss and not for summary judgment because the attachments are part of the Plaintiff's Complaint.

3

CADF are private prisons that are owned and operated by the co-defendant Corrections Corporation of American (CCA). *Id.* Plaintiff alleges that he was incarcerated at NOCC due to a contract between the District and co-defendant CCA. *Id.* ¶ 3. The plaintiff was incarcerated at the NOCC and the CADF pursuant to a contractual agreement between the District and CCA that properly delegated all duties to provide necessary supervision during the transfer of prisoners. (*See* Plaintiff's Complaint, Attachment Three, ¶ 2)

Pursuant to statute and common law, the D.C. Department of Corrections has responsibility for "the safekeeping, care, protection…and discipline" of its inmate population. D.C. Code Sec 24-442 (1996); *Hughes v. District of Columbia*, 425 A.2d 1299, 1302 (D.C. 1981). However, according to the D.C. Court of Appeals, the Department of Corrections can delegate these statutory and common law duties to an independent contractor. *Herbert v. District of Columbia*, 716 A.2d 196, 199 (D.C. 1997).

In *Herbert*, the court noted that employees of the contractor were not agents of the District of Columbia because they were not subject to the District's supervision.[2] *Id.* at 199. Additionally, the *Herbert* court held that contract employees cannot be deemed agents of the DCDC "simply because they are performing tasks that otherwise would be performed by salaried employees of the government." *Id.*

Here, the responsibility for the plaintiff's transfer was delegated to the CCA pursuant to a contractual agreement. Plaintiff's submissions of the contracts between the District and CCA support the District's contention that CCA was fully responsible for the transfer and welfare of the prisoners under its care. (*See* Plaintiff's Complaint, Attachment Three, ¶ 2) Plaintiff

---

[2] The contract employees in *Herbert* worked in the infirmary of the District of Columbia Jail while the employees in this case worked in an Ohio state facility in which District inmates were confined.

4

therefore has failed to plead exactly *how* the District would be liable for his alleged treatment, especially when Plaintiff's own allegations support the fact that the CCA was responsible[3] for his transfer.

Because the plaintiff's treatment during his transfer was part of the "conditions of [his] confinement" while incarcerated at a CCA facility, any cause of action arising out of that treatment would rest with the CCA and not the District. Because the District of Columbia did not commit the allegedly unconstitutional acts against plaintiff, nor did it have the authority or duty to prevent the alleged misconduct, the District is entitled to dismissal.

**B.    Plaintiff's § 1983 Claims are Barred Because Plaintiff's Injury Did Not Arise out of an Unconstitutional Policy or Custom.**

The complaint alleges that the District violated the plaintiff's Eighth Amendment rights under the U.S. Constitution, which is actionable pursuant to 42 U.S.C. § 1983. However, as explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District cannot be held liable for the plaintiff's constitutional claims as they are alleged in the complaint. 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

---

[3] Persuasive authority on this issue may be found in this Court's ruling in *Nathan Cook v. District of Columbia, et al.*, Civil Action No. 99-2163, the honorable Thomas Penfield Jackson granted the District of Columbia's unopposed motion to dismiss "[b]ecause the actions and inactions alleged in the complaint are those of personnel located at the Sussex II State Prison in Virginia and the Commonwealth of Virginia has undertaken to respond to the complaint on behalf of those Defendants." (*See Nathan Cook v. District of Columbia, et al.*, Civil Action No. 99-2163, Order of September 28, 2000, Docket Entry No. 26). In this instance, the alleged actions and inactions are those of personnel of CCA, specifically those who were stationed at the NOCC.

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that "municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added).

Although there is no heightened pleading requirement, a § 1983 complaint must allege that an established municipal policy or custom caused the constitutional violation at issue. *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. *Dant*, 829 F.2d at 76.

In *Dant*, the plaintiff was unlawfully detained by the District of Columbia police for several hours. *Id.* at 71. In his complaint against the District, the plaintiff alleged that the District, by its "malicious prosecution and abuse of lawfully issued process," had "violated plaintiff's rights under the Fifth and Fourteenth Amendments … and 42 U.S.C. § 1983." *Id.* at 77. The court held that the plaintiff's complaint was insufficient to support a claim against the District, writing:

> The complaint nowhere alleges, however, that Dant was subject to malicious prosecution and abuse of process *pursuant to an established WMATA policy or practice*. The complaint thus fails to allege a necessary element of a section 1983 violation, namely, that there be a deprivation of rights "under color of any statute, ordinance, regulation, custom, or usage of any State." *Id.* (*citing Monell*, 346 U.S. at 691) (emphasis added).

In this case, the plaintiff's Complaint is similarly lacking. Plaintiff alleges that there was a "longstanding custom" of abusing prisoners who were transferred to the NOCC as retaliation for filing previous complaints against the District. (*See* Plaintiff's Complaint, p.3) While this allegation purports to state an unconstitutional policy or custom to satisfy the requirements of *Monell*, it falls far short of its target. A blanket conclusion that does not set forth any supporting factual allegations will not survive a motion to dismiss or for summary judgment. *Miller v. Barry*, 698 F.2d 1259 (1983). In *Miller*, the plaintiff filed a police misconduct claim which alleged that the police officer "was acting fully within the scope of his employment and pursuant to the policies of the defendant corporation." *Id.* The D.C. Circuit held that the complaint—although it alleged the legal elements required to support the plaintiff's claim—could not survive summary judgment because it contained no *factual* allegations to support the legal conclusion. Following Supreme Court precedent, the court wrote:

> In *Polk County v. Dodson, 454 U.S. 312, 70 L. Ed. 2d 509, 102 S. Ct. 445 (1981)*, the *pro se* plaintiff's only reference to governmental policies was the "bald allegation that [Defendant] had injured him while acting pursuant to administrative 'rules and procedures for … handling criminal appeals' and that [Defendant's] employer were therefore responsible for [Defendant's] actions." *454 U.S. at 326.* The Court concluded that "even in light of the sympathetic pleading requirements applicable to *pro se* petitioners," *id.*, this allegation did not describe a constitutional tort actionable under § 1983, since "official policy must be the 'moving force of the constitutional violation' in order to establish liability of a governmental body under § 1983." … Petitioner pointed to no rule, procedure or policy of the District which would require or even permit the alleged unconstitutional actions. In other words, he failed to allege that his claimed constitutional harm was *caused* by a "policy statement, ordinance, regulation, or decision promulgated or adopted by [defendants]." *Id.* (ellipses within quotations in original, emphasis in original) (*citing Monell*, 436 U.S. at 690).

Here, the plaintiff's Complaint is similarly flawed. While it cites to case law, it does not set forth any factual allegations to support its legal conclusions. In his Complaint, plaintiff attempts to claim that the District had an unconstitutional "custom" of abusing prisoners who

7

were transferred to the NOCC.  As with *Polk* and *Miller*, this "bald assertion" that the District was aware of the allegedly poor treatment inflicted upon prisoners who were transferred cannot stand without a single allegation of *fact* to support it.  A plaintiff cannot survive a motion to dismiss with a mere recitation of the legal standard; he must set forth factual allegations or his claim must be dismissed.

Furthermore, even if the plaintiff had properly pled this argument, the Complaint itself sets forth conclusive evidence that the allegedly poor treatment was *not* pursuant to a District policy or custom.  Plaintiff included copies of the District's contract with CCA, which specifically delegated the responsibility for the care and treatment of prisoners during a transfer to CCA.  The contract expressly states that CCA "shall at all times perform its duties under this contract in accordance with all applicable federal, state, and local laws and regulations…."  (*See* Plaintiff's Complaint, Attachment Two, ¶ 4)  As such, plaintiff's Complaint itself acknowledges, perhaps unintentionally, that the District's policy does not allow for unconstitutional treatment of prisoners by virtue of the language contained within its contract with CCA.

Finally, Plaintiff fails to allege that a District of Columbia agent carried out such an unconstitutional custom or policy.   A defendant in a suit brought under § 1983 acts under color of state law to violate a constitutional right when he abuses the position given him by the State.  *West v. Akins*, 487 U.S. 42, 49-50 (1988).  Plaintiff has not pleaded any allegations that the District was involved in any way with the alleged exposure to second-hand smoke that is the subject of this complaint.  In fact, Plaintiff never alleges what *acts* were taken by the District that deprived him of his constitutional rights.  Plaintiff's complaint is essentially a rambling list of assertions that he was subjected to second-hand smoke.  Additionally, Plaintiff's own acknowledgement that the CCA had contracted with the District lends further credence to the notion that Plaintiff's cause of

action lies with the CCA and not the District, because Plaintiff has failed to allege that District employees were present during the transfer from the NOCC to the CADF. As such, plaintiff's Complaint is insufficient on its face and should be dismissed with prejudice.

## II.   THE PLAINTIFF'S CONSTITUTIONAL CLAIMS MUST BE DISMISSED BECAUSE THE COMPLAINT FAILES TO ALLEGE AN EIGHTH AMENDMENT VIOLATION.

### A. Plaintiff Cannot State a Claim for Exposure to Second Hand Smoke.

The issue of second hand smoke in prisons was addressed in *Helling v. McKinney,* 509 U.S. 25. In *Helling,* the Supreme Court set forth a two part test:

> A prisoner "states a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to levels of [tobacco smoke] that pose an unreasonable risk of serious damage to his future health." *509 U.S. at 35*. The Court referred to the first element--exposure to unreasonably high levels of secondhand smoke--as "objective." *Id. at 35, 36.* To prove this element, the prisoner must show (1) that "he himself is being exposed to unreasonably high levels of" second-hand smoke; and (2) that the exposure creates a risk of harm "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk," *id. at 36;* see also *Oliver v. Deen, 77 F.3d 156, 159-60 (7th Cir. 1996); Simmons v. Sager, 964 F. Supp. 210, 212 (W.D. Va. 1997).* The Court referred to the second element--deliberate indifference--as "subjective." *Helling, 509 U.S. at 35, 36; Scott v. District of Columbia,* 139 F.3d 940, 942, *cert. denied, Dawson v. District of Columbia,* 525 U.S. 851 (1998)

Plaintiff cannot meet the first part of the test. While he has certainly professed his dislike of second-hand smoke, plaintiff has failed to allege a causal relationship between his conditions and an increased risk of harm to him from his alleged exposure to second-hand smoke. Additionally, Plaintiff cannot ever prove that he was exposed to unreasonably high levels of second-hand smoke.

Plaintiff alleges that he was exposed to second-hand smoke during a 40-hour bus ride from the NOCC to the CADF. Plaintiff would not be able to prove what levels of second-hand smoke existed on the bus at that time, the obvious reason being that the bus has likely been used

9

since the transfer and that the transfer took place over 4 years ago on July 2, 2001. There is simply no way to measure, at this point in time or any point in time in the future, exactly what the level of second-hand smoke was on that bus, and whether such a level arose the standard of an "unreasonably high level" as articulated in the *Helling* ruling.

Quite simply, it is impossible for Plaintiff to prove that the 40-hour bus ride in July, 2001 exposed him to levels of smoke that were so grave that it rose to the high standard set forth by the *Helling* Court. There must be an "objectively intolerable risk" in order for there to be a "knowing and unreasonable" disregard of it. *Scott v. District of Columbia*, 139 F.3d 940, 944 (D.C. Cir. 1998). In this case, Plaintiff can never prove that there was an objectively intolerable risk, nor would he be able to prove a knowing disregard of such a risk.

**B.  Plaintiff Cannot State a Claim for Defendants' Deliberate Indifference to Plaintiff's Alleged Exposure to Second Hand Smoke.**

Plaintiff also cannot prove the second prong of the *Helling* test: that his alleged exposure to the second-hand smoke created a risk of harm so grave that it violated contemporary standards of decency to expose anyone unwillingly to such a risk. *Helling*, 509 U.S. at 35, 36. Contemporary society has yet to view exposure to second-hand smoke as transgressing its "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Caldwell v. Quinlan,* 729 F. Supp. 4, 5 (D.D.C. 1990), *quoting Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

Plaintiff cannot meet the standard of proof regarding the District's alleged deliberate indifference. Most recently, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Court explained the "subjective component" further and defined the exact subjective mental state required for deliberate indifference:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and

10

>disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. *But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.*

*Id.* at 837-38 (emphasis added; internal citations omitted).

Liability may be imposed for deliberate indifference in a medical context only if an Eighth Amendment plaintiff proves, *inter alia,* that, subjectively, the defendants both actually knew of "an excessive risk to inmate health or safety" and disregarded that risk. *Farmer*, 511 U.S. at 837. Proof that the defendants should have perceived the risk, but did not, is insufficient. *Farmer*, 511 U.S. at 838. As the *Scott* Court held, "[T]here must be an objectively intolerable risk in order for there to be knowing and unreasonable disregard of it. It makes no sense to charge someone with improperly ignoring a danger that never existed." *Scott*, 139 F.3d at 944. As stated earlier, Plaintiff cannot prove that there was any danger of his alleged exposure to second-hand smoke during his bus transfer in July, 2001.

The *Helling* Court noted that a plaintiff's ability to offer proof of deliberate indifference would be questionable given that the prison officials had since adopted a formal smoking policy. *Pryor-El v. Kelly*, 892 F. Supp. 261, 267 (D.D.C. 1995). In the instant case, whether there was a formal smoking policy in place is within the responsibility of the CCA, as it was the CCA who effected the transfer of Plaintiff. However, if there was a non-smoking policy that wasn't enforced, it *still* would not rise to the level of deliberate indifference. As the *Scott* Court held, "It

11

is hard to see how imperfect enforcement of a nonsmoking policy can, alone, satisfy *Helling*'s subjective element. That the District even has such a policy militates against a finding of deliberate indifference." *Id.* Conclusory statements and vague allegations do not establish that the Defendants acted with a sufficiently culpable state of mind. *Pryor-El*, 892 F. Supp. at 268. That the restrictions are not being fully enforced is not enough to establish deliberate indifference. *Id.*

Thus, imperfect enforcement of *any* nonsmoking policy would not make the District liable. Again, it should be noted that the any policy in question would be that of CCA and not the District, as the CCA was solely responsible for Plaintiff's transfer. Nevertheless, Plaintiff would have to prove that the District was "knowingly and unreasonably disregarding an objectively intolerable risk of harm" to Plaintiff's safety. *Farmer*, 511 U.S. at 846. The District must be aware of "facts from which the inference could be drawn that a substantial risk of serious harm exists, and… must also draw the inference." *Id.* In this instance, there is no way the District could have known of an objectively intolerable risk because *no District officials were present during the transfer*. Plaintiff acknowledges as much through his own submissions of the District's contract with CCA, which makes it clear that CCA employees were responsible for the transfer of Plaintiff from the NOCC to the CADF.

Therefore, Plaintiff's allegations do not satisfy the barest threshold of actually alleging a violation on the part of the District. His Complaint fails because it does not satisfy the objective prong of a cognizable Eighth Amendment claim. Not only does plaintiff's complaint fail on legal terms, it must fail on evidentiary terms as well because there is simply no way he would be able to establish what, if any, levels of second-hand smoke existed during his bus transfer in July, 2001. *See* Note, Second Hand Smoke as Cruel and Unusual Punishment: Helling v. McKinney:

The Insurmountable Burden of Proof and the Role of the Court, *3 GEO. MASON IND. L. REV. 257, 272-78 (1994)* (arguing that *Helling* imposes a standard of proof that is insurmountable because of the inherent scientific uncertainties surrounding ETS and causation).

WHEREFORE, for the reasons stated herein, Defendant District of Columbia, by and through undersigned counsel and pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the Complainant against the District with prejudice.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>\_\s\_____
>PATRICIA A. JONES [428132]
>Chief, General Litigation Sec. IV
>
>\_\_\s\_____
>MICHAEL P. BRUCKHEIM [455192]
>Assistant Attorney General
>441 4TH Street, NW, 6th Floor-South
>Washington, D.C.  20001
>202-724-6649;202-727-6295

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ISMAIL MALIK** )<br>)<br>**Plaintiff,** )<br>)<br>vi. )<br>)<br>**DISTRICT OF COLUMBIA**, *et al*. )<br>)<br>**Defendants.** )<br>_____) | **Case No.: 05-1374 (RMC)** |

# ORDER

Upon consideration of Defendant District of Columbia's Motion to Dismiss the Complaint, the Memorandum in Support thereof, and the facts and law considered, it is hereby:

ORDERED that the Motion to Dismiss is GRANTED; and it is further,

ORDERED that the Complaint against Defendant District of Columbia is DISMISSED WITH PREJUDICE.

So ORDERED this _____ day of _____, 200_.

_____
The Honorable Judge Collier
United States District Court for the District of Columbia

copies to:

Michael P. Bruckheim, Esq.
Assistant Corporation Counsel
441 4th Street, NW,
6th Floor-South
Washington, D.C. 20001

1

Ismail Mailk
Fed. Register #11340-007
Big Sandy U.S.P.
POB 2068
Inez, KY 41224