UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL MALIK, )<br>)<br>Plaintiff, )<br>) Case No.: 05-1374 (RMC)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>_____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS THE COMPLAINT**

Defendant District of Columbia, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure (FRCP) 12(b)(6), hereby submits the following Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint.

**A.** **The District Lawfully Delegated its Duty to Transport the Plaintiff to the Corrections Corporation of America.**

The plaintiff alleges that he sustained injuries during a forty (40) hour bus ride from the Northeast Ohio Correctional Center (NOCC) in Youngstown, Ohio to the Central Arizona Detention Facility (CADF). *See* Plaintiff's Complaint, ¶ 2. Plaintiff alleges that both the NOCC and CADF are private prisons that are owned and operated by the co-defendant Corrections Corporation of American (CCA). *Id.* Plaintiff alleges that he was incarcerated at NOCC due to a contract between the District and co-defendant CCA. *Id.* ¶ 3. The plaintiff was incarcerated at the NOCC and the CADF pursuant to a contractual agreement between the District and CCA that properly delegated all duties to provide necessary supervision during the transfer of prisoners. *See* Plaintiff's Complaint, Attachment Three, ¶ 2.

Pursuant to statute and common law, the D.C. Department of Corrections has responsibility for "the safekeeping, care, protection…and discipline" of its inmate population. D.C. Code Sec 24-442 (1996); *Hughes v. District of Columbia*, 425 A.2d 1299, 1302 (D.C. 1981). However, according to the D.C. Court of Appeals, the Department of Corrections can delegate these statutory and common law duties to an independent contractor. *Herbert v. District of Columbia*, 716 A.2d 196, 199 (D.C. 1997).

In *Herbert*, the court noted that employees of the contractor were not agents of the District of Columbia because they were not subject to the District's supervision. *Id.* at 199. Additionally, the *Herbert* court held that contract employees cannot be deemed agents of the DCDC "simply because they are performing tasks that otherwise would be performed by salaried employees of the government." *Id.*

In this case, the responsibility for the plaintiff's transfer was delegated to the CCA pursuant to a contractual agreement. Plaintiff's submissions of the contracts between the District and CCA support the District's contention that CCA was fully responsible for the transfer and welfare of the prisoners under its care. *See* Plaintiff's Complaint, Attachment Three, ¶ 2. Plaintiff therefore has failed to plead exactly *how* the District would be liable for his alleged treatment, especially when Plaintiff's own allegations support the fact that the CCA was responsible for his transfer.

Plaintiff has failed to present any valid argument as to why the District should be held liable for his alleged treatment after the District lawfully delegated his transfer to the CCA.[1] Plaintiff's "evidence" in the form of news interviews concerning the CCA's treatment of its prisoners, does not implicate liability on the District in any way. Plaintiff cannot even prove, nor

---

[1] Plaintiff argues that the District also failed to supply his medical records during his transfer. However, this argument is irrelevant, as it is not an allegation contained with his complaint.

has he alleged, that any District of Columbia officials were on the bus during his transport or had any role whatsoever in the alleged treatment he received. Plaintiff appears to argue that it is the District's fault for contracting with CCA, and that the District should be subject to liability as a result. Clearly, the District cannot be held liable for contracting with CCA simply because plaintiff wants it to be. The District is entitled to dismissal because (1) the plaintiff's alleged maltreatment during his transfer was part of the "conditions of [his] confinement" while incarcerated at a CCA facility, for which the District bears no liability; (2) the District of Columbia did not commit the allegedly unconstitutional acts against plaintiff, and (3) the District of Columbia did not have the authority or duty to prevent the alleged misconduct,

**B.     Plaintiff's § 1983 Claims are Barred Because Plaintiff's Injury Did Not Arise out of an Unconstitutional Policy or Custom.**

The complaint alleges that the District violated the plaintiff's Eighth Amendment rights under the U.S. Constitution, which is actionable pursuant to 42 U.S.C. § 1983. However, as explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District cannot be held liable for the plaintiff's constitutional claims as they are alleged in the complaint. *Monell*, 436 U.S. 658, 694 (1978); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). According to the Supreme Court decision in *Monell*:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983."

436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma City*, 471 U.S. at 824. The *Oklahoma City* decision interpreted *Monell* as holding that

"municipal liability should not be imposed *when the municipality was not itself at fault*." *Id.* at 818 (emphasis added). As noted earlier, plaintiff's Complaint sets forth conclusive proof that the allegedly poor treatment was *not* pursuant to a District policy or custom. Plaintiff included copies of the District's contract with CCA, which specifically delegated the responsibility for the care and treatment of prisoners during a transfer to CCA. The contract expressly states that CCA "shall at all times perform its duties under this contract in accordance with all applicable federal, state, and local laws and regulations…." *See* Plaintiff's Complaint, Attachment Two, ¶ 4 Moreover, in his Complaint, plaintiff acknowledges that the District's policy does not allow for unconstitutional treatment of prisoners by virtue of the language contained within its contract[2] with CCA.

Finally, Plaintiff fails to allege that a District of Columbia agent carried out such an unconstitutional custom or policy. *See* Plaintiff's Complaint. A defendant in a suit brought under § 1983 acts under color of state law to violate a constitutional right when he abuses the position given him by the State. *West v. Akins*, 487 U.S. 42, 49-50 (1988). Plaintiff has not pled any factual allegations which would support the District's involvement in any way with the alleged exposure to second-hand smoke that is the subject of this complaint. In fact, Plaintiff never alleges what *acts* were taken by the District that deprived him of his constitutional rights. As such, plaintiff's Complaint is insufficient on its face and should be dismissed with prejudice.

---

[2] Plaintiff also argues that he should be recognized as a "third-party beneficiary" to the contract between the District and CCA. Plaintiff does not state how such a designation would affect his case, but his argument is nevertheless without merit, as to recognize it would allow for prisoners to challenge any contract between a municipality and an independent contractor. Clearly, prisoners do not have the right to participate in contract negotiations regarding the manner of their confinement.

**C.     Plaintiff Cannot State a Claim Against the District for His Exposure to Second Hand Smoke.**

Plaintiff alleges that he was exposed to second-hand smoke during a 40-hour bus ride from the NOCC to the CADF. Plaintiff would not be able to prove what levels of second-hand smoke existed on the bus at that time, the obvious reason being that the bus has likely been used since the transfer and that the transfer took place over 4 years ago on July 2, 2001. There is simply no way to measure, at this point in time or any point in time in the future, exactly what the level of second-hand smoke was on that bus, and whether such a level arose to the standard of an "unreasonably high level" as articulated in *Helling v. McKinney,* 509 U.S. 25, 35 (1993). There must be an "objectively intolerable risk" in order for there to be a "knowing and unreasonable" disregard of it. *Scott v. District of Columbia*, 139 F.3d 940, 944 (D.C. Cir. 1998).

Plaintiff also cannot prove the second prong of the *Helling* test: that his alleged exposure to the second-hand smoke created a risk of harm so grave that it violated contemporary standards of decency to expose anyone unwillingly to such a risk. *Helling*, 509 U.S. at 35, 36. Contemporary society has yet to view exposure to second-hand smoke as transgressing its "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Caldwell v. Quinlan,* 729 F. Supp. 4, 5 (D.D.C. 1990), *quoting Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Because Plaintiff has not alleged, nor can he ever prove that there was an objectively intolerable risk created by the District, or a knowing disregard of such a risk for which the District bears liability, dismissal is appropriate.

**D.     Plaintiff Cannot State a Claim for Defendants' Deliberate Indifference to Plaintiff's Alleged Exposure to Second Hand Smoke.**

Plaintiff cannot meet the standard of proof regarding the District's alleged deliberate indifference. Most recently, in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Court explained the "subjective component" further and defined the exact subjective mental state required for deliberate indifference:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. *But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.*

*Id.* at 837-38 (emphasis added; internal citations omitted).

Liability may be imposed for deliberate indifference in a medical context only if an Eighth Amendment plaintiff proves, *inter alia,* that, subjectively, the defendants both actually knew of "an excessive risk to inmate health or safety" and disregarded that risk. *Farmer*, 511 U.S. at 837. Proof that the defendants should have perceived the risk, but did not, is insufficient. *Farmer*, 511 U.S. at 838. As the *Scott* Court held, "[T]here must be an objectively intolerable risk in order for there to be knowing and unreasonable disregard of it. It makes no sense to charge someone with improperly ignoring a danger that never existed." *Scott*, 139 F.3d at 944. As stated earlier, Plaintiff cannot prove that there was any danger of his alleged exposure to second-hand smoke during his bus transfer in July, 2001, or has Plaintiff shown that the District

knew or should have known about his potential exposure to second-hand smoke and failed to take steps to reduce and/or eliminate his exposure.

Plaintiff's allegations do not satisfy the barest threshold of actually alleging a violation on the part of the District. There is no objective prong of a cognizable Eighth Amendment claim set forth in Plaintiff's Complaint. Accordingly, dismissal is appropriate.

WHEREFORE, for the reasons stated herein, Defendant District of Columbia, by and through undersigned counsel and pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the Complainant against it with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649;202-727-6295