## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL MALIK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.* )<br>)<br>_____ ) | Civil Action 05-1374 (RMC) |

### SEPARATE ANSWER OF DEFENDANTS, CORRECTIONS
### CORPORATION OF AMERICA AND TRANSCOR

Defendants, Corrections Corporation of America ("CCA") and Transcor America (hereinafter "Defendants"), through counsel, hereby respond to Plaintiff's Complaint as follows:

### STATEMENT OF CLAIM

1.      Defendants deny the allegations contained in paragraph 1 of the Statement of Claim attached to Plaintiff's Complaint.

2.      Defendants admit that NOCC and CADC are owned and operated by CCA. Defendants deny the remaining allegations contained in paragraph 2 of the Statement of Claim attached to Plaintiff's Complaint.

3.      Defendants admit that Plaintiff was a prisoner convicted in the District of Columbia and serving sentences imposed in the Superior Court of the District of Columbia. Defendants further admit that CCA contracted with District of Columbia to house

inmates from the District of Columbia and that CCA contracted with Transcor America for the transportation of inmates. Defendants deny the remaining contained in paragraph 3 of the Statement of Claim attached to Plaintiff's Complaint.

4.      Defendants admit that Plaintiff was transported wearing an orange jumpsuit and was placed in restraints. Defendants deny the remaining allegations contained in paragraph 4 of the Statement of Claim attached to Plaintiff's Complaint.

5.      Defendants deny the allegations contained in paragraphs 5, 6, 7 and 8 contained of the Statement of Claim attached to Plaintiff's Complaint.

## OFFICERS AND OFFICIALS CUSTOM
## AND PRACTICE OF PHYSICALLY ABUSING PRISONERS

6.      In answering paragraph 9 of the Statement of Claim attached to Plaintiff's Complaint, Defendants assert that these allegations refer to entities other than these answering Defendants. To the extent that these allegations refer to CCA or Transcor, these Defendants deny the same.

7.      In answering paragraph 10 of the Statement of Claim attached to Plaintiff's Complaint, Defendants assert that these allegations refer to entities other than these answering Defendants. To the extent that these allegations refer to CCA or Transcor, these Defendants deny the same.

8.      In answering paragraph 11 of the Statement of Claim attached to Plaintiff's Complaint, Defendants admit that Plaintiff was a class Plaintiff in the lawsuit *(In Re: NOCC)*. Defendants deny the remaining allegations contained in paragraph 11 of

2

the Statement of Claim attached to Plaintiff's Complaint.

9.     Defendants deny the allegations contained in paragraph 12 of the Statement of Claim attached to Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that the Court lacks jurisdiction over the parties in this case.

### THIRD AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that the Court lacks jurisdiction over the subject matter in this case.

### FOURTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff's claims are barred to the extent they seek relief for events outside the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act

3

("PLRA"), thereby warranting dismissal of this case.

## SIXTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, claim preclusion and/or issue preclusion to the extent they apply.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that their conduct was not negligent and did not violate the applicable standard of care.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that they did not owe Plaintiff a duty of care under common law, statute or regulations.

## NINTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege they did not breach any duty owed to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that the actions or inactions alleged on their part were not the proximate cause of any injuries, losses and damages to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff

4

did not suffer any injuries or damages for which he may recover.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff's allegations arose as a result of his own negligence, not the acts or omissions of these Defendants, thereby warranting dismissal of this lawsuit.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other than these Defendants, thereby reducing or eliminating any damages owed by these Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate defense, and in the alternative, Defendants allege that they were acting under legal process, with good, sufficient and probable cause to be so acting, and that the actions of their employees were in good faith and without malice.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate defense, or in the alternative, Defendant allege that their actions were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

## SIXTEENTH DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff failed to mitigate his damages, thereby reducing or eliminating any damages owed by these Defendants.

## SEVENTEENTH DEFENSE

As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this claim.

## EIGHTEENTH DEFENSE

As a separate defense, or in the alternative, Defendants allege that they were acting in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prove in order to prevail on his claim of deliberate indifference.

## NINETEENTH DEFENSE

As a separate defense, or in the alternative, Defendants allege that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct

6

involve reckless or callous indifference to the rights of Plaintiff, thereby precluding punitive damages.

### TWENTIETH DEFENSE

Although Defendants do not presently have facts in  support of the following defenses, they wish to assert the following defenses should subsequent discovery reveal these defenses are appropriate.  Specifically, the following affirmative defenses set forth in Rule 8(c), FED.R.CIV.P.. and Rule 12, including but not limited to: arbitration and award, contributory negligence, duress, estoppel, fraud, illegality, release, *res judicata*, waiver, collateral estoppel, claim preclusion and/or issue preclusion, insufficiency of process and insufficiency or service of process.

Defendants reserve the right to amend their Answer to Plaintiff's Complaint, to assert additional defenses, or delete or withdraw defenses, and to add counterclaims as may become necessary after reasonable opportunity for discovery has occurred.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that it be dismissed that it be awarded its reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Defendants demand a jury trial as to all triable issues.

Dated this 7th day of February 2006.

Respectfully submitted,

_____s/ Daniel P. Struck_____
Daniel P. Struck (D.C. Bar No. CO0037)
Timothy J. Bojanowski (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811


Kevin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 647-5928
Facsimile: (703) 647-5978 (direct)

Filed Electronically this 7th day of
February 2006.

Copy of the foregoing mailed even date to:

Ismail Abdul Malik aka Roy Thomas, #11340-007
BIG SANDY UNITED STATES PENITENTIARY
P. O. Box 1058
Inez, Kentucky 41224
Plaintiff *Pro Se*


_____s/ Carol S. Madden_____

8