## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ISMAIL ABDUL MALIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1374 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
|  | ) | |

## MEMORANDUM OPINION and ORDER

This matter is before the Court on the District of Columbia's motion to dismiss. For the reasons stated below, the motion will be denied without prejudice.

### I.  BACKGROUND

Plaintiff, who was sentenced by the Superior Court of the District of Columbia to a term of imprisonment, served portions of that sentence in private correctional facilities operated by defendant Corrections Corporation of America ("CCA"). Complaint ("Compl.") at 1.[1] CCA and a related corporation, Transcor, transported and housed District of Columbia offenders pursuant to a contract with the District of Columbia. *Id.*

In July 2001, plaintiff was transported from CCA's Youngstown, Ohio facility to its Florence, Arizona facility. Compl. at 1. He and several other inmates were driven in a bus without adequate ventilation and without a working toilet. *Id.* at 3. Over the course of the 40-hour trip,

---

[1] Plaintiff submitted his complaint on a five-page preprinted form to which he attached four sequentially numbered (pages one through four) typewritten pages styled "Statement of Claim." In this Memorandum Opinion, all references to the Complaint are references to this Statement of Claim.

plaintiff was exposed to second-hand tobacco smoke, denied opportunities to use a toilet, and deprived of food and water. *Id.* at 1-2. He was attached to another prisoner by belly chain, and was restrained with handcuffs, leg shackles, and a "black box."[2] *Id.* at 1.

As a result of his exposure to second-hand smoke, plaintiff alleges that he suffered an asthma attack and experiences shortness of breath, watery eyes and blurred vision. Compl. at 2. His blurred vision "hamper[s] [his] pursuit to further his health in participation in sports activities," and renders him incapable of "perform[ing] certain jobs which would pay more in industrial trades, due to fear of the blurred vision impairing the ability to use toools [sic] which may puncture the skin while plaintiff's vision is blurred." *Id.* In addition, the "black box" restraint and the handcuffs "has caused sharp pains daily in both wrists. The hands and wrists are weaker which impairs [his] ability to work on manual labor jobs, due to not being able to maintain [his] grip on tools or machinery." *Id.*

Plaintiff brings this civil rights action against the District of Columbia, CCA, and Transcor under 42 U.S.C. § 1983 for alleged violations of rights protected by the Eighth Amendment to the United States Constitution. Compl. at 1. He demands declaratory judgment and compensatory damages.

## II. DISCUSSION

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state claims upon which relief can be granted. A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set

---

[2] Plaintiff describes the "black box" as a "square device used to particularly restrain and restrict the movement of the hands and wrists." Compl. at 1. He alleges that the black box "increases pain and swelling in the hands and wrists." *Id.*

of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.,* 116 F. Supp. 2d 131, 135 (D.D.C. 2001). The Court is not obligated, however, to draw factual inferences that are not supported by the facts alleged. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In order to bring a claim under 42 U.S.C. § 1983, plaintiff must allege that he has been deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The Eighth Amendment prohibits punishments that either involve unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime for which a prisoner is incarcerated. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In considering a prisoner's Eighth Amendment challenge, the Court examines "the totality of the circumstances." *Id.* at 363 (Brennan, J., concurring). "Combinations of various conditions can give rise to an Eighth Amendment violation where each condition itself would not so rise." *Campbell-El v. Dist. of Columbia*, 881 F. Supp. 42, 44 (D.D.C. 1995) (citing *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)).

To state an Eighth Amendment claim regarding prison conditions, plaintiff must allege facts that, if true, would establish that he was deprived of basic human needs because of conditions serious enough to be considered cruel and unusual. *Pryor-El v. Kelly*, 892 F. Supp. 261, 266-67 (D.D.C. 1995). Plaintiff then must allege that defendant knew of and disregarded such conditions, exposing inmates to an excessive risk to health and safety. *Id*.; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court concludes that plaintiff's complaint adequately states an Eighth

Amendment claim with respect to the conditions under which he was transported from Ohio to Arizona. He alleges that he was deprived of basic human needs (such as food, water, and ventilation) for the duration of the 40-hour ride, and that defendant was aware of and deliberately indifferent to these needs. Regarding his claim of exposure to second-hand smoke, the Court finds the allegations of the complaint sufficient. Plaintiff alleges that he was exposed to a large volume of second-hand smoke in the close confines of a bus for the duration of a 40-hour ride, and that the exposure triggered a potentially fatal asthma attack.

Plaintiff further manages, barely, to allege the District of Columbia's liability under Section 1983. He alleges the existence of a "commonly understood practice" of physically abusing prisoners in retaliation for the prisoners' having filed grievances and lawsuits. *See* Compl. at 3. He refers to a separate lawsuit filed by District of Columbia prisoners who "experienced nearly identical abuses as those alleged herein." *Id.* He also states that defendants "were in possession of plaintiff's medical records and knew that plaintiff would suffer harm and distress from exposure to second-hand smoke." *Id.* at 4. Thus, plaintiff alleges that a municipal policy or custom of the District of Columbia brought about the deprivations of his constitutional rights. *See Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985)) (requiring plaintiff to show course deliberately pursued by city establishing affirmative link between city's policy and alleged constitutional violation).

The Court is mindful that a *pro se* plaintiff's pleading is held to a less stringent standard than that applied to a formal pleading prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However conclusory or imprecise the factual allegations in the complaint may be, the pleading provides defendants fair notice of the claims against them. After all, a complaint need

only contain a short and plain statement of the Court's jurisdiction, a short and plain statement of the claim showing plaintiff's entitlement to relief, and a demand for judgment for the relief plaintiff seeks, *see* Fed. R. Civ. P. 8(a), and plaintiff's pleading contains these elements.

Defendant argues that, because it delegated to CCA responsibility for plaintiff's transfer, the District of Columbia cannot be held liable for CCA's actions.  *See* Memorandum of Points and Authorities in Support of Defendant District of Columbia's Motion to Dismiss the Complaint ("Def.'s Mot.") at 3-5.  The Court has before it only excerpts of the contract between the District and CCA, *see* Compl., Attach. 1-5, and cannot on this scant record determine the contract's terms or the parties' respective obligations under the contract.

Ultimately, plaintiff's success in this action depends on his ability to prove the allegations of his complaint.  At this stage of the proceedings, however, plaintiff need not offer proof.  It is enough to allege that the defendants knew or should have known of the constitutional violations of which plaintiff complains.  *See Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (plaintiff's allegation that District of Columbia knew or should have known of his mistreatment at CCA's Youngstown, Ohio facility, and did nothing to stop it, adequately states claim of municipal liability on "deliberate indifference" theory).

Accordingly, it is hereby

**ORDERED** that the District of Columbia's motion to dismiss [Dkt. #7] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.


Date: August 3, 2006                                    /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge