## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL MALIK, | : |
| Plaintiff, | : |
| v. | : |
| | :   CV-05-1374 (RMC) |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | : |
| Defendants. | : |

### **DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT**

Defendant District of Columbia ("Defendant") answers the Complaint with particularity and in like-numbered paragraphs as follows:

### **First Defense**

The Complaint fails to state a claim upon which relief can be granted against this defendant.

### **Second Defense**

1. Defendant denies the allegations contained within paragraph number 1.

2. Defendant denies the allegations contained within paragraph number 2.

3. Defendant admits that plaintiff was incarcerated pursuant to a contract between defendant and co-defendant Corrections Corporation of America (CCA).  Defendant denies that such a contract imposed any responsibilities upon defendant with respect to the conditions of confinement and/or conditions of transport with respect to the plaintiff.  As to the remaining allegations, defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 3 of the Complaint.

4. Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 4 of the Complaint. To the extent a response is required, defendant District denies these allegations and demands strict proof at trial.

5. Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 5 of the Complaint. To the extent a response is required, defendant District denies these allegations and demands strict proof at trial.

6. Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 6 of the Complaint. To the extent a response is required, defendant District denies these allegations and demands strict proof at trial.

7. Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 7 of the Complaint. To the extent a response is required, defendant District denies these allegations and demands strict proof at trial.

8. Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 8 of the Complaint. To the extent a response is required, defendant District denies these allegations and demands strict proof at trial.

9. Defendant District denies that it had a duty to provide proper treatment of plaintiff. The remaining allegations contained within paragraph number 9are legal conclusions of the pleader, and as such, no response is required.

10. Defendant District denies any allegations of wrongdoing set forth in paragraph number 10 of the Complaint.

11. Defendant District denies any allegations of wrongdoing set forth in paragraph number 11 of the Complaint.

12. Defendant District denies any allegations of wrongdoing set forth in paragraph number 12 of the Complaint.

13. Defendant District denies any allegations of wrongdoing set forth in paragraph number 13 of the Complaint.

### Third Defense

If plaintiff was injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages was the result of his sole and/or contributory negligence and/or his assumption of the risk and/or his wanton and willful conduct.

### Fourth Defense

If plaintiff was injured and/or incurred damages as alleged in the Complaint, such injuries and/or damages was the result of the negligence of a person or persons other than the defendant.

### Fifth Defense

Plaintiff has failed to mitigate his damages.

### Sixth Defense

Defendant is immune under the doctrines of qualified immunity and/or privilege.

### Seventh Defense

The statute of limitations and/or the doctrine of laches may bar this action.

### Eighth Defense

Defendant's actions were not the proximate cause of plaintiff's injuries.

### Ninth Defense

At all times relevant and appropriate, the defendant has fulfilled any and all legal obligations that may have been owed to the plaintiff.

### Tenth Defense

This defendant did not engage in any unlawful contact with the plaintiff.

### Eleventh Defense

Plaintiff may have failed to exhaust his administrative remedies.

### Twelfth Defense

Plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Code 12-309 (1981).

### Thirteenth Defense

Plaintiff has failed to prove that he was exposed to an unreasonable level of tobacco smoke that posed a serious risk to his future health.

### Fourteenth Defense

Defendant properly delegated all matters concerning inmate supervision, housing, and transport to co-defendant Corrections Corporation of America (CCA) pursuant to defendant's contract with CCA.

### Fifteenth Defense

This Court lacks subject matter jurisdiction over all common law claims asserted by plaintiff.

### JURY DEMAND

This defendant demands a trial by a jury of twelve (12).

Defendants reserve the right to amend their Answer should facts learned in discovery so warrant.

WHEREFORE, having fully answered, defendant District of Columbia urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to this defendant.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> __\s_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV
>
>
> ___\s_____
> MICHAEL P. BRUCKHEIM [455192]
> Assistant Attorney General
> 441 4TH Street, NW, 6th Floor-South
> Washington, D.C.  20001
> 202-724-6649; 202-727-6295