**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**Ismail Abdul Malik, a/k/a Roy Thomas,**

**Plaintiff,**

**v.**

**District of Columbia,** *et al.***,**

**Defendants.**

**Civil Action No. 1:05-cv-1374 (RMC)**

**DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND TRANSCOR'S
MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT**

Defendants through undersigned counsel, file this Motion for Judgment on the Pleadings

on Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c) because Plaintiff failed to allege, and

cannot allege, that he has properly exhausted all administrative remedies available to him

pursuant to 42 U.S.C. § 1997(e).  Alternatively and additionally, CCA and TransCor move for

summary judgment on the basis that the undisputed facts establish Plaintiff has not properly

exhausted all available administrative remedies.  This Motion is supported by the following

Memorandum of Points and Authorities, separate Statement of Uncontroverted Material Facts

("SOF") and the pleadings on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL BACKGROUND**

Plaintiff filed a Complaint on July 11, 2005, in which he alleges his 8th Amendment

rights were violated during his transport from Youngstown, Ohio to the Central Arizona

Detention Center ("CADC") in Florence Arizona in July 2001.  Plaintiff alleges he was driven on

a bus where he was exposed to second-hand tobacco smoke, denied opportunities to use a toilet,

and deprived of food and water.  Plaintiff also alleges that during his transport, he was attached

to another prisoner and was restrained with a belly chain, handcuff, leg shackles and a "black box," which injured his wrists.

In Section III of Plaintiff's Complaint, he professed knowledge of the grievance procedure.[1]  Plaintiff asserts that he attached copies of his written grievances and the written responses received regarding this incident.  Plaintiff, however, did not include any such documents prepared or submitted to the grievance coordinator at the Central Arizona Detention Center ("CADC") or Michael Corlew, the Quality Assurance Manager for TransCor.  As confirmed by Carl Richey, the Grievance Coordinator at CADC and Vicky Batson of TransCor, Plaintiff did not properly exhaust all administrative remedies through the available grievance and administrative remedy policies and procedures.  SOF ¶15.

Because Plaintiff failed to comply with the CCA/CADC grievance policy and TransCor administrative remedies, he has failed to properly exhaust the administrative remedies available to him under the Prison Litigation Reform Act ("PLRA").  Accordingly, Plaintiff's Complaint must be dismissed.

## II.    LEGAL ARGUMENT

### A.    Plaintiff Failed to Exhaust the Administrative Remedies Available to Him as Required by 42 U.S.C. § 1997(e):

The PLRA requires inmates to properly exhaust all administrative remedies before bringing a lawsuit.  Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes three important interests: "(1) deference to

---

[1]  Inexplicably, Plaintiff listed his current place of confinement as the institution where grievances were filed, rather than the Central Arizona Detention Center or TransCor where the alleged incident occurred.  For purposes of the instant motion only, Defendants assume that Plaintiff is referring to the grievance policies at the Central Arizona Detention Center, where he was incarcerated on July 4, 2001.

Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991). Those goals, however, "can only be realized if the prison is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Woodford v. Ngo,* 126 S.Ct. 2378, 2388 (2006).

As outlined, an inmate is required to exhaust all administrative remedies before filing civil litigation. *Porter v. Nussle,* 534 U.S. 516, 524 (2002), *Barnard v. District of* Columbia, 223 F.Supp.2d 211, 212-13 (D.D.C. 2002) ("[A] prisoner may file a civil action relating to conditions of confinement only after he has exhausted the prison's administrative remedies.") The exhaustion requirement applies to all inmate suits about prison life and "are designed to … create[] an incentive for [inmates] to do what they otherwise would prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims … by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly." *Woodford,* 126 S.Ct. at 2385. In addition, a prisoner must exhaust all of his administrative remedies, not just some. *See, e.g. Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (dismissing § 1983 claim because the inmate did not appeal the denial of the grievance, thus failing to give the state a full chance to hear the grievance); *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997) (finding inmate failed to exhaust when the inmate filed a grievance but "did not appeal the denial of that complaint to the highest possible administrative level"); *Saunders v. Goord,* No. 98-cv-8501 (JGK), 2002 WL 1751341, at *3 (S.D.N.Y. 2002) ("Even if the plaintiff did not receive responses directed toward some grievances, the plaintiff

was required, at minimum, to make reasonable attempts to appeal those grievances before bringing an action in federal court.")  In short, "[e]xhaustion is no longer left to the discretion of the court, but is mandatory."  *Woodford*, 126 S.Ct. at 2382.

   **B.    Plaintiff Failed to Properly Exhaust His Administrative Remedies provided by Defendant CCA.**

   In this case, Plaintiff apparently acknowledged that a grievance policy existed at CADC. In addition Plaintiff was briefed on the CCA/CADC grievance policy and procedures upon his arrival to the facility. Richey Aff. ¶ 4 (attached as Exhibit 1 to SOF).  These procedures state that in order for an inmate to exhaust his administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish. SOF ¶2.  The CCA/CADC grievance policy at the time of Plaintiff's reception at CADC was as follows: (1) inmates send written grievances to the facility's Grievance Compliance Officer within seven days of becoming aware of the grievable incident; (2) within fifteen (15) days, the Grievance Officer responds to the grievance; (3) if the inmate finds the Grievance Officer's response unsatisfactory, he can appeal to the Warden or the Warden's designee within five days of receipt of the Grievance Officer's decision; (4) the Warden or Warden's designee will issue a final response within 90 days from the date the grievance was initially filed.  Richey Aff. ¶5.

   **1.    Plaintiff failed to properly exhaust his administrative remedies with respect to his allegations of pain and swelling in his hands, inability to defecate, and exposure to second-hand smoke.**

   Plaintiff presumably became aware of the circumstances of his transport and the conditions he alleged when he was picked-up for transport on July 2, 2001.  *See* SOF ¶1. Clearly, all of the conditions which are the subject of the instant Complaint were known to Plaintiff prior to his arrival and reception at CADC on July 4, 2001.  *See id.*  Nevertheless, Plaintiff waited until after the permissible period for filing his grievance before bringing his

complaint to the attention of CCA.  SOF ¶¶6-7.  Even then, the grievances Plaintiff filed were not for the purpose of allowing CCA to address the concern, but were only a poorly veiled attempt to superficially comply with, and thus circumvent, the requirements of the PLRA.  SOF ¶5.  In fact, the only relief Plaintiff requested in his grievances was for assistance in bringing suit against CCA.  *Id.*  In *Woodford v. Ngo*, the Supreme Court recently clarified that this type of gamesmanship fails to meet the statutory bar required by § 1997(e).  Before bringing suit, plaintiffs must exhaust all available administrative remedies and must do so properly by complying "with an agency's deadlines and other critical procedural rules."  126 S.Ct. at 2386.

Plaintiff's grievances filed under the CCA/CADC grievance policy were not only untimely, but failed to comply with the rule that the subject of the grievance must be grievable in nature under the policy.  SOF ¶3-4.  The conditions of Plaintiff's transport to CADC were not grievable under the policy since the alleged conditions of transport were created solely by CCA's contractor, TransCor.  *Id.*  In fact, Plaintiff's grievance was denied for this very reason.  SOF ¶¶9-10.

### 2.   Plaintiff failed to exhaust administrative remedies with regard to any other allegation contained in his Complaint.

Plaintiffs Complaint potentially raises nine separate claims.  However, Plaintiff is required to exhaust all administrative remedies for each claim prior to bringing suit.  *Abdul-Muhammad v. Kempker,* 450 F.3d. 350, 352 (8th Cir. 2006) ("a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials … must have exhausted each claim against each defendant"), *Ross v. County of Bernalilli*, 365 F.3d 1181, 1188-90 (10th Cir. 2004) (PLRA requires prisoners to exhaust all administrative remedies as to each claim).

What bears keeping in mind, is that prior to filing this suit, Plaintiff only advised one Defendant of three complaints regarding his transport in the complaints that he did file, namely

that: (1) the restraints he was confined in hurt and caused swelling in his hands; (2) the restraints he was confined in left him unable to defecate for a period of 15 hours; and (3) that he was exposed to second hand smoke, which caused a fire hazard and an unsafe environment. SOF ¶¶5-7.

In Plaintiff's Complaint, he alleges "deliberate indifference" to his medical needs, based on the fact that second-hand smoke posses an increased risk to one who is asthmatic. Compl. at 7. However, Plaintiff never mentioned his asthma in **any** of his improper attempts to comply with the PLRA exhaustion requirement. SOF ¶9. Likewise, Plaintiff's allegation that his restraints precluded him from using his inhaler, were never mentioned to any official prior to filing the Complaint. *Id. See* Compl. at 8. Similarly, Plaintiff's allegation that the bus was improperly ventilated was not pursued administratively. SOF. ¶9. *See* Compl. at 9. In fact, nothing regarding Plaintiff's medical needs was mentioned prior to his filing suit against Defendants District of Columbia, CCA, and TransCor. SOF ¶9.

Plaintiff also alleges that during his transport, his restraints impeded efforts to urinate, he was forced to urinate on himself, the toilet on the bus was inoperative, there was no water on the bus to wash his hands, he was humiliated, uncomfortable, had to endure the stench resulting from his urination in his clothing, and had to travel with those who had done so. Compl. at 8, 10. However, Plaintiff never sought to mention these complaints in any administrative forum prior to bringing his suit against Defendants District of Columbia, CCA, and TransCor. SOF ¶10.

Plaintiff's attempts to support his claims that he was subjected to cruel and unusual punishment by being denied drinking water on the bus and being forced to endure hunger and thirst. Compl. at 8, 10. Inexplicably, Plaintiff made no mention of any hunger or thirst when he had the opportunity to properly exhaust his administrative remedies prior to filing suit. SOF ¶11.

Finally, plaintiff potentially raises a retaliation claim.  He alleges in the Complaint that transporting officers told him "that since D.C. prisoners like to file lawsuits they deserve to be punished."  Compl. at 10.  However, Plaintiff failed to mention this statement or any other indication that he believed the alleged conditions of his transport were intentional, willful, or malicious while he had the opportunity to properly exhaust his administrative remedies. SOF ¶12.

Although this issue has yet to come before the D.C. Circuit Court of Appeals, both the Eighth and Tenth Circuits have held that when a Plaintiff has failed to exhaust all available administrative remedies for any of the alleged incidents in a Plaintiff's Complaint, dismissal of the entire Complaint is appropriate.  *See Abdull-Mohammad,* 450 F.3d 350 and *Ross,* 365 F.3d 1181.

### C.    Plaintiff Failed to Exhaust the Administrative Remedies Available with Defendant TransCor.

While a simple denial of Plaintiff's CADC grievances would have been sufficient, the Grievance Compliance Officer went beyond the CCA/CADC Grievance Policy's requirements, and provided Plaintiff with clear instructions on how to pursue the appropriate administrative remedy with TransCor.  SOF ¶13.  In fact, Plaintiff was advised, no less than three times in writing, that he should send a letter complaining of the conditions of transport to TransCor, whom had custody of Plaintiff throughout his transport.  *See* SOF ¶¶13-14.  Plaintiff was advised to send a written letter to the Quality Assurance Department at TransCor concerning the conditions of his transport.  Batson Aff. ¶2 (Exhibit 2 to SOF).

Plaintiff fails to attach any complaints he sent to TransCor, and also fails to allege any answers to Questions III E and F in his Complaint which should apply to Defendant TransCor. Compl. at 4.  The reasons for Plaintiff's omission are clear, Plaintiff never sent any such

Complaint to TransCor.  SOF ¶15.

In this case, the proper means of exhausting administrative remedies would have been to send a letter to TransCor's Quality Assurance Director complaining of the conditions of transport.  Plaintiff did not do so, despite being advised to do so by Defendant CCA.  Accordingly, Plaintiff has failed to properly exhaust all of the administrative remedies available to him. This violation of the PLRA requires dismissal of Plaintiff's Complaint.

### D.     Dismissal with Prejudice is Appropriate

This is the second time Plaintiff has been before this Court relating to the conditions of his July 2001 transport to Florence, Arizona.  *See* Compl. at 2-3.  Plaintiff's prior Complaint was dismissed for a failure to state a claim upon which relief could be granted.[2]

Unlike stating a claim upon which relief can be granted, Plaintiff cannot turn back the clock to properly comply with the policies and procedures which govern the proper exhaustion of his administrative remedies.  Thus, it would be futile for Plaintiff to refile his Complaint.  In such cases, despite the PLRA's requirement that the Complaint be dismissed without prejudice, dismissal with prejudice is warranted.  *Shane v. Fauver,*  213 F.3d 113, 117 (3d Cir. 2000).  Defendants CCA and TransCor request that Plaintiff's Complaint be dismissed with prejudice.

## III.     CONCLUSION

Because: (1) Plaintiff failed to provide the Court with any evidence he complied with the PLRA exhaustion requirements; and (2) Defendants affirmatively demonstrate that Plaintiff failed to properly exhaust the available administrative remedies Defendants CCA and TransCor respectfully request their Motion for Judgment on the pleadings or, in the Alternative, for Summary Judgment be granted.

---

[2] The Court declined to rule on the issue of exhaustion of administrative remedies, since Defendants did not provide affirmative proof that Plaintiff failed to exhaust.

- 8 -

Dated: February 12, 2007

s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387


Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin , (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February 2007, a true an accurate copy of the foregoing Defendants Corrections Corporation of America and TransCor's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, was sent via first-class mail, postage-prepaid, to:


Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
UNITED STATES PENITENTIARY BIG SANDY
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*


s/Dianne Clark

1704268.1