IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ismail Abdul Malik, a/k/a Roy Thomas,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**District of Columbia,** *et al.*,<br><br>　　　　　　**Defendants.** | Civil Action No. 1:05-cv-1374 (RMC) |

**DEFENDANTS CORRECTIONS CORPORATION OF AMERICAN AND TRANSCOR'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

　　1.　　The allegations in the complaint all pertain to Plaintiff's transport from the Northeast Ohio Correctional Center ("NEOCC") to the Central Arizona Detention Center ("CADC"). Plaintiff departed NEOCC on July 2, 2001 and arrived at CADC on July 4, 2001. Compl. at 7.

　　2.　　The CCA grievance procedure at CADC states that in order for an inmate to exhaust administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish. Richey Aff. ¶5 (Exhibit 1 hereto). If an inmate fails to follow the procedure or omits any part of it, he has not exhausted the administrative remedies available. Richey Aff. ¶7

　　3.　　Within seven days of becoming aware of the alleged incident which is grievable in nature, an inmate at CADC must complete the Inmate Grievance Form and submit it to the grievance officer. *Id.*

　　4.　　The conditions of Plaintiff's transport to CADC was not a grievable matter under the CCA/CADC grievance policy. Richey Aff. ¶6.

5.  Plaintiff did not file any grievance at CADC with the intent of giving Defendants a fair opportunity to consider his complaints regarding the condition of his transport. Plaintiff's sole requested relief was to be able to bring suit against CCA. Richey Aff. ¶¶ 8, 12 and 16.

6.  Plaintiff's grievance complaining of the manner in which he was restrained during transport did not comply with the established CCA/CADC grievance procedure. It was not filed until eight days after his arrival at CADC, and thus was untimely. Richey Aff. ¶11.

7.  Likewise, Plaintiff's complaints of exposure to second-hand cigarette smoke were also untimely, not being mentioned until twenty-three days after his arrival at CADC. Richey Aff. ¶14-15.

8.  Nevertheless, CCA properly responded to Plaintiff's grievance within the timeframes specified by the grievance policy. *See* Richey Aff. ¶¶ 3, 8, 10, 12, 15, 16 and 18.

9.  Prior to filing suit against the District of Columbia, CCA and TransCor, Plaintiff never grieved nor otherwise complained that he was asthmatic, that he was prevented from using his inhaler, that the ventilation on the bus was inadequate, or that any indifference was shown towards his medical needs. Richey Aff. ¶19.

10.  Prior to filing suit against the District of Columbia, CCA and TransCor, Plaintiff never grieved nor otherwise complained that his efforts to urinate were impeded, that he was forced to urinate on himself, that the toilet on the bus was inoperative, that there was no water on the bus to wash his hands, that he was denied access to toilets, that he was subjected to humiliation; that he was subjected to the stench resulting from having to urinate and/or defecate on himself; or that he had to endure the stench resulting from exposure to being confined with other inmates who had to urinate and/or defecate on themselves. *Id.*

11.  Prior to filing suit against the District of Columbia, CCA and TransCor, Plaintiff never grieved nor otherwise complained that there was no drinking water on the bus or that he had to endure hunger and/or thirst during the course of his transport. *Id.*

12.  Prior to filing suit against the District of Columbia, CCA and TransCor, Plaintiff never grieved nor otherwise complained that any transporting officer told any inmate "that since

D.C. prisoners like to file lawsuits they deserve to be punished" or complained that any of the conditions he allegedly experienced during his transport were in retaliation for his involvement in any other legal action.

13. Plaintiff was advised that his complaints (which were solely limited to the restraints not being removed so that he could defecate and that due to being in full restraints for an extended period of time his hands and feet hurt and were swelling) were not grievable matters under the CCA/CADC grievance policy, since they related to his institutional transport, the conditions of which were out of the control of CCA. Plaintiff was further advised that the proper administrative remedy would be to file a written complaint with the TransCor Quality Assurance department. Richey Aff. ¶¶10 and 12.

14. In response to Plaintiff's appeal, he was advised by the Assistant Warden that the Facility Grievance Officer's decision was correct and that his complaints regarding his transportation to CADC must be submitted to TransCor. Richey Aff. ¶18.

15. In this case, Plaintiff did not properly file any written complaints regarding the claims he now asserts in this civil suit. Richey Aff ¶20, Batson Aff. ¶8. *See also,* Batson Aff. ¶6 (Exhibit 2 hereto)(affirming that, upon review of the files of the Director of Quality Assurance, Ismail Malik a/k/a Roy Thomas never submitted a written complaint to TransCor as instructed by the CADC Grievance Compliance Officer). *Id.* ¶5 (investigation files are opened when a complaint is received). *Id.* ¶7 (No investigation into the conditions of Plaintiff's transport were opened, confirming that no complaint was submitted by Plaintiff to TransCor.)

1704623.1

Dated: February 12, 2007

        s/Timothy J. Bojanowski
        Daniel P. Struck, (D.C. Bar No. CO0037)
        Timothy J. Bojanowski, (D.C. Bar No. OH0014)
        JONES, SKELTON & HOCHULI, P.L.C.
        2901 North Central Avenue, Suite 800
        Phoenix, Arizona 85012
        Telephone: (602) 263-7324
        Facsimile: (602) 263-7387

        Mariana Bravo, (D.C. Bar No. 473809)
        Colleen Durbin , (D.C. Bar No. 473809)
        CARR MALONEY, PC
        1615 L Street, NW, Suite 500
        Washington, DC 20036
        Telephone: (202) 315-5500
        Facsimile: (202) 310-5555

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February 2007, a true an accurate copy of the foregoing Defendants' Statement of Uncontroverted Material Facts In Support of Their Motion to Dismiss or, in the Alternative, for Summary Judgment, was sent via first-class mail, postage-prepaid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
**UNITED STATES PENITENTIARY BIG SANDY**
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*

    s/Dianne Clark

1704623.1