# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ismail Abdul Malik, a/k/a Roy Thomas,

    Plaintiff,

v.

District of Columbia, *et al.*

    Defendants.

Civil Action No. 1:05-cv-1374 (RMC)

### AFFIDAVIT OF CARL RICHEY

I, CARL RICHEY, being first duly sworn upon my oath, depose and state that:

1. I have been employed with CCA since August 1996, and I have over 25 years of experience in the corrections field. I was a Grievance Compliance Officer at the Central Arizona Detention Center ("CADC") from September 1998 to June 2002. During this period, I was involved in inmate Ismail Malik's grievances regarding the conditions of his transportation from the Northeast Ohio Correctional Center in Youngstown, Ohio to CADC. Currently, I am the Grievance Compliance Officer at the Florence Correctional Center.

2. I am of the age of majority, of sound mind, having reviewed Plaintiff's Complaint in this litigation and have personal knowledge of the facts stated herein, make this Affidavit in Support of Defendants Corrections Corporation of America and TransCor's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment.

3. As a Grievance Compliance Officer, I am familiar with the CCA grievance policies and procedures regarding the available administrative remedies for inmates and detainees. My responsibilities include overall coordination of the grievance procedure at the facility where I am stationed, assigning a number to each grievance, coordinating the

1704398.1

investigation of grievances, completing the Grievance Officer's report and maintaining all grievance records and documents.

4. CADC provides all inmates with an Inmate Handbook, which contains a summary of the facility grievance policies and procedures, upon their arrival to the facility. Additionally, inmates have access to the complete grievance policy at the CADC Law Library or through facility staff.

5. In order for an inmate to have exhausted his administrative remedies under the CCA/CADC Corporate and Facility Grievance Policy, he must follow the facility grievance procedures and carry the grievance through to its finish. The procedure in July 2001 was as follows: The issue in question must be grievable in nature as set forth in the policy, and must be filed by the inmate who has experienced the incident or problem. An inmate cannot file a grievance on behalf of another inmate. The inmate must complete, in its entirety, the approved grievance form for the facility and forward it to the grievance officer in the manner prescribed by the policy. Grievances must be filed within seven days of the incident or problem in question. The facility grievance officer is responsible for reviewing the grievance, investigating and preparing a written decision. This must be done within 15 days of receipt of the grievance. An inmate must appeal any decision on a grievance within five days of receiving the decision. The total time allowed for resolution of a grievance is 90 days from the initial filing to the final appeal. All decisions on grievances can be appealed by the inmate if he or she is dissatisfied with the resolution. A grievance will be considered settled if an inmate does not choose to appeal.

6. At the time inmate Malik submitted his grievances at CADC "grievable matters" included issues regarding the application of policies, rules and procedures; individual

1704398.1

staff and inmate actions, including any denial of access to the grievance procedure; reprisals and retaliation against inmates for filing an appeal; loss of property; and any other matter relating to the conditions of care and supervision within the authority of CCA. Non-grievable matters are state and federal court decision; state and federal laws and regulations; final decisions on grievances; and contracting agency policies, procedures, decisions or matters, including, but not limited to institutional transfers.

7. If an inmate fails to follow this procedure or omits any part of it, he or she has not exhausted the administrative remedies available. If an inmate fails to cooperate with the investigation process, he has failed to carry the grievance through to its finish and thus has failed to exhaust the administrative remedies available.

8. The records indicate that inmate Ismail Malik filed one grievance related to the July 2-4, 2001 incident at issue complaining about the restraints applied during his transport to CADC. He alleges severe swelling and pain in his hands as a result of being handcuffed for the duration of the trip, and being unable to defecate while restrained. Grievance number **01-0326** addresses Malik's allegations that the handcuffs applied for the duration of the transport caused swelling and pain in his hands and impeded his ability to defecate. This grievance was submitted to the Grievance Office on July 12, 2001. The sole relief Inmate Malik sought was to learn the address and phone number of CCA's main office in order to bring suit against CCA. On July 16, 2001, my colleague, Ms. M. Sherman, advised Inmate Malik that his complaint was being looked into.

9. Attachment A hereto is a true copy of Grievance 01-0326, including my decision and the record of the appeal.

- 3 -

1704398.1

10. On July 18, 2001, six days after receipt of the grievance, I rendered a decision denying Inmate Malik's grievance as a non-grievable matter because TransCor, not CADC, or CCA, staff provided the transportation. I advised Inmate Malik that the proper administrative remedy would be to send a letter outlining his complaints to Mr. Corlew, the TransCor Director of Quality Assurance, and provided the address to which his complaint should be directed.

11. Grievance 01-0326 was not submitted until eight days after Inmate Malik's reception at CADC and thus was not timely filed.

12. The records indicate that inmate Ismail Malik filed one grievance relating to his desire to appeal my decision. Grievance No. 01-0375 (Attachment B hereto) addresses Malik's request for proper paperwork to file an administrative appeal so that he could exhaust his administrative remedies. The grievance was submitted to the Grievance Office on July 26, 2001. On July 27, 2001 I advised Inmate Malik that he had already been given instructions on how to proceed by submitting his complaint to TransCor and also provided a CCA/CADC grievance appeal form.

13. Attachment B hereto is a true copy of Grievance No 01-0375.

14. On July 27, 2001 Inmate Malik acknowledged receipt of my decision on Grievance 01-0326 (fifteen days after the grievance was first submitted) and filed his appeal of my decision. In his appeal, Inmate Malik reiterated his initial complaints. However, it wasn't until his appeal was submitted twenty-three (23) days after his reception at CADC that Inmate Malik expanded his complaints to include exposure to second-hand cigarette smoke and attempted to improperly grieve on behalf of the other thirty-five inmates who were transported with him.

15. Inmate Malik's grievance on behalf of other inmates is impermissable under the CCA/CADC Grievance Policy. Moreover, Inmate Malik did not attempt to grieve his alleged exposure to second-hand cigarette smoke until twenty-three (23) days after his reception at CADC. Inmate Malik only complained that the second-hand smoke caused a "fire hazard and an unsafe environment" and failed to make any mention that he was asthmatic.

16. The records indicate the inmate Ismail Malik filed one additional grievance relating to the filing of his appeal. Grievance No. **01-0385** (Attachment C hereto) addressed inmate Malik's concern over the delay between my rendering a decision on Grievance 01-0326 and his receipt thereof, as well as his complaint that the appeal form was not a three-part carbonless form, but a photocopy of the form. Ms. M. Sherman advised Malik that he would get a copy of his appeal once Warden Araiza rendered his decision on the appeal of Grievance 01-0326.

17. Attachment C hereto is a true copy of Grievance No. 01-385.

18. On August 14, 2001, well within the deadline of 90 days for a final response, Assistant Warden Victor Araiza denied the appeal of Grievance 01-0326 and affirmed my decision that Inmate Malik's complaints were not grievable under the CCA/CADC Grievance Policy, and must be submitted to TransCor for a response.

19. In none of the grievances filed by Inmate Malik did he ever mention or complain that any indifference was shown toward his medical needs; that his efforts to urinate during transport were impeded; that he was forced to urinate on himself; that he was asthmatic; that he was precluded from using his inhaler; that the toilet on the bus was inoperative; that there was no drinking water on the bus; that that was no water on the bus to wash his hands; that the ventilation on the bus was inadequate; that he was forced to suffer hunger and thirst; that he was

denied access to toilets; that he was subjected to humiliation; that he was subjected to the stench resulting from having to urinate or defecate in his clothing, or was exposed to the stench resulting from any other inmate having to do the same; that any transporting officer seemingly told any inmate "that since D.C. prisoners like to file lawsuits they deserved to be punished" or, grieved that any of the conditions he purportedly experienced during his transport were in retaliation for his involvement in any other legal action.

20. I hereby attest that inmate Ishmael Malik failed to timely submit grievances regarding his transportation to CADC and failed to properly exhaust all administrative remedies.

21. Attachments A, B, and C are true and accurate copies of records regularly maintained in the regular course of business of CCA

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARL RICHEY

State of Arizona   )
                   )
County of Pinal    )

Subscribed and sworn to before me this ___5th___ day of __January__, 2006.


Notary Public

My Commission Expires:

___11/8/09___

"OFFICIAL SEAL"
Veronica Castillo
Notary Public-Arizona
Pima County
My Commission Expires 11/8/2009

-7-

1704398.1