IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK,
a/k/a ROY THOMAS,

            Plaintiff,

    v.

DISTRICT OF COLUMBIA, et al.,

            Defendants.

)
)
)
)
)
)
)
)
)
)

RECEIVED

FEB 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. 1:05-cv-1374(RMC)

## MOTION FOR LEAVE TO FILE OUT OF TIME

The plaintiff, Ismail Abdul Malik, a/k/a Roy Thomas, pro se, respectfully petitions this Honorable Court pursuant to Federal Rule of Civil Procedure Rule 60(b)(6), to accept for filing, out of time, the accompanying Plaintiff's Initial Disclosure Statement, due to excusable neglect, and in support whereof states the below:

### JURISDICTION

The Court has jurisdiction to entertain this motion pursuant to Fed. R. Civ. Proc. 60(b)(6).  The Court also possesses jurisdiction pursuant to the inherent authority invested in the Court.

### BACKGROUND

L. On or about, November 13, 2006, the Plaintiff received a copy of the scheduling order in this case.

2.  The Plaintiff is a layman and not knowledgeable in the law. The Plaintiff is proceeding pro se herein, due to being unable

to afford the cost of retaining counsel.

3.  Due to the above, the Plaintiff is assisted in this civil suit by an inmate who has more knowledge of the law then Plaintiff.

4.  The Plaintiff gave the copy of the scheduling order in this case to the inmate who is assisting him in this case, on or about, November 13, 2006.

5.  On November 14, 2006, the inmate who is assisting the Plaintiff was moved to a different housing unit. Also on November 14, 2006, the institution was placed on total lockdown(24 hrs. in cells).

6.  Since December 11, 2006, the institution has been on a modified movement schedule where inmates from different housing units have very limited access to each other. As a result, the Plaintiff did not meet with the inmate who is providing assistance until on or about January 26, 2007. The Plaintiff was not aware of the filing deadline and the inmate who is assisting could not complete the initial statement without first speaking with the Plaintiff.

7.  As a result of the lockdown and movement the plaintiff suffered in failing to timely file the initial disclosure statement. Plaintiff believes that excusable neglect exists and respectfully requests that the Court take notice thereof and allows the requested relief herein.

<u>ARGUMENT</u>

The Plaintiff was prevented from filing the initial disclosures in a timely manner due to circumstances beyond his control. Another inmate had the scheduling order and the Plaintiff had no means of knowing the date of the filing deadline.

The prison lockdowns prevented Plaintiff from having adequate access to his legal papers, since the inmate who is assisting had in his possession most, if not all, of the Plaintiff's legal papers that pertain to this matter.-2-

The Plaintiff is incarcerated and unable to seek consent prior to the filing of the instant motion. Additionally, the Plaintiff believes that there is no obligation on Plaintiff to file the initial disclosure statement. The Plaintiff relies upon Fed. R. Civ. P. 26(a)(1)(E), since the statute concerns those incarcerated and proceeding absent counsel. However, out of an abundance of caution Plaintiff seeks leave to file out of time.

Pro Se filings are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972); accord, Hughes v. Rowe, 449 U.S. 5, 101 S. Ct. 173 (1980). The Courts generally recognize prisoner's practical difficulties in exercising their rights of legal access, and courts relax procedural hurdles in some circumstances to permit prisoners to file and prosecute claims. The "prison mailbox rule," for example, establishes that legal material shall be deemed filed on the date of delivery to prison officials. See Houston v. Lack, 487 U.S. 266, 274 (1988); see e.g. Burns v. Morton, 134 F.3d 109, 112 (3rd Cir. 1998) (holding filing to be within statute of limitations under mailbox rule). Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (same); Nichols v. Bowerssox, 172 F.3d 1068, 1074(8th Cir. 1999)9en banc)(same); Kock v. Ricketts, 68 F.3d 1191, 1193 (9th Cir. 1995) (holding filing to be within mailbox rule, codified by Fed. R. App. P. 4(c). United States v. Gray, 182 F.3d 762, 764(10th Cir. 1999).

-3-

MacLeod v. Georgetown Univ. Med. Ctn., 736 A.2d 977, 980 (D.C. 1989)

("[In] matters involving pleadings, service of process, and timeli-

ness of filings, pro se litigants are not always held to the same

standards as are applied to lawyers."), especially in the case of

incarcerated litigants. MacLeod, supra, note 11, 736 A.2d at 980.

### RELIEF

WHEREFORE, due to the above, and for any other reason which

may appear to the Court, the plaintiff, Ismail Abdul Malik, a/k/a

Roy Thomas, pro se respectfully requests that the Court accept for

filing, nunc pro tunc the accompanying "Plaintiff's Initial

Disclosure Statement," or, in the alternative, any other relief

the Court deems to be fair and equitable.


Respectfully submitted,

ISMAIL ABDUL MALIK, pro se
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224


Executed this 2 day of FEB , 2007, at Inez, KY
pursuant to 28 U.S.C. §1746.

ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS
Reg. No. 11340-007

-4-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing Motion For Leave To File Out Of Time and the accompanying "Plaintiff's Initial Disclosure Statement," postage prepaid, U. S. Mail, this _2_ day of ___FEB___ , 2007, upon the below-listed:

Timothy J. Bojanowski, Esq.
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012


Mariana Bravo, Esq.
CARR MALONEY, PC
1615 "L" Street, N.W.
Suite 500
Washington, D.C. 20036

ISMAIL ABDUL MALIK, _pro se_
a/k/a ROY THOMAS
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224

-5-