IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAIL ABDUL MALIK,<br>a/k/a ROY THOMAS,<br><br>PLainitff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 1:05-cv-1374<br>: (RMC)<br>:<br>:<br>:<br>:<br>: |

## PLAINTIFF'S INITIAL DISCLOSURE STATEMENT

Plaintiff, Ismail Abdul Malik, a/k/a Roy Thomas, pro se, hereby submits his initial disclosure statement pursuant to Fed. R. Civ. P. 26(a)(1).

### I. NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION

1. Ismail Abdul Malik
   a/k/a Roy Thomas
   USP- Big Sandy
   P. O. Box 2068
   Inez, KY 41224
   (606) 433-2400

As plaintiff in this case, he has knowledge and information regarding the events that lead to the filing of this lawsuit, and the injuries and damages sustained as a result thereof. Plaintiff is expected to testify concerning the claims herein.

2. Vicki Batson
   c/o Timothy J. Bojanowski, Esq.
   Jones, Skelton & Hochuli, P.L.C.
   2901 North Central Avenue
   Suite 800
   Phoenix, AZ 85012
   (602)263-1700

Ms. Batson is a legal assistant employed by defendant TransCor. She may have knowledge concerning the administrative remedies provided to inmates concerning TransCor.

3. Carl Richey
   c/o Timothy J. Bojanowski, Esq.
   Jones, Skelton & Hochuli, P.L.C.
   2901 North Central Avenue, Suite 800
   Phoenix, AZ 85012

On information and belief, Mr. Richey was employed by CCA as the Facility Grievance Officer at the Central Arizona Detention Center(CADC) during Plaintiff's incarceration there in the year 2001, and may have information regarding the CCA/CADC Inmate Grievance Policy and the grievances filed by the PLaintiff concerning the incident.

4. David Ryan
   c/o Timothy J. Bojanowski, Esq.
   Jones, Skelton & Hochuli, P.L.C.
   2901 North Central Avenue, Suite 800
   Phoenix, AZ 85012

On information and belief, Mr. Ryan was the TransCor Officer In Charge during PLaintiff's transport from Youngstown, OH to Florence, AZ, and may have information regarding the conditions of transport and TransCor policies and procedures in the mass move of inmates via bus.

5. Marion Wisdom
   c/o Timothy J. Bojanowski, Esq.
   Jones, Skelton & Hochuli, P.L.C.
   2901 North Central Avenue, Suite 300
   Phoenix, AZ 85012

-2-

On information and belief, Mr. Wisdom was a TransCor Driver during Plaintiff's transport from Youngstown, OH to Florence, AZ, and may have information regarding the conditions of transport and TRansCor policies and procedures applicable to the mass move of inmates via bus.

    6.   David Webster
        c/o Timothy J. Bojanowski, Esq.
        2901 North Central Avenue, Suite 800
        Phoenix, AZ 85012

On information and belief, Mr. Webster was a TransCor Driver during Plaintiff's transport from Youngstown, OH to Florence, AZ and may have information regarding the conditions of transport and TransCor policies and procedures applicable to the mass move of inmates via bus.

    7.   Scott Reid
        c/o Timothy J. Bojanowski, Esq.
        2901 North Central Avenue, Suite 800
        Phoenix, AZ 85012

On information and belief, Mr. Reid was a TransCor Agent during Plaintiff's transport from Youngstown, OH to Florence, AZ, and may have information regarding the conditions of transport and TransCor policies and procedures applicable to the mass move of inmates via bus.

    8.   James Allen
        c/o Timothy J. Bojanowski, Esq.
        2901 North Central Avenue, Suite 800
        Phoenix, AZ 85012

On information and belief, Mr. Allen was a TransCor agent during Plaintiff's transport from Youngstown, OH to Florence, AZ and may have information regarding the conditions of transport and TransCor

policies and procedures applicable to the mass move of inmates via bus.

    9. All witnesses discovered between now and trial.

    10. Any and all foundational witnesses including custodians of records necessary to lay foundation for the admissibility of evidence at trial.

    11. Without waving any objections, any and all witnesses listed by any other parties, even if later withdrawn.

    12. All witnesses listed in responses to interrogatories or other discovery.

    13. All persons who are deposed in this action.

Plaintiff anticipates that additional individuals who may be helpful or have relevant information will be identified as discovery continues and will supplement if necessary.

## II. THE PLAINTIFF CONCURS WITH THE DEFENDANTS' LISTING OF DOCUMENTS THAT ARE RELEVANT TO DISPUTED FACTS

The Plaintiff concurs with the listing of documents relevant to disputed facts as set out in numbers one(1) through ten(10) of Defendants Corrections Corporation of America and TransCor's initial disclosures. The Plaintiff adds to that listing the below-listed documents:

    1. Contract for services between the District of Columbia and Corrections Corporation of America(CCA) contract no. 7349-AA-03-1-HT, dated November 3, 1998.

    2. Any subsequent contracts between the District of Columbia and CCA for the transporting and/or confinement of inmates from D.C. to or at CCA prisons from the year 1998 to July 2, 2001.

    3. Transcripts of Newsmedia documentaries and/or programs concerning the use of excessive force by or retaliation against by CCA agents or employees.

4. Any newspaper or magazine articles, concerning abusive tactics used by CCA agents or employees, in any of its facilities.

5. All deposition transcripts from testimony provided in this matter or other related matters, unless otherwise objected to.

6. Without waving any objections, any and all exhibits listed by any party in this action, even if later withdrawn.

7. Any reports prepared by an expert in this case.

8. Curricula Vitae of all expert witnesses.

9. All discovery by the parties and responses to the same.

10. Documents used for impeachment.

11. Demonstrative exhibits for use at trial.

Plaintiff anticipates that additional documents/tangible evidence will be identified as discovery continues and will supplement at that time.

### III. COMPUTATION OF DAMAGES

The plaintiff will supplement the computation of damages once able to consult with expert witnesses anticipated for trial. The plaintiff has no insurance policies that are relevant to this action.

Respectfully submitted,

ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS
Reg. No. 11340-007
USP- Big Sandy
P.O. Box 2068
Inez, KY 41224