IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MAILK, :
a/k/a ROY THOMAS, :
 :
Plaintiff, :
 :
 : Civil Action No: 1:05-CV-1374 (RMC)
 :
v. :
 :
 :
DISTRICT OF COLUMBIA, et al., :
 :
Defendants. :

RECEIVED
MAR 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S MOTION FOR A COURT ORDER
PURSUANT TO FED R. CIV. P. 56(f)**

The Plaintiff, Ismail Abdul Malik, a/k/a Roy Thomas, pro se, Reg. No. 11340-007, respectfully petitions this Honorable Court to refuse the application for Judgment or to grant a continuance, if the Defendants" Motion For Judgment On The Pleadings Or, In The Alternative, For Summary Judgment is not denied outright, in order that the plaintiff may obtain adequate discovery to allow more definite statements and affidavits in opposition to Defendants' motion, and in support whereof states the below:

### I. JURISDICTION

The Court has Jurisdiction to entertain this motion pursuant to Fed. R. Civ. R. 56(f).

### II. BACKGROUND

1. The Plaintiff is a pro se prisoner and not trained in the law. Plaintiff's pleadings should be held to a less stringent standard than those applied to a formal pleading prepared by a lawyer.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    2. Defendants previously filed a Motion To Dismiss For Failure To Exhaust Administrative Remedies Or, In The Alternative, For Judgment On The Pleadings, certified mailed August 25, 2003.

    3. Defendants never claim in the August 25, 2003, motion that the issues Plaintiff complained of were not grievable, or that TransCor had a formal grievance procedure in place during July, 2001.

    4. Defendants have refused to provide adequate discovery and instead have attempted to avoid their obligations by making fun of the definitions Plaintiff included with Discover Demands.

    5. Defendants failure to respond to nearly 75% of Plaintiff's Discovery Demands has hampered Plaintiff in attempts to oppose the instant Motion For Judgment On The Pleadings Or, In The Alternative For Summary Judgment.

    6. In a letter of November 20, 2006, Plaintiff informed Counsel for Defendants' CCA and TransCor of the deficiencies in the responses to plaintiff's first set of interrogatories and document requests. Some of the unresponsive answers concerned issues about those who had investigated the incident for Defendants. Counsel never adequately responded to the inquiries and waited more than three years to claim that the Plaintiff failed to exhaust administrative remedies (copy of November 20, 2007, letter attached as Exhibit One).

    7. On December 20, 2006, Plaintiff mailed a letter to Counsel for the District of Columbia and requested compliance with Discovery Demands. Counsel for the District of Columbia never responded to Plaintiff's December 20, letter (copy of December 20, 2006, letter

in appendix as Exhibit Two).

    8. As stated in Plaintiff's Opposition To Defendants' Motion For Judgment On The Pleadings Or, In The Alternative, For Summary Judgment, at no time since July 2, 2001, to the present has anyone provided to Plaintiff a copy of any Grievance Procedure for TransCor. In order to properly respond to Defendants' motion, the Plaintiff request that counsel for the Defendants mail to the Plaintiff a copy of the Grievance Procedure that was in effect at TransCor in July, 2001. As of this filing, the Plaintiff has not received any reply to the request to the Defendants' attorney for a copy of TransCor Grievance Procedure and cannot know for sure that such exists now, mush less whether a process was in the year 2001.

    9. Rule 56(e) of the Fed. R. Civ. P. makes admissible copies of depositions, and answers to interrogatories. The Plaintiff attaches copies of the responses to Plaintiff's First Set of Interrogatories and Document Requests for the convenience of the Court in evaluating the degree of compliance with the Discovery Orders.

    10. The Plaintiff avers that sufficient evidence has been presented to oppose the motion for summary judgment filed by the Defendants, however, out of an abundance of caution, and with respect for the discretion of the Court to rule in this matter, the Plaintiff requests that the Court continue the matter, pending adequate discovery being provided by the Defendants, should the Court not deny the Defendants' motion. (Copy of responses to Discovery Demands by Defendants CCA and TransCor attached as Exhibit Three; copy of responses of Defendant District of Columbia, attached as Exhibit Four).

## RELIEF

**WHEREFORE**, due to the above, the Plaintiff, Ismail Abdul, a/k/a Roy Thomas, <u>pro se</u>,

respectfully requests that the Court grant the relief sought herein, and rather than grant Defendants' Motion For Judgment On The Pleadings Or, In The Alternative, For Summary Judgment grant a continuance of the matter, pending the Defendants' compliance with adequate discovery to allow the plaintiff to formulate affidavits in opposition to the motion.

Respectfully Submitted,

*/s/ Ismail Abdul Malik*
*/s/ Roy Thomas*
ISMAIL ABDUL MALIK,
a/k/a ROY THOMAS
Reg. No. 11340-007
USP - Big Sandy
P.O. Box 2068
Inez, KY 41224

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the Foregoing Plaintiff's Motion For A Court Order Pursuant To Fed. R. Civ. P. 56 (f), by First-Class mail, postage prepaid, this 23 day of March, 2007, upon:

Timothy J. Bojansowski, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North central Avenue, Suite 800
Phoenix, Arizona 85012

Mariana Bravo, Esq.
Carr Maloney, DC
1615 L. Street, N.W., Suite 500
Washington, D.C. 20036

*/s/ Ismail Abdul Malik*
*/s/ Roy Thomas*
ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS
Reg. No. 11340-007
USP - Big Sandy
P.O. Box 2068
Inez, KY 41224

(4)

Executed this 23 day of March, 2007, at Inez, KY, pursuant to 28 U.S.C. § 1746.

*Ismail Abdul Malik*
*Roy Thomas*
_____
ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS

A-P-P-E-N-D-I-X

Case 1:05-cv-01374-RMC   Document 34   Filed 03/28/2007   Page 6 of 7

**INDEX**                                                    **PAGE**

November 20, 2006, letter to Counsel For
   Defendants, Daniel P. Struck, Esq. . . . . . . . . . . . . 1

Corrections Corporation of America and TransCor's
 Response to Plaintiff's First Set of Interrogatories . . 3

CCA and Transcor's Response to Plaintiff's First Set
   of Document Requests . . . . . . . . . . . . . . . . . . 14

December 20, 2006, letter to Michael P.
   Bruckheim, Esq. . . . . . . . . . . . . . . . . . . . . 20

District of Columbia's Response to Plaintiff's First
   Set of Interrogatories . . . . . . . . . . . . . . . . . 23

District of Columbia's Response To Plaintiff's First
    Set Of Document Requests . . . . . . . . . . . . . . . 30