EXHIBIT ONE

*2 Copies*

Abdul Malik
ι Roy Thomas
No. 11340-007
Big Sandy
Box 2068
KY. 41224

mber 20, 2006

Daniel P. Struck, Esq.
Jones, Skelton & Hocholi, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, AZ. 85012

**Re:** Malik v. District of Columbia, et al.,
Civil Action No. 1:05-cv-1374 (RMC)

Dear Mr. Struck:

I am in receipt of your responses to Plaintiff's First Set of Interrogatories and Document Requests.

The responses you have provided are for the most part unresponsive, and your objections are unfounded. I believe that I am entitled to adequate responses to the interrogatories provided to you. I would greatly appreciate it if you would provide additional responses to the following interrogatories, and avoid any need to seek court intervention.

1.)  Interrogatory #1: I am entitled to know the information concerning the person who is providing the responses.

2.)  Interrogatory #2: It is obvious that the respondent's employment at the time of the incident is relevant to any possible knowledge or bias.

3.)  Interrogatory #3: Same as #2 above.

4.)  Interrogatory #4: The description as "vague, over broad and unduly burdensome" is puzzling to me, because it is a straight forward request. Either you have a record of all persons on the bus ride, or you do not. Additionally, you play word games with the definition of "occurrence", but you seem to overlook the fact that the interrogatory itself narrows the question to July 2nd - 4th, 2001, on the bus ride from Youngstown, Ohio to Florence, AZ.

5.)  Interrogatory #21: State the response for any person described for whom you can provide an answer.

Daniel P. Struck, Esq.
November 20, 2006
Page Two of Two

## Document Requests

1.) Document Production #1: The District of Columbia (D.C.) claims no liability, the contract says only D.C. can authorize transfer. CCA must have received some documentation to justify transferring plaintiff, send copy or this.

2.) Request for Production #3: The contracts between CCA and the District of Columbia in no way compromise anyone's security and can provide, or lend to discovery of other admissible evidence.


    In conclusion, it is hoped that you will see fit to further supplement your responses to the above. The Plaintiff will comply with your discovery demands and expects the same in return. Thank you for your kind attention in this matter.


                                            Sincerely,
                                            Ismail Abdul Malik
                                            A/K/A Roy Thomas
                                            Reg. No. 11340-007
                                            USP - Big Sandy
                                            P.O. Box 2068
                                            Inez, KY. 41224

EXHIBIT TWO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ismail Abdul Malik, a/k/a Roy Thomas,

Plaintiff,

v.

District of Columbia, Corrections Corporation of
America, and TransCor,

Defendants.

Civil Action No. 1:05-cv-1374 (RMC)

## DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND TRANSCOR'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendants, Corrections Corporation of America, Inc. (hereinafter "CCA") and TransCor America, LLC (hereinafter "TransCor") by and through the undersigned counsel, hereby submit their responses to Plaintiff's First Set of Interrogatories, dated September 18, 2006. Defendants accept the thirty-five day period for a response offered by Plaintiff as a stipulation under Fed. R. Civ. P. 29.

## INTERROGATORY NO. 1:

State your full name, address, date of birth, marital status, and Social Security number.

## RESPONSE TO INTERROGATORY NO. 1:

Defendants CCA and TransCor object that this interrogatory is vague, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, Defendants CCA and TransCor state they are corporation duly authorized to conduct business.

## INTERROGATORY NO. 2:

By whom were you employed and what were your duties and wages at the time of the occurrence?

## RESPONSE TO INTERROGATORY NO. 2:

Defendants CCA and TransCor object that this interrogatory is vague, overbroad, not

relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, corporations and their subsidiaries do not have employers, duties and wages *per se*.

## INTERROGATORY NO. 3:

State the duties and responsibilities of your current employment position.

## RESPONSE TO INTERROGATORY NO. 3:

Defendants CCA and TransCor object that this interrogatory is vague, overbroad, duplicative of interrogatory no. 2, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, Defendants CCA and TransCor refers Plaintiff to see its response to Interrogatory No. 2.

## INTERROGATORY NO. 4:

Name all eyewitnesses to all or part of the occurence [sic], including all staff and inmates on the bus ride from Youngstown, Ohio to Florence, Arizona on July 2-4, 2001.

## RESPONSE TO INTERROGATORY NO. 4:

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "any incident or event, especially one that happens without being designed, planned or expected." (Emphasis added). Further, this interrogatory is unduly burdensome as it seeks the identity of anyone who saw the inmates being transported during the transportation in question. Moreover, Defendants further object that this interrogatory is premature as discovery in this litigation is ongoing, and reserve the right to supplement this response. Without waiving those objections, at least the following individuals may have knowledge of the alleged incident: Abdul Malik Ali, James Allen, James Alston, Michael Anthony, Abdul Basir, Carlos Benevides, Wade Burgess, Marvin Bushrod, Paul Byers, Kwayera Dakari, Cindy David, David Denny, Nakamichi Dukuzumuremy, Mark Fallows, Henry Galloway, Ulysses Green, Ronnie Harris, Jerome Jones, Robin Jones, Aaron Knight, Scott Lathan, Michael Layne, Jackie Lucas, Ismail Malik, Andre Martin, Rudy Paredes, Eugene Porter, Thomas Pratt, William Price, Gerald Razo, Scott Reid, David Ryan, Timothy Shaw,

Michael Smith, Chavez Smith, Ervin Sterling, Shawn Stewart, Atirus Surita, David Webster,

Gary Westry, David Williams, Marion Wisdom, Vernon Witcher, and Raynard Woodard

**INTERROGATORY NO. 5:**

Name all Transcor [sic] officers and/or other officials who escorted the plaintiff [sic] on

the bus ride from Youngstown, OH to Florence, AZ, on July 2-4, 2001.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants CCA and TransCor object that this interrogatory is duplicative of

interrogatory No. 4 above.  Without waiving that objection, see Response to Interrogatory No. 4.

**INTERROGATORY NO. 6:**

Name all persons who investigated the cause and circumstances of the occurrence for

you.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and

unduly burdensome to the extent that Plaintiff defines "occurrence" to be "any incident or event,

especially one that happens without being designed, planned or expected."  (Emphasis added).

Without waiving those objections, upon information and belief, all investigation of the

circumstances of Plaintiff's transport from Youngstown, Ohio to Florence, Arizona was

performed at the direction of counsel in anticipation of, or in preparation for, litigation bought by

Plaintiff and is protected from disclosure by both attorney work product protection and the

attorney-client privilege.

**INTERROGATORY NO. 7:**

Names all persons who investigated plaintiff's injuries and damages for you.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants CCA and TransCor object that this interrogatory is vague as to time and calls

for disclosure of attorney work product and attorney-client communications.  Without waiving

those objections, any investigation of Plaintiff's injuries and damages allegedly resulting from

transport from Youngstown, Ohio to Florence, Arizona was performed at the direction of counsel

1685686 1

in response to litigation bought by Plaintiff and is protected from disclosure. Moreover, this interrogatory is premature as discovery in this case is ongoing, and Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 8:**

Name any medical personnel on the bus during the occurrence or any who examined or treated the plaintiff [sic] during or immediately after the 40 hour bus ride from Youngstown, OH, to Florence, AZ, on July 2-4, 2001.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants CCA and TransCor object that this interrogatory is vague as to what constitutes "medical personnel," calls for the disclosure of Plaintiff's personal health information that Plaintiff has not authorized Defendant's to receive and not relevant. Without waiving those objections, all TransCor officers on the bus were trained in first aid and CPR. Defendants will supplement this response after receiving Plaintiff's medical records.

**INTERROGATORY NO. 9:**

Name any person, not heretofore mentioned, having personal knowledge of facts material to this case.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants CCA and TransCor object that this interrogatory is vague as to what constitutes "personal knowledge," overbroad, unduly burdensome and premature as discovery in this case is ongoing and Defendants CCA and TransCor reserve the right to supplement this response. Without waiving those objections, see Response to Interrogatory No. 4.

**INTERROGATORY NO. 10:**

Name those persons who have given you signed statements concerning the occurrence.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "<u>any</u> incident or event, especially one that happens without being designed, planned or expected." (Emphasis added).

- 4 -

Without waiving those objections, the only signed statements received by CCA and TransCor concerning transport from Youngstown, Ohio to Florence Arizona during the dates in question, were provided by Plaintiff, Carl Richey, M. Sherman and Victor Araiza.

**INTERROGATORY NO. 11:**

If a report was made by you or an employee of yours in the ordinary course of business with respect to the occurrence, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "<u>any</u> incident or event, especially one that happens without being designed, planned or expected." (Emphasis added). Defendants CCA and TransCor further object that this interrogatory is vague at to what constitutes a report. Without waiving those objections, the Activities Log, Prisoner Receipt, and Prisoner Status report relating to the mass transport from Youngstown, Ohio to Florence, Arizona during the dates in question were maintained and updated by David Ryan. Those reports currently are in the custody of undersigned counsel. Additional "reports" in the form of responses to Plaintiff's improperly filed grievances at the Central Arizona Detention Center were made by M. Sherman on July 16, 2001, July 18, 2001, and August 7, 2001, by Carl Richey on July 18, 2001 and July 27, 2001 and by Victor Araiza on August 14, 2001. Those responses are also in the custody of undersigned counsel.

**INTERROGATORY NO. 12:**

State whether you have in your possession or control photographs, charts, or diagrams of the configuration of the bus used during the occurrence.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "<u>any</u> incident or event, especially one that happens without being designed, planned or expected." (Emphasis added).

Without waiving those objections, yes.

## INTERROGATORY NO. 13:

To your knowledge, were photographs taken of the plaintiff's hands, wrists, and ankles, before, during, or after the occurrence?

## RESPONSE TO INTERROGATORY NO. 13:

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "any incident or event, especially one that happens without being designed, planned or expected." (Emphasis added). Furthermore, this interrogatory is unduly burdensome as it is unlimited to as to time and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, upon information and belief, no pictures were taken of plaintiff's hands by TransCor or CCA at any point from July 1, 2004 through July 5, 2004. Defendants are unaware whether or not Plaintiff has ever had photographs takes of his hands, wrists and ankles at any other time during his life.

## INTERROGATORY NO. 14:

Provide copies of all reports or diagnosis provided by medical staff concerning plaintiff's injuries, since July 2, 2001, to this date.

## RESPONSE TO INTERROGATORY NO. 14:

Defendants CCA and TransCor object that this interrogatory is overbroad and unduly burdensome to the extent that Plaintiff has failed to provide Defendants with signed Certificate of Identity and notarized release authorizing the Bureau of Prisons and the D.C. Department of Corrections to provide his medical records to defense counsel, and not recognizable as an interrogatory. Without waiving those objections, Defendants CCA and TransCor will provide Plaintiff's medical records, once he provides them with proper HIPAA-compliant releases, and those records are received from their current custodians.

## INTERROGATORY NO. 15:

Give a concise statement as to the manner in which prisoners from the District of

Columbia were to be transported by Transcor [sic] and/or Corrections Corporation of America from the year 1997 to the year 2002.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad, not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, during the periods in question, inmates who were part of mass-moves, were transported by TransCor bus in accordance with TransCor's Agent Operations Manual.

**INTERROGATORY NO. 16:**

If you contend that plaintiff acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "any incident or event, especially one that happens without being designed, planned or expected." (Emphasis added). Defendants further object that this interrogatory is premature as discovery in this case is ongoing, and will supplement at the appropriate time.

**INTERROGATORY NO. 17:**

If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "any incident or event, especially one that happens without being designed, planned or expected." (Emphasis added). Defendants further object that this interrogatory is premature as discovery in this case is ongoing, and will supplement at the appropriate time.

1685686.1

**INTERROGATORY NO. 18:**

Name all experts whom you propose to call as witnesses.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendants CCA and TransCor object that this interrogatory is premature as discovery in this matter is ongoing. Without waiving those objections, should Defendants elect to offer expert witness testimony, the identity of the expert will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) at the time so ordered by the Court.

**INTERROGATORY NO. 19:**

State the subject matter on which an expert whom you proposed to call as a witness at trial will testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants CCA and TransCor object that this interrogatory is premature as discovery in this matter is ongoing. Without waiving those objections, should Defendants elect to offer expert witness testimony, the subject matter, substance of the facts and opinions and summary of grounds for each opinion of that expert testimony will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2) at the time so ordered by the Court.

**INTERROGATORY NO. 20:**

Name all physicians who have treated the plaintiff for any condition, or the aggravation thereof, as a result of injuries from the occurrence.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "<u>any</u> incident or event, especially one that happens without being designed, planned or expected." (Emphasis added). Defendants CCA and TransCor further object that this interrogatory is premature as Plaintiff has failed to provide Defendants with signed Certificate of Identity and notarized release authorizing the Bureau of Prisons and the D.C. Department of Corrections to provide his medical records to

1685686.1

defense counsel. Without waiving those objections, Defendants CCA and TransCor will provide a supplemental response once Plaintiff's medical records are obtained.

## INTERROGATORY NO. 21:

State whether you consumed any alcoholic beverages within 8 hours prior to said occurrence, the place where such alcoholic beverages were obtained, and the nature and amount thereof.

## RESPONSE TO INTERROGATORY NO. 21:

Defendants CCA and TransCor object that this interrogatory is vague, overbroad and unduly burdensome to the extent that Plaintiff defines "occurrence" to be "any incident or event, especially one that happens without being designed, planned or expected." (Emphasis added). Defendants further object that this interrogatory is unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence as it seeks to know whether or not any "predecessors-in-interest, successors-in-interest, present or former affiliates, partners, beneficiaries, employees, agents, servants, Representatives [sic], and/or other persons acting or purporting to act on their behalf, including without limitation any attorney employed by or retained by or for" the District of Columbia, CCA or Transcor consumed any alcoholic beverage during the specified time period.

## INTERROGATORY NO. 22:

Give the District of Columbia, Department of Corrections position concerning the proper manner to transport prisoners, during the year 1997 to the year 2002.

## RESPONSE TO INTERROGATORY NO. 22:

Defendants CCA and TransCor note that this interrogatory does not appear directed towards them, and defer to the response of the District of Columbia.

## INTERROGATORY NO. 23:

For each calendar year from 1997 to 2002, provided the company name of the healthcare provider at the Northeast Ohio Correctional Center in Youngstown, Ohio, and the Central Arizona Detention Center, in Florence, Arizona.

- 9 -

**RESPONSE TO INTERROGATORY NO. 23:**

Defendants CCA and TransCor object that this interrogatory is vague, not relevant and is not reasonably calculated to lead to the discovery of admissible information. Without waiving those objections, upon information and belief, during the period from 1997 through 2002 healthcare at the Northeast Ohio Correctional Center was provided under contract with EMSA Correctional Care and St. Elizabeth's Hospital. Upon information and belief, healthcare at the Central Arizona Detention Center was provided, from 1997 through 1999, by First Correctional Medical, Inc., under contract to CCA. Upon information and belief, CCA then elected to assume provision of healthcare to inmates using their own personnel at the facility.

**INTERROGATORY NO. 24:**

If you claim that the District of Columbia was not responsible for plaintiff's health care during any of the years listed above in interrogatory #23, provide the official, state, company, corporation, or entity, that was responsible for plaintiff's healthcare.

**RESPONSE TO INTERROGATORY NO. 24:**

Defendants CCA and TransCor object that this interrogatory is vague, not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, Defendants CCA and TransCor note that this interrogatory does not appear directed towards them, and defer to the response of the District of Columbia.

**INTERROGATORY NO. 25:**

Describe the procedure that was used to determine which D.C. prisoners would be transferred from Youngstown, OH, to Florence, AZ, in the years 1997-2002.

**RESPONSE TO INTERROGATORY NO. 25:**

Defendants CCA and TransCor object that this interrogatory is overbroad, vague, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, all District of Columbia inmates at the Northeast Ohio Correctional Center were reclassified, and their classification files were subsequently reviewed for changes in classification at six month intervals pursuant to the settlement agreement in the class action

1685686.1

lawsuit referenced in the Complaint, of which Plaintiff was a member. Those inmates, who then were classified as "High," "High-Medium," or "Close Custody" were transported to one of four other facilities or returned to the District of Columbia Department of Corrections.

Dated: October _____, 2006

Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387
*Attorneys for Defendants Corrections
Corporation of America, and TransCor*

Kelvin L. Newsome (D.C. Bar No. 439206)
LECLAIR RYAN, A PROFESSIONAL
CORPORATION
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Telephone: (757) 441-8938
Facsimile: (757) 624-3773

- 11 -

1685686 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2006, I caused a copy of the foregoing Defendants Corrections Corporation of America and TransCor's Response to Plaintiff's First Set of Interrogatories to be served, via first-class mail, postage pre-paid, upon:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
United States Penitentiary Big Sandy
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*

Michael P. Brukheim, Esq.
Assistant Attorney General for the District of Columbia
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
*Counsel for Defendant District of Columbia*

1685686.1