EXHIBIT THREE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ismail Abdul Malik, a/k/a Roy Thomas,<br><br>Plaintiff,<br><br>v.<br><br>District of Columbia, Corrections Corporation of America, and TransCor,<br><br>Defendants. | Civil Action No. 1:05-cv-1374 (RMC) |

### DEFENDANT CORRECTIONS CORPORATION OF AMERICA AND TRANSCOR'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Defendants, Corrections Corporation of America (hereinafter "CCA") and TransCor America, L.L.C. (hereinafter "TransCor"), by and through the undersigned counsel, hereby submit, pursuant to Fed. R. Civ. P. 34 the following responses to Plaintiff's First Set of Document Requests, dated September 18, 2006. . Defendants accept the thirty-five day period for a response offered by Plaintiff as a stipulation under Fed. R. Civ. P. 29.

### GENERAL OBJECTIONS

1.      Defendants CCA and TransCor object that the instructions for production of documents are unduly burdensome in that they go beyond the scope of Fed. R. Civ. P. 34 in that it 1) demands production of the original documents rather than photographic copies without specifying the reasonable method for inspection and copying of the documents, which permit Defendants to retain their original business records. Defendants will produce photocopies of all relevant, non-privileged documents and will make the originals available at trial or any other time as required by the court should any question of authenticity arise.

2.      Defendants CCA and TransCor object that the instructions for production are unduly burdensome to the extent that Plaintiff propounds interrogatories seeking to discern the "name, title, and [sic] office location of the person from whom the documents were

1685594.1

maintained, and the name of any file from which the documents were maintained". Plaintiff has already propounded his permitted 25 interrogatories in his First Set of Interrogatories and has not sought leave of court or a stipulation of the parties to propound these additional interrogatories. Fed. R. Civ. P. 34(b) merely requires the documents to be produced as they are maintained in the normal course of business or organized and labeled to correspond with the categories of the request. Defendants elect to produce copies of all responsive, non-privileged documents using the later procedure.

3.      Defendants CCA and TransCor object that the instruction to produce a log of all documents lost, destroyed or temporarily mislaid is unduly burdensome as it is impossible to distinguish between documents which are currently temporarily mislaid or permanently lost. Should any document be learned to have been only temporarily mislaid, it will have first been found and will be produced in a supplemental response.

4.      Defendants CCA and TransCor object that the instruction to produce information maintained on electronic media in both paper and electronic form along with the programming necessary to retrieve the information is unduly burdensome and calls for CCA and TransCor to infringe on copyright in violation of 17 U.S.C. §§106 *et seq.* Pursuant to Fed. R. Civ. P. 34(a), Defendants will produce paper copies of those documents, which is the "reasonably useable form" required by the rule.

## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce all documents that reference in any manner reports, records, decision, communications, discussions, directives, hearings, or meetings concerning Ismail Abdul Malik, a/k/a Roy Thomas being transferred to the Central Arizona Detention Center in Florence Arizona, from the NOCC [sic] in Youngstown, OH.

1685594.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the general objections stated above, Defendants CCA and TransCor object that this request is vague to the extent it seems to request documents which reference other documents, overbroad, not relevant and is not reasonably calculated to lead to the discovery of admissible evidence, as the decision to transfer Plaintiff from Youngstown, Ohio to Florence, Arizona is not at issue in this case. Without waiving those objections, Defendants herewith produce copies of all relevant, non-privileged responsive documents in their possession.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents that reference in any manner reports, records, decisions, communications, discussions, directives, hearings, or meetings concerning the manner in which D.C. prisoners would be transported when transferred from NOCC [sic] to CADF, during the years 1997 through 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the general objections states above, Defendants CCA and TransCor object that this request is vague to the extent it requests documents that reference other documents, overbroad, unduly burdensome, duplicative of Request for Production No. 1 to the extent it seeks documents regarding Plaintiff transport during the dates at issue, calls for disclosure of protected private information relating to other inmates, calls for disclosure of information potentially compromising the security of future prisoner transports, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, Defendants herewith produce copies of all relevant, non-privileged responsive documents in their possession

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents that reference in any manner reports, records, decision [sic], communications, discussions, directives, hearings or contracts between the District of Columbia and Corrections Corporation of America, to confine and/or transfer D. C. prisoners to any private or federal prison from the years 1997 through 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the general objections states above, Defendants CCA and TransCor object that this request is vague to the extent it requests documents that reference other documents, overbroad, unduly burdensome, duplicative of Request for Production No. 1 to the extent it seeks documents regarding Plaintiff transport during the dates at issue, duplicative of Request for Production No. 2 to the extent it seeks information regarding the transfer between NOCC and CADC, calls for disclosure of protected private information relating to other inmates, calls for disclosure of information potentially compromising the security of future prisoner transports, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, Defendants herewith produce copies of all relevant, non-privileged responsive documents in their possession

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents that reference in any manner reports, records, decisions, communications, discussions, directives, hearings, or meetings concerning the condition of the buses used by Transcor [sic] to transport prisoners, during the years 1997 through 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the general objections stated above, Defendants CCA and TransCor object that this request is vague to the extent that it requests documents that reference other documents, is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving those objections, Defendants herewith produce copies of all relevant, non-privileged responsive documents in their possession.

**REQUEST FOR PRODUCTION NO. 5:**

Please provide the maintenance log for the bus Transcor [sic] used to transport plaintiff [sic] to Arizona on July 2-4, 2001, for the six(6) [sic] month period preceding July, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the general objections above, Defendants CCA and TransCor object that this request is duplicative of Request No. 4. Without waiving those objections, Defendants refer

1685594 1

Plaintiff to the Unit Information and Repair Detail Report produced in response to Request No. 4.

Dated: October _____, 2006

Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387
*Attorneys for Defendants Corrections
Corporation of America, and TransCor*

Kevin L. Newsome (D.C. Bar No. 439206)
LECLAIR RYAN, A PROFESSIONAL
CORPORATION
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Telephone: (757) 441-8938
Facsimile: (757) 624-3773

1685594.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2006, I caused a true copy of the foregoing Defendants Corrections Corporation of America and TransCor's Responses to Plaintiff's First Set of Document Requests to be served by First Class U.S. Mail, postage pre-paid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
**UNITED STATES PENITENTIARY BIG SANDY**
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*


Michael P. Bruckheim, Esq.
Assistant Attorney General for the District of Columbia
441 4th Street, N.W., Sixth Floor South
Washington, D.C. 20001
*Counsel for Defendant District of Columbia*

1685594 1

EXHIBIT FOUR

Ismail Abdul Malik
A/K/A  Roy Thomas
Reg. No. 11340-007
USP - Big Sandy
P.O. Box 2068
Inez, KY.  41224

December 20, 2006

Michael P. Bruckheim, Esq.
Asst. Attorney General
for the District of Columbia
Sixth Floor South
441 -4th- Street, N.W.
Washington, D.C.  20001

**Re:**  <u>Malik v. District of Columbia, et al.,</u>
Civil Action No. 1:05-cv-1374 (RMC)

Dear Mr. Bruckheim:

 I received your responses to my first set of interrogatories and document requests.  I gave my copies to the inmate who is assisting in this case, and a couple of days later, the prison was placed on total lock down status (24 hrs. in cells).  In addition, the prison was on total lock down status from October 24, to November 6, 2006.

 The above-mentioned, extraordinary circumstances have prevented me from responding to your submissions, in a more timely fashion.

 In any event, I take exception with the unresponsive nature of most of your answers to my interrogatories and document requests.  In this regard, I am hopeful that with these matters be highlighted herein, the need to inform and seek the intervention of the Court will be alleviated by further responses in the near future.

 Please find listed below the interrogatories and document requests for which I seek to be provided with more responsive responses.

Interrogatory:

6.)  Either you had someone investigate the occurrence or you did not.  With this and all other interrogatories where you have claimed to not be a proper defendant in this case, you violate the Rules of Discovery and disrespect the Court, due to the Court having already ruled that you are properly a defendant in this matter..

7.)  Same as #6 above.

9.)  Same as #6 above.

10.) Same as #6 above.

11.) Same as #6 above.

Michael Bruckheim, Esq.
December 20, 2006
Page Two of Two


12.) Same as #6 above.

13.) Same as #6 above.

14.) Same as #6 above.

15.) Same as #6 above.

16.) Same as #6 above.

17.) Same as #6 above.

20.) Same as #6 above.

22.) Same as #6 above.

24.) Same as #6 above.

25.) Same as #6 above.


## DOCUMENT REQUESTS

The document you provided is irrelevant. The contract provided concerns an agreement between the District of Columbia and Corrections Corporation of America to manage the Correctional Treatment Facility (CTF). At no time relevant to this civil action was the plaintiff confined at CTF, and correspondingly, none of the incidents complained of took place at CTF. Please provide documents that are responsive and pertain to the incidents that are complained of herein.

Your kind attention to the above would be greatly appreciated.



Sincerely,


Ismail Abdul Malik
A/K/A  Roy Thomas
Reg. No. 11340-007

EXHIBIT FIVE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK                                )
                                                  )
         Plaintiff,                     )     CA. No. 05-CV-1374 (RMC)
                                                  )
     v.                                   )
                                                  )
DISTRICT OF COLUMBIA, *et al.*                    )
                                                  )
         Defendants.                    )

## DISTRICT OF COLUMBIA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant District of Columbia ("District"), by and through Marlene A. Bailey, Paralegal Specialist, Office of the Attorney General for the District of Columbia, One Judiciary Square, 441 4th Street, NW., Washington, D.C. 20001, pursuant to Fed. R. Civ. P. 33, and having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to defendant by plaintiffs:

(a)  The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b)  The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c)  The District reserves the right to amend, revise or supplement its answers to these interrogatories if and when new or different information becomes available.

(d)  For any additional responsive information made available through deposition testimony, the District incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

*Alan P. Lee*

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
Sixth Floor South
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 27th day of October, 2006 that a copy of the foregoing

District of Columbia's Answers and Objections to Plaintiff's Interrogatories was mailed postage

prepaid to:

Ismail Mailk
Fed. Register #11340-007
Big Sandy U.S.P.
POB 2068
Inez, KY 41224
Plaintiff

Daniel P. Struck
JONES, SKELTON & HOCHULI
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012
Attorney for CCA and Transcor

*Alan P. Lee*

MICHAEL P. BRUCKHEIM
Assistant Attorney General

## GENERAL OBJECTIONS

The District objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. In addition, the District objects to any part of plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

1.      State your full name, address, date of birth, marital status, and Social Security Number.

**ANSWER: Objection as to relevance. Without waiving the objection, Marlene A. Bailey, Paralegal Specialist, Office of the Attorney General for the District of Columbia, One Judiciary Square, 441 4th Street, Washington, D.C. 20001.**

2.      By whom were you employed and what were your duties and wages at the time of the occurrence?

**ANSWER: Objection as to relevance. Without waiving the objection, the District of Columbia as a paralegal specialist.**

3.      State the duties and responsibilities of your current employment position.

**ANSWER: Objection as to relevance. Without waiving the objection, the District of Columbia as a paralegal specialist.**

4.      Name all eyewitnesses to all or part of the occurence, including all staff and inmates on the bus ride from Youngstown, Ohio to Florence, Arizona on July 2-4, 2001.

**ANSWER: Objection as overly broad and vague. Without waiving the objection, the District of Columbia was not responsible for the incarceration, supervision and transfer of the plaintiff in this matter. Defendant further answers that it is not the proper defendant in this matter and therefore has no information to provide.**

5.      Name all Transcor officers and/or other officials who escorted the plaintiff on the bus ride from Youngstown, OH, to Florence, AZ, on July 2-4, 2001.

**ANSWER: See answer and objection to Interrogatory #4.**

6.      Name all persons who investigated the cause and circumstances of the occurrence for you.

**ANSWER: See answer and objection to Interrogatory #4.**

7.      Name all persons who investigated plaintiff's injuries and damages for you.

**ANSWER: See answer and objection to Interrogatory #4.**

8.      Name any medical personnel on the bus during the occurrence or any who examined or treated the plaintiff during or immediately after the 40 hour bus ride from Youngstown, OH, to Florence, AZ, on July 2-4, 2001.

**ANSWER: See answer and objection to Interrogatory #4.**

9.      Name any person, not heretofore mentioned, having personal knowledge of facts material to this case.

**ANSWER: Objection as overly broad and this Interrogatory may seek information and/or documentation protected by the attorney/client, work-product and deliberative process privileges. Further answering, See answer and objection to Interrogatory #4.**

10.     Name those persons who have given you signed statements concerning the occurrence.

**ANSWER: See answer and objection to Interrogatory #4.**

11.     If a report was made by you or an employee of yours in the ordinary course on business with respect to the occurrence, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

**ANSWER: See answer and objection to Interrogatory #4.**

12.     State whether you have in your possession or control photographs, charts, or diagrams of the configuration of the bus used during the occurrence.

**ANSWER: See answer and objection to Interrogatory #4.**

13.    To your knowledge, were photographs taken of the plaintiff's hands, wrists, and ankles, before, during, or after the occurrence?

**ANSWER: See answer and objection to Interrogatory #4.**

14.    Provide copies of all reports or diagnosis provided by medical staff concerning plaintiff's injuries, since July 2, 2001, to this date..

**ANSWER: See answer and objection to Interrogatory #4.**

15.    Give a concise statement as to the manner in which prisoners from the District of Columbia were to be transported by Transcor and/or Corrections Corporation of America from the year 1997 to the year 2002.

**ANSWER: See answer and objection to Interrogatory #4.**

16.    If you contend that plaintiff acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

**ANSWER: See answer and objection to Interrogatory #4.**

17.    If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

**ANSWER: See answer and objection to Interrogatory #4.**

18.    Name all experts whom **you** propose to call **as** witnesses.

**ANSWER: The District will name any such experts in accordance with this Court's Scheduling Order.**

19.    State the subject matter on which an expert whom you propose to call as a witness at trial will testify, the substance of the facts and opinions to which the expert is expected to testify and a summery of the grounds for each opinion.

**ANSWER: See answer to Interrogatory #19.**

20.    Name all physicians who have treated the plaintiff for any condition, or the aggravation thereof, as a result of injuries from the occurrence.

**ANSWER: See answer and objection to Interrogatory #4.**

21.    State whether you consumed any alcoholic beverages within 8 hours prior to said occurrence, the place where such alcoholic beverages were obtained, and the nature and amount thereof.

**ANSWER: Objection as to relevance.**

22.    Give the District of Columbia, Department of Corrections position concerning

the proper manner to transport prisoners, during the year 1997 to the year 2002.

**ANSWER: See answer and objection to Interrogatory #4.**

     23.      For each calendar year from 1997 to 2002, provide the company name of the healthcare provider at the Northeast Ohio Correctional Center in Youngstown, Ohio, and the Central Arizona Detention Center, in Florence, Arizona.

     **ANSWER: See answer and objection to Interrogatory #4.**

     24.      If you claim that the District of Columbia was not responsible for plaintiff's health care during any of the years listed above in interrogatory #23, provide the official, state, company, corporation, or entity, that was responsible for plaintiff's healthcare.

     **ANSWER: See answer and objection to Interrogatory #4.**

     25.      Describe the procedure that **was used to determine** which D.C. prisoners would be transferred from Youngstown, OH, to Florence, AZ, in the years 1997-2002.

     **ANSWER: See answer and objection to Interrogatory #4.**

MARLENE A. BAILEY
Paralegal Specialist

District of Columbia, ss:

     Signed and sworn to before me this 27th day of October, 2006.

NOTARY PUBLIC, D.C.

My Commission expires: 2/28/09

Objections as noted:          Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES
Chief, General Litigation Sec. IV

_Alan P. Re_

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
Sixth Floor South
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 27th day of October, 2006 that a copy of the foregoing

District of Columbia's Answers and Objections to Plaintiff's Interrogatories was mailed postage

prepaid to:

Ismail Mailk
Fed. Register #11340-007
Big Sandy U.S.P.
POB 2068
Inez, KY 41224
Plaintiff

Daniel P. Struck
JONES, SKELTON & HOCHULI
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012
Attorney for CCA and Transcor

_Alan P. R_

MICHAEL P. BRUCKHEIM
Assistant Attorney General

**EXHIBIT SIX**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISMAIL ABDUL MALIK | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-CV-1374 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DISTRICT OF COLUMBIA'S RESPONSES AND/OR OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

The District objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. In addition, the District objects to any part of plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

1.      Please produce all documents that **reference** in any manner reports, records, decision, communications, discussions, directives, hearings, or meetings concerning Ismail Abdul Malik, a/k/a Roy Thomas being transferred to the Central Arizona Detention Center in Florence Arizona, from the NOCC in Youngstown, OH.

**RESPONSE: Objection to the extent this request seeks confidential information and/or information protected by privilege. Further objecting as the request is overbroad, vague, irrelevant, directed to the improper party, and unduly burdensome. Notwithstanding the objections, any responsive documents are provided herein.**

2.      Please produce all documents that reference in any manner reports, records, decisions, communications, discussions, directives, hearings, or meetings concerning the manner in which D.C. prisoners would be transported when transferred from NOCC to CADF, during the years 1997 through 2002.

**RESPONSE: See Response to Number 1.**

3.      Please produce all documents that reference in any manner reports, records, decision, communications, discussions, directives, hearings or contracts between the District of Columbia and Corrections Corporation of America, to confine and/or transfer D. C. prisoners to any private or federal prison from the years 1997 through 2002.

**RESPONSE: See Response to Number 1**

4.      Please produce all documents that reference in any manner reports, records, decisions, communications, discussions, directives, hearings, or meetings concerning the condition of the buses used by Transcor to transport prisoners, during the years 1997 through 2002.

**RESPONSE:  See Response to Number 1**

5.      Please provide the maintenance log for the bus Transcor used to transport plaintiff to Arizona on July 2-4, 2001, for the six(6) month period preceding July, 2001.

**RESPONSE:  See Response to Number 1**

Objections as noted:                      Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PATRICIA A. JONES
Chief, General Litigation Sec. IV