IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ISMAIL ABDUL MAILK, :
a/k/a ROY THOMAS, :
:
Plaintiff, :
:
: Civil Action No: 1:05-CV-1374 (RMC)
:
v. :
:
:
DISTRICT OF COLUMBIA, et al., :
:
Defendants. :

---

**PLAINTIFF'S OPPOSITION TO: DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND TRANSCOR'S MOTION FOR JUDGMENT ON THE PLEADING OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff, Ismail Abdul Malik, a/k/a Roy Thomas, pro se, respectfully files this opposition to Defendants' Motion For Judgment On The Pleadings Or, In The Alternative, For Summary Judgment pursuant to Fed. R. Civ. P. 12(c), and requests that Defendants[1] motion be denied, and in support whereof submits the following Memorandum of Points and Authorities, affidavits supported with exhibits, pleadings on file with Court, and pleadings in related cases in this Court.

---

1. In a motion dated February 23, 2007, Defendant District of Columbia seeks to join the motion by the other defendants. Plaintiff has no notification as to whether the Court granted the motion, however this opposition applies equally to any claims for dismissal by the District

## MEMORANDUM OF POINTS AND AUTHORITIES

I. <u>FACTUAL BACKGROUND</u>

On July 11, 2005, Plaintiff filed a complaint concerning violations of Constitutional Rights under the Eighth Amendment of the United States Constitution.

Defendants Corrections Corporation of America and Transcor filed a motion for judgment on the pleadings or, in the alternative, for summary judgment, which the District of Columbia sought to join. (See Footnote #1, <u>supra</u>).

Defendants allege that Plaintiff did not exhaust administrative remedies that were available to him, as required by 42 U.S.C. § 1997(e). In an order of February 15, 2007, which coincided with Plaintiff's request for an extension of time to file, the Court ordered Plaintiff to respond to Defendants' motion on or before March 23, 2007.

Plaintiff compiled with the only administrative remedies that were available to him and the Defendants' motion should be denied. Plaintiff attempted to exhaust remedies with Corrections Corporation of America (CCA) at the Central Arizona Dentition Center (CADC), due to being placed in the Custody of CCA. Initially CCA responded that Plaintiff's complaint "will be looked into" (sic) (SOF, Exhibit 1, Attachment A). [2] After receiving a copy of the July 18, 2001, decision Plaintiff mailed a letter to Transcor and never received any response thereto. The officials at CADC never provided a copy of any grievance procedures for Transcor or even indicated that such existed. In response to Plaintiff's efforts to appeal the response, CCA officials again instructed Plaintiff to "write to Transcor." (SOF, Exhibit 1, Attachment A, 8/14/01, response of Assistant Warden Victor Araiza). To further confuse the Plaintiff and obscure any available remedies with Transcor, on July 27, 2001, Carl Richey attached appeal forms for CCA to a response to the Plaintiff. "You have been given instructions in which to proceed. An appeal form attached." (SOF, Exhibit 1, pg. 5, #12; Attachment B).

In an additional response M. Sherman instructs the Plaintiff that a photocopy of the appeal would be provided after the Warden responded. (SOF, Exhibit 1, Attachment C.). The affidavit of Vicki Batson

---

2. Plaintiff objects to portions of what Defendants term as statement of uncontroverted material facts and uses the abbreviation above ("SOF") only to positively identify the exhibit.

mentions an "informal grievance policy," yet plaintiff complied with the only informal methods available to him by mailing a letter to Transcor. A copy of the policy Ms. Batson mentions has never been provided to Plaintiff and an agency cannot fail to inform one of a process and expect that person to follow any set out procedures. (See SOF, Exhibit 2, pg. 2, #5).

Plaintiff exhausted all administrative remedies made available to him and the Defendants' motion should be denied. Defendants confirm in their pleadings and the Affidavit of Carl Richey that the issue was not grievable under CCC/CADC policy and no means of exhaustion was provided with Transcor. (See SOF, pg. 1 #4; Richey Aff. ¶ 6). The issue of Plaintiff's exhaustion of administrative remedies has previously been before this Court and Defendants then took a different position on the matter. In a companion case, concerning the same incidents complained of herein, a fellow Judge of this Court ruled that adequate exhaustion of remedies had taken place, where the prisoner did not send a letter to Transcor or submit as many appeals as Plaintiff herein. (See Memorandum Opinion and Order in **_Harris v. District of Columbia_**, Civ. No. 02-0100 (EGS) (ECF), September 26, 2003, (D.D.C.))[3] Accordingly, due to the above, the attached affidavits and exhibits, and the record herein Defendants' Motion For Summary Judgment should be denied and Plaintiff's attached Motion For Summary Judgment should be granted . In the alternative, the Court should stay the proceedings for 60 days and allow the plaintiff adequate time to receive and review requested discovery (especially any grievance procedures in effect at Transcor during the month of July, 2001).

## II. LEGAL ARGUMENT

### A. Plaintiff Exhausted The Administrative Remedies That Were Available To Him

---

3. The Court can take Judicial notice of the Harris Memorandum Opinion and the copies which will be attached are justified under Fed. R. Civ. P. 56(f).

The PLRA requires inmates to properly exhaust all administrative remedies before bringing a lawsuit. Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revise Statutes of the United States (42 U.S.C. § 1983), on any other Federal Law, by a prisoner confined in any Jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nuggle***, 534 U.S. 516, 524 (2002). A prisoner must complete the administrative process, "regardless of the relief offered through administrative procedures." ***Booth v. Churner***, 532 U.S. 731, 741 (2001). Accordingly, a prisoner may file a civil action relating to conditions of confinement under Federal law only after he has exhausted the prison's administrative remedies. See ***Jackson v. District of Columbia***, 254 F.3d 262, 269 (D.C. Cir. 2001); cf. ***Johnson v. District of Columbia Dept. of Corrections***, 2002 WL 1349532 (D.C. Cir. 2002 (complaint properly dismissed without prejudice when Plaintiff alleged that he had not filed a grievance).

In the instant case, Plaintiff attempted to exhaust available remedies and the prison officials (CCA) informed the Plaintiff that the issues sought to be administratively exhausted were not covered by the Grievance Procedure. (SOF, pg. 1, #4; Richey Aff. ¶ 6).

The intended goals of the PLRA can only be met if the prison is given a fair opportunity to consider the grievance. "The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." ***Woodford v. Ngo***, 126 S.Ct. 2378, 2388 (2006).

The Defendant's "Defendants Corrections Corporation of America (sic) and Transcor's

(4)

statement of uncontroverted material facts in support of their Motion For Judgment on the Pleadings or, In the Alternative, for Summary Judgment," is self-defeating and leaves this Court with no alternative except to deny Defendants' Motion For Summary Judgment, Plaintiff avers that the Court could impose sanctions under Fed. R. Civ. P. 11(b) (c), due to (1) the motions being presented for the improper purposes of harassment, unnecessary delay, and needless increase in the cost of litigation: (2) the claims, defenses, and other legal contentions are not warranted by existing law; and (3) the allegations and other factual contentions lack evidentiary support.

Specifically, Defendants concede and even embrace, that the issues that flow from the conditions of the bus ride on July 2-4, 2001, from NOCC to CADC are "**not grievable.**"

> "Plaintiff's grievances filed under the CCA/CADC grievance policy were not only untimely, but failed to comply with the rule that the subject of the grievance must be grievable in nature under the policy. SOF ¶ 3-4. **The conditions of Plaintiff's transport to CADC were not grievable under the policy since the alleged conditions of transport were created solely by CCA's contractor, Transcor.**" (Deft.'s Mot., at 5 ¶ 1).

The Defendants have never even alleged, much less established that a grievance procedure existed at Transcor. Defendants have provided exhibits that show Plaintiff was advised to send a letter to Transcor, however the information never stated that Transcor had a grievance Procedure.

> You recently filed a grievance regarding some complaints you had with your transportation to CADC from the Northeast Ohio Facility on July 2, 2001. (sic)... **You may send a letter with your complaints to Mr. Corlen (sic) at this address. We are unable to further process your grievance on this issue.** (July 18, 2001, MEMO from M. Sherman and C. Richey addressed To: No person in particular; SOF, attachment A, pg.2).

(5)

Indeed, the July 18, 2001, Memo gives the impression that Plaintiff's grievances had been processed as far as it could under CCA policy by stating that CCA could not "Further process" the grievance. Contrary to the position Defendants' take in the Motion For Summary Judgment, Mr. Richey in a July 27, 2001, follow-up advises Plaintiff that he had been given instructions on how to proceed, yet Mr. Richey included CCA/CADC appeal forms. (SOF, Attachment B). To further compound the injury, M. Sherman on the same date sends Plaintiff a response that indicates that there are no carbon copies of the appeal form and that Plaintiff would receive a copy after the Warden responded. Surely, all of the above would give any layman of normal diligence the impression, that the administrative remedies were being exhausted and that the letter to Transcor was merely to get input into the investigation from the agency who did the actual transporting. (See SOF, attachment C). Plaintiff contends that the records, files, and submissions of the Defendants clearly establish that no grievance procedure was available to the Plaintiff at the relevant time. Defendants attempt to show a lack of exhaustion, due to there being no record of a letter to Transcor should fail, due to the above. Defendants have failed to show that Transcor had a grievance procedure in process in July, 2001. Even if a grievance procedure was in effect at Transcor the Motion For Summary Judgment must be denied since Defendants have failed to show that Plaintiff was adequately informed of the produre. Additionally, Plaintiff was committed to the custody of CCA, not Transcor. Transcor is a subsidiary of CCA and contracted to transport prisoners for CCA. If CCA was not obligated to consider grievances concerning the conditions that prisoners were transported then CCA should have informed the transported prisoners of the means of submitting grievances directly to Transcor. In the alternative, CCA should have transmitted the grievances to Transcor for processing.

### B. Plaintiff Could Not Exhaust Administrative Remedies Provided By Defendant CCA Since The Issues Were Determined To Be Not Grievable

In their motion for Summary Judgment Defendants claim that Plaintiff failed to exhaust administrative remedies (Mot. pg. 4, Section B). Defendants set out that Plaintiff was briefed on the CCA/CADC grievance policy and procedures upon arrival at the Facility. (Richey Aff. ¶ 4, Exhibit 1 to SOF). There is no allegation on any evidence that Plaintiff was briefed on or provided a copy of any grievance procedures for Transcor. Even still, Plaintiff complied with the grievance procedure as set out by the motion and Richey's Affidavit, appealing until obtaining a response from the Warden's designee, Assistant Warden Araiza.

Defendants statement of uncontroverted material facts in support of their Motion For Judgment on the Pleading or, In the Alternative, For summary Judgment, clearly states:

> **4. The condition of Plaintiff's transport to CADC was not a grievable matter under the CCA/CADC grievance policy. Richey Aff. ¶ 6. (SOF, pg.. 1).**

As a result, all of the subsequent claims that Plaintiff failed to exhaust remedies upon Before filing suit is immaterial and in apposite.

Indeed, in a companion case,[4] the Defendants did not claim that Transcor had any formal procedure in place to process complaints by prisoners whom it had transported. *(Harris v. District of Columbia, et. al.,* Mem. Op. September 26, 2003, No. 02-0100 (EGS) (ECF). (Copy of *Harris* in apendix as Exhibit one, see page 4, ¶ 2). The Plaintiff in *Harris* did not appeal the grievance decision or write a letter to Transcor,[5] yet the Honorable .

---

4. Plaintiff does not know the correct status of Harris case and due to time limitations was unable to obtain copies of the exhibits mentioned in the September 26, 2003, order.

5. Plaintiff has written to counsel for the Defendants and requested a copy of the Transcor grievance policy; Plaintiff has not received any response as of this filing.

Emmett G. Sullivan found that the Plaintiff had sufficiently attempted to exhaust administrative remedies. (Exhibit one, pg. 4 ¶ 4). In *Harris* the Plaintiff claimed that once receiving the decision that CCA could not further process the grievance the Plaintiff believed that any further procedures were foreclosed. (Exhibit one, pg. 3, ¶ 1). The officials went a step further in giving the Plaintiff, herein, appeal forms.

Plaintiff retains his First Amendment Right to petition the Government for a redress of grievances. *Turner v. Safely*, 482 U.S. 78, 84, 96 L.Ed.2d 64, 107 S.Ct. 2254 (1987) (citing *Johnson v. Avery*, 393 U.S. 483, 21 L.Ed.2d 718, 89 S.Ct. 747 (1969)). This right extends not just to Court filings but also to the various preliminary filings necessary to exhaust administrative remedies prior to seeking judicial relief. As the fifth Circuit explained, "access to counts entails not only freedom to file pleadings but also freedom to employ... those accessories without which legal claims cannot be effectively asserted."*Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir. 1982), partially vacated on other grounds, 688 F.2d 266, 267 (5th Cir.. 1982). Thus, Plaintiff had in July, 2001, a right to be provided with the exact procedure that was available to exhaust administrative remedies. The PLRA exhaustion requirement is not a jurisdictional bar to Plaintiff's action. Every circuit that has considered the matter, including the District of Columbia Circuit, has held that the PLRA's exhaustion requirement simply "governs the timing of the action" and does not contain the type of "'sweeping and direct'" language that would indicate a jurisdictional bar rather than a "mere codification [] of administrative exhaustion requirements." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir 2000) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 757, 45 L.Ed.2d 522, 95 S.Ct. 2457 (1975)). See also *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001) ("the 42 U.S.C. § 1997e exhaustion requirement is not jurisdictional"). In

*Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C.Cir. 2001), the Court rejected inmates' argument that the defendants had waived their exhaustion defenses, 254 F.3d at 267 (D.C. Cir. 2001), an issue that would never have been considered if exhaustion were jurisdictional.

The Plaintiff herein has demonstrated by affidavit and exhibits that all reasonable efforts were made to exhaust available administrative remedies, the Defendants cannot claim that CCA provided a system where plaintiff was obligated to exhaust his remedies, and, at the same time, claim that the issues were not covered by that grievance system. If the Defendants were allowed to use such contradictory reasoning successfully, it would send a message that a prisoner could never successfully litigate a lawsuit against these Defendants, regardless of the propriety of the claims or the efforts to follow the dictates of the law.

## C. Defendants Have Not Established That A Grievance Procedure Existed With Transcor.

The Defendants have failed in any effort to show that a grievance procedure was in place at Transcor during July, 2001. (See Section I, supra). The Defendants, as set out above, advised the Plaintiff to send a letter to Mr. Corlew at Transcor. Defendants never mentioned any formal grievance procedure or implied that one existed. As the exhibits to the SOF demonstrate Defendants advised Plaintiff to send a "letter" to Transcor never terming it as a grievance form from Transcor. Plaintiff was led to believe that exhaustion of remedies was taking place when CCA official provided an appeal form (although saying that the grievance could not be processed any further) and advised that a letter be sent to Transcor. (see SOF, attachment A, B, & C).

Even the affidavit of Vicki Batson who claims to "make this affidavit in Support of (sic) of Defendants Corrections Corporation of America and Transcor's Motion For Judgment on the pleadings or in the Alternative For Summary Judgment, never says that a grievance procedure was in place at Transcor in July, 2001. Instead, Ms. Batson affirms that "Transcor <u>has an informal grievance policy</u>. Ms. Batson's efforts, for what they are worth, amount to nothing of substance for this Court to base an important decision upon. First, Plaintiff mailed the letter in July, 2001, and never received a response. It is highly likely that whoever received the letter at Transcor disregarded it and chose not to respond to the complaints. Even given the benefit of the doubt, Ms. Batson never sets out Transcor's Policy concerning the number of years letters are retained or the procedures for the destruction of things that are considered outdated. Ms. Batson made her check more than five (5) years after Plaintiff mailed the letter.

Indeed, the July 18, 2001, communication from M. Sherman and C. Richey is not addressed to the Plaintiff, Plaintiff mentions on an appeal dated July 27, 2001, that a grievance officer decision dated July 18, 2001, was received, however there is no mention of any instructions to write to Transcor. (See SOF, Attachment A; Attachment C).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Summary Judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); ***Anderson v. Liberty Lobby Inc.***, 477 U.S. 242, 247, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). In determining whether there is disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.

> See ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio***, 475 U.S. 574, 587, 89 L.Ed.2d 538, 106 S.Ct. 1348 (1986); ***Washington Post Co. v. U.S. Dept. of Health and Human Services***, 275 U.S. App. D.C. 101, 865 F.2d. 320, 325 (D.C. Cir. 1989).

At Summary Judgment, "All inferences must be viewed in a light most favorable to the non-moving party." *Tao v. Freeh*, 307 U.S. App. D.C. 185, 27 F.3d 635, 638 (D.C. Cir. 1994). The records, files, affidavits, and exhibits in this case show that Defendants have failed woefully in any attempt to show that Summary Judgment is warranted for the Defendants. In fact, the above shows that the Court should grant Summary Judgment for the Plaintiff, and order a trial on damages alone. Defendants have filed for Summary Judgment on the ground that the complaint fails to state a claim upon which relief may be granted which was denied. In their SOF, Defendants claim only that Plaintiff failed to adequately exhaust all available administrative remedies.

The Court should look with disfavor upon Defendants' request for Summary Judgment due to the timing of the request.
Previously, Defendant District of Columbia filed a Motion To Dismiss, which was denied, claiming a failure of the complaint to state a claim upon which relief could be granted, Defendants CCA and Transcor filed motions under the same heading and the Court denied the motions. There has not been any new evidence presented in the case. In otherwords, Defendants have known of Plaintiff's efforts at exhaustion of remedies since at least July, 2001. Indeed in the year 2001, Plaintiff's efforts at exhaustion would have been more than adequate and even if the Court had granted a motion to dismiss, the case would have been dismised without prejudice. The Court should find that the Defendants have waived the defense of failure of the Plaintiff to exhaust administrative remedies, pursuant to Fed. R. Civ. P. 12(g)(h) (1). Plaintiff being incarcerated in a level - 6 U.S. Penitentiary is unable to contact other inmates who were transported to CADC on July 2-4, 2001, in a manner timely enough to submit affidavits therefrom. However, Plaintiff submits copies of the response page for two other inmates who

(11)

received replies similar to the one given Plaintiff on August 14, 2001. All prior filings clearly show that the Defendants came to a decision to attempt to use the passage of time as an ally to seek dismissal with prejudice. Plaintiff includes in the appendix as Exhibit B, the August 14, 2001, response of Assistant Warden Araiza to Inmate Marvin Bushrod, and as Exhibit C, the similar response to Inmate Timothy Shaw.

It seems logical that if Transcor had a Formal Grievance Policy in July, 2001, then Defendants would have claimed the exhaustion of remedies issue long before nearly six years after the grievance filings. Defendants' reliance on **_Shane v. Fauver_**, 213 F.3d 113, 117 (3rd Cir. 2000), is misplaced since **_Shane_** dealt with a state procedural rule and the denial of a request to amend the complaint, due to defendants' Motion To Dismiss For Failure To State A Claim Upon Which Relief Could Be Granted. If this Court should grant Defendants' Motion For Summary Judgment it should be without prejudice so that Transcor can be advised of the grievances and allowed an opportunity to respond thereto administratively.

For the reasons set forth above, the Court should deny Defendants' Motion For Summary Judgment; Rule On The Pleadings that Plaintiff has established that all available remedies were exhausted; and grant Summary Judgment For The Plaintiff since Defendants' have shown liability and the Court should order a trial on damages only.

Respecfully Submitted,

ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS
Reg. No. 11340-007
USP - Big Sandy
P.O. Box 2068
Inez, KY 41224

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I served a copy of the Foregoing Plaintiff's Opposition to: Defendants Corrections Corporation of America and Transcor's Motion For Judgment On The Pleadings Or, In The Alternative, For Summary Judgment, by First-Class mail, postage prepaid, this 23 day of March, 2007, upon:

Timothy J. Bojanowski, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

Mariana Bravo, Esq.
Carr Maloney, DC
1615 L Street, N.W., Suite 500
Washington, D.C. 20036

                                                                              ISMAIL ABDUL MALIK, pro se
                                                                              a/k/a ROY THOMAS
                                                                              Reg. No. 11340-007
                                                                              USP -Big Sandy
                                                                              P.O. Box 2068
                                                                              Inez, KY 41224

      Executed this 23 day of March, 2007, at Inez, KY, pursuant to 28 U.S.C. § 1746.

                                                                              ISMAIL ABDUL MALIK, pro se
                                                                              a/k/a ROY THOMAS

# A-P-P-E-N-D-I-X

## INDEX      PAGE

Memorandum Opinion and Order in <u>Harris v. District of Columbia</u>, Civ. No. 02-0100(EGS)(ECF) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Grievance Appeal of July 30, 2001, for Marvin Bushrod . . . . . . . . . . . . . . . . . 8

Grievance Appeal of Timothy Shaw from August 1, 2001 . . . . . . . . . . . . . . . . . 9

Affidavit of Ismail Abdul Malik, a/k/a/ Roy Thomas . . . . . . . . . . . . . . . . . . 10

Affidavit of Donald Hatch, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12