EXHIBIT ONE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RONNIE L. HARRIS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 02-0100 (EGS) (ECF) |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM OPINION AND ORDER

In this case Plaintiff alleges violations of his constitutional rights while he was being transported by officers of Defendant TransCor America ("TransCor") from the Northeast Ohio Correctional Center run by Defendant Corrections Corporation of America ("CCA") to CCA's Central Arizona Detention Center in Florence, Arizona. Plaintiff asserts that the transfer was directed by Defendants District of Columbia and Odie Washington. The alleged violations involve the physical conditions of the transportation and the fact that Plaintiff's medical records were not sent with him to the new institution. Plaintiff also alleges that while he was in the Arizona facility, Defendant CCA was deliberately indifferent to his mental and physical health in violation of the Eighth Amendment prohibition against cruel and unusual punishment and the Civil Rights Act, 42 U.S.C. 1983, and that certain property was confiscated from him illegally.

The amended complaint is based on the same factual allegations as the original complaint, which are set out in the Memorandum Opinion and Order filed September 19, 2002. (Docket Number 11). Defendants' first motion to dismiss was granted as to the Chief Executive Officers of CCA and TransCor and as to Mayor Williams. The case was stayed to allow Plaintiff to file an

amended complaint containing allegations "regarding the administrative remedies that may have been available to plaintiff regarding his constitutional claims, any action he took to exhaust those remedies, and any administrative action on his grievances." Memorandum Opinion and Order, Docket # 11, at 8.

Plaintiff's amended complaint names TransCor as Defendant in place of its Chief Executive Officer and CCA in place of its Chief Executive Officer.[1]  The amended complaint also includes allegations regarding exhaustion of administrative remedies. Defendants have again moved to dismiss, and Plaintiff has filed an opposition and a motion for summary judgment. On review of the pleadings and the applicable law, both motions will be denied.

II. The Motion to Dismiss

_____The Defendants' motion to dismiss the complaint is based solely on the ground that Plaintiff has not exhausted his administrative remedies.

In his amended complaint, Plaintiff first claims that he was transported from Ohio to Arizona by TransCor in cruel and unusual conditions that caused him physical and psychological injury. Am. Compl. ¶¶ 14-16. Next, he alleges that once at the CCA facility in Arizona he was deprived of pain and mental health medications for more than seven days because he had been transported without "accurate and complete medical records." Am. Compl. ¶¶ 17, 18. Finally, Plaintiff alleges that an officer illegally seized his personal property after a cellmate engaged in an argument with the officer, who was conducting a search. Am. Compl. ¶¶ 20, 21.

---

[1] Plaintiff's amended complaint retains the allegations against Mayor Williams but adds nothing to show that he was personally involved in the decision to transfer Plaintiff or the terms of that transfer. The case will remain dismissed as to this Defendant.

Plaintiff alleges that the administrative remedies available at the CCA Arizona facility are set out in a Prisoner Handbook for the Washington, D.C. Unit. Am. Compl. ¶ 22.[2] The handbook encourages prisoners to attempt to resolve complaints informally, but does provide that prisoners "'have a right to file a formal complaint whenever [they] choose.'" *Id.*, ¶ 23. Grievance forms, however, are available only after the prisoner and his case manager "'HAVE SINCERELY ATTEMPTED TO RESOLVE THE ISSUE INFORMALLY.'" *Id.* Plaintiff alleges that he filed a formal complaint after several attempts to reach an informal resolution. Am. Compl.. ¶ 25. The response from the grievance and compliance coordinators, Exhibit 3 referred to in footnote 2, *supra*, "clearly state[s] that [they] were unable to further process [his] grievance on the issue." Plaintiff cites this statement as "foreclosing any suggestion that there were any further procedures available to the plaintiff." *Id.*

The Prison Litigation Reform Act provides in relevant part:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suites about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 531-32 (2002). A prisoner must complete the administrative process, "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

---

[2] The cover and page 8 of this document were submitted with Plaintiff's Motion to Amend his complaint (Docket Number 12) and are filed as Exhibit 2 to that motion. Plaintiff's Exhibit C (referred to in paragraph 25 of the Amended Complaint) is Exhibit 3 to Docket Number 12.

Defendants argue that Plaintiff has failed to show that he exhausted available administrative remedies with respect to the claim that he was transported under inhumane conditions. They contend that although the CCA grievance coordinators wrote that the CCA Arizona facility could provide no relief, they did refer Plaintiff to a specific individual at TransCor. Defendants argue that Plaintiff has not shown that he forwarded his grievance to TransCor and thus has not exhausted his administrative remedies.

The response to Plaintiff's grievance regarding his transportation states plainly that the CCA facility was "unable to further process [his] grievance on this issue." As far as the records shows, Plaintiff exhausted the administrative procedures available to him at his institution. Defendants do not claim that an appeal to an outside entity was required under the grievance procedures of the CCA Central Arizona facility. Nor do they claim that TransCor had any formal procedure in place to process complaints by prisoners whom it had transported.

Defendants also assert generally that it does not "appear that [Plaintiff] complained to the District of Columbia's Department of Corrections," but they do not contend that the District of Columbia Department of Corrections had any grievance procedures available to prisoners no longer in its physical custody. In support of his motion for summary judgment, Plaintiff submitted a letter from an attorney to Mayor Williams formally notifying the Mayor, pursuant to 12 D.C. Code § 309, of a claim on behalf of Plaintiff and other individuals based on the conditions under which TransCor transported him from Ohio to Arizona. Docket Number 17, Ex. 4.

The Court concludes that Plaintiff has sufficiently shown that he exhausted available grievance procedures with respect to his claim related to the conditions under which he was transported to Arizona.

4

With respect to Plaintiff's claim that he was transported without full medical records, a grievance attached to his opposition to Defendants' initial motion to dismiss states that on July 5, 2001, he had asked to be seen by the mental health doctor, but that as of July 12 he had not received any response. This grievance was processed and Plaintiff was finally seen on July 18. Plaintiff asserts that the delay in providing him appropriate medical care was because his complete medical records had not been sent with him from CCA's Ohio facility. Plaintiff alleges that he "made numerous pleas and requests for his medication, which went unanswered by the defendants," Am. Compl. ¶ 19, and that calls about his mental and physical health made on his behalf to the warden were ignored for more than two weeks. *Id.* It therefore appears that Plaintiff complied with the Arizona institution's requirement that he seek informal resolution of his complaint before he filed the formal grievance. It may be that in the informal process there was discussion of the absence of Plaintiff's medical records, and that the records arrived while his grievance process was being processed.[3] At this stage of the proceedings, the grievance relating to delayed medical care is sufficient to satisfy the requirements of the PLRA.

On the other hand, Plaintiff has made no effort to show that he exhausted any available remedies with respect to his claim for alleged retaliatory misappropriation of property. That claim, therefore, will be dismissed without prejudice.

_____

[3] Plaintiff's allegations that he was deprived of his prescribed medications "for more than seven (7) days after" he arrived at the Arizona facility, and that he was housed with another prisoner for more than 15 days, Am. Compl. ¶ 18, suggest that the issues were resolved within a few weeks after he arrived. In fact, Plaintiff was at the Arizona facility for only a few weeks. *See* Plaintiff's Declaration in support of his motion for summary judgment, Docket Number 17, Declaration, ¶ 22.

5

## III.  Plaintiff's Motion for Summary Judgment

_____Plaintiff has filed a motion for summary judgment on the issue of liability with respect to the claims related to the transportation by TransCor and the delay in providing appropriate medical care. He has submitted with his motion a statement of undisputed facts, his declaration, and a memorandum of law. Although the motion is proper under Rule 56(a) of the Federal Rules of Civil Procedure, nevertheless, the motion is premature and will be denied without prejudice. Defendants have not filed an answer to the complaint and have had no opportunity to conduct discovery. In opposition to the motion Defendants observe that if their motion to dismiss is denied they will require discovery to "test the substance of [plaintiff's] claims." Opposition at 2. Rule 56(f) authorizes the Court to deny the motion or delay decision to allow the opposing party to take depositions, obtain discovery, or provide affidavits. Because both parties may benefit from appropriate discovery proceedings, the Court will deny the motion at this time.

Accordingly, it is by the Court this 26th day of September, 2003

**ORDERED** that  Defendants' motion to dismiss [Dkt. # 15] is **GRANTED in part and DENIED in part**. It is

**FURTHER ORDERED** that the complaint and amended complaint are **DISMISSED** as to Defendant Mayor Williams. It is

**FURTHER ORDERED** that the third claim in the amended complaint (Claim for Relief Retaliation and Unlawful Taking of Property) is **DISMISSED without prejudice** for failure to exhaust administrative remedies. It is

**FURTHER ORDERED** that in all other respects  Defendants' motion to dismiss is **DENIED**. It is

6

**FURTHER ORDERED** that Plaintiff's motion for summary judgment [Dkt. # 17] is **DENIED without prejudice.** It is

**FURTHER ORDERED** that Defendants shall file an answer or otherwise respond to the complaint within 20 days of the date of this Order.

EMMET G. SULLIVAN
United States District Judge

**EXHIBIT TWO**

Grievance No.: _01-0327_

## GRIEVANCE OFFICER'S DECISION

_____
_____
_____
_____
_____
_____

_Carl E. Reily_                         Bushrad Marvin
Grievance Officer's Signature           _Bushrad, Marvin_
                                        Inmate/Resident Signature

Date: __7/18/01__                       Date: __7-30-01__

APPEAL:    Yes: __✓__          No: _____

STATE REASON(S) FOR APPEAL:

On 7-27-01 I receive a letter and this appeal form, from the grievance coordinator, telling me that CCA Arizona, don't have anything to do with the grievance No. 01-0327 that I put in on 7-12-01 and I put in a second grievance, there been no response, can you look into it and let me know something, thank you very much!

## WARDEN/ADMINISTRATOR'S RESPONSE

As stated in the attached memorandum you will need to file your grievance with TRANSCOR as they are the ones that brought you here. CCA did not Transport you.

_Neil A. Braize_                Received: _Bushrad Marvin_
Warden/Administrator's Signature          Inmate/Resident Signature

Date: __8/14/01__               Date: __8-13-01__

**EXHIBIT THREE**

Grievance No.: _01-0386_

| GRIEVANCE OFFICER'S DECISION |
|---|

recieved on 8-1-01

_DR Shedrie_

Grievance Officer's Signature

Date: 7-30-01

_Timothy Shaw_

Inmate/Resident Signature

Date: 8-1-01

APPEAL:    Yes: ✓    No:

STATE REASON(S) FOR APPEAL:

I am appealing this on the grounds that I
asked for a adequate response with the proper
date not back dated 9 or 10 days.

| WARDEN/ADMINISTRATOR'S RESPONSE |
|---|

The response to your grievance is that you need to
seek relief from Transcor as stated on this
attached memorandum. CCA did not transport
you.

_Vicki J Craig_

Warden/Administrator's Signature

Date: 8/14/01

Received: _Timothy Shaw_

Inmate/Resident Signature

Date: 8-15-01

**EXHIBIT FOUR**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK,                              :
a/k/a ROY THOMAS,

      Plaintiff,                                  :        Civil Action No. 1:05-cv-1374(RMC)
    v.

                                   :

DISTRICT OC COLUMBIA, et al.,

      Defendants.                                 :

_____

## AFFIDAVIT OF ISMAIL ABDUL MALIK a/k/a ROY THOMAS

    The affiant, Ismail Abdul Malik, a/k/a Roy Thomas, Reg. No. II340-007, being first duly sworn upon oath, depose and says:

      l.  I am the same Ismail Abdul Malik, a/k/a/ Roy Thomas, who is the plaintiff in the above-captioned civil matter.

      2.  When I arrived at Central Arizona Detention Center(CADC) , in Florence, AZ., I sought to exhaust my administrative remedies concerning the conditions I was forced to endure on the bus ride from Northeast Ohio Correctional Center in Youngstown, Ohio, between July 2-4, 2001.

      3.  CADC is owned and operated by Corrections Corporation of America(CCA) and upon my arrival at CADC I was given a handbook of information. The handbook set out the grievance procedure for CCA and I was not aware that a separate entity had transported me to CADC, until I received a response to my grievance appeal that informed me of the fact that CCA itself was not the transporting agent.  Initially, I was informed that CCA was looking into my complaint. (See Exhibit A, July 12, 2001, grievance form, attached).

      4.  Subsequently, I was given a response that informed that I should write a letter to TransCor . However, appeal forms were included with the response to my July 26, 2001, appeal. As a result, I took for granted that the letter to TransCor was solely to provide information to TransCor concerning the unconstitutional conditions during the more than 40 hour bus ride.  On July 27, 2001, I mailed a letter to TransCor and detailed the complaints raised previously with CCA.  I recently located a copy of the July 27, 2001, letter to TransCor and have  attached a copy as Exhibit B. (copy of July 26, 2001, appeal attached as Exhibit C).

      5.  I never received a reply to my letter to Mr. Corlew at TransCor.

      6.  On July 27, 2001, I submitted another appeal due to seeking to have a carbon copy of the appeal form that I was provided.  On that same date, M. Sherman responded that I would receive a copy "after the Warden responds."(copy of July 27, 2001, appeal, attached as Exhibit D).

      7.  The responses to my appeals informed me that CCA could not process my grievances any further, which gave me the opinion that I had exhausted my remedies, as far as I could, with CCA.

      8.  The August 14, 2001, response that I received from Assistant Wardne Araiza which denied my appeal, again instructed me to write to TransCor, but no gievance forms for TransCor were provided or even mentioned.

Affidavit of Ismail Abdul Malik
a/k/a/ Roy Thomas
March 20, 2007
Page Two of Two

      9. Contrary to the affidavit of Carl Richey(SOF, Exhibit One)in paragraphs 10 and I8, at no time did CCA respond to my complaints that the issues were "not grievable" under the CCA/CADC Grievance Procedure(SOF, Attachment A, pags 2-3).

> "this issue is out of this facilities(sic) control"...
> We are unable to <u>further process</u> your grievance
> on this issue." (SOF, Attachment A, July I8, 200I,
> M. Sherman and C. Richey response).(emphasis
> supplied).

> "As stated on the attached memorandum, you need
> to write to TransCor to file your grievance. CCA
> did not transport you "(sic)(SOF, Attachment A,
> August 14, 200I, response of Assistant Warden
> Araiza) (emphasis supplied).

      As a result, the affidavit of Carl Richey swears to false information. I agree that the SOF attachments A,B, and C are true and accurate copies of records from prior filings seeking administrative remedy from CCA.

      By my signature affixed below, I affirm that the foregoing is true and correct.

FURTHER THE AFFIANT SAYETH NOT.

ISMAIL ABDUL MALIK,
a/k/a/ ROY THOMAS,
Reg. No. II340-007
USP- Big Sandy
P.O. Box 2068
Inez, KY 41224

Executed this 2I day of March, 2007, at Inez, KY, pursuant to 28 U.S.C. §I746.

**EXHIBIT FIVE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK,                    :
a/k/a ROY THOMAS,

                                       :
      Plainitff,

                                       :
                                            Civil Action No. 1:05-cv-1374(RMC)
      v.                               :

                                       :
DISTRICT OF COLUMBIA, et al.,

                                       :
      Defendants.

                                       :

_____

AFFIDAVIT OF DONALD HATCH

      The affiant, Donald Hatch, Reg. No. 11999-007, under penalty of perjury, depose and says:

      l. On or about October 23, 1998, I was transported from the Northeast Ohio Correctional Center (NOCC) in Youngstown, Ohio, to the Central Arizona Detention Center(CADC) in Florence, Arizona.

      2. On the bus ride to Arizona the inmates were in handcuffs with black boxes, and belly chains. Additionally, each inmate was chained to the inmate seated next to him.

      3. All of the officers who transported the inmates during the bus ride had cigarettes in their pockets and passed out cigarettes to the inmates(whether the inmate smoked cigarettes or not)at specified intervals. The officers would also give extra cigarettes to anyone who desired them. The bus was constantly  filled with a "halo" of smoke during the approximately 48 hour bus ride.

      4. While in transport my hands, wrists, and ankles became swollen. I was also forced to hold my bowel movement during the trip, due to the manner that I was cuffed to another inmate and the officers refused to remove the cuffs.  In addition, the toilets were nothing but a hole in the back of the bus where inmates attempting to urinate had urinated all over the toilet and the area smelled of the stench the entire trip.

      5. While at CADC I filed numerous complaints concerning the conditions of my confinement.

      6. Recently, I was speaking with Inmate Ismail Abdul Malik, a/k/a Roy Thomas concerning his experiences during a bus ride to CADC from NOCC. Mr. Malik said that CCA had referred him to file his grievances concerning the bus trip  to TransCor, and just recently had said that the issues were not grievable with CCA/CADC. Mr. Malik went on to say that he had never received a response from CCA stating that the issues were not grievable.

      7. In going through some of my legal papers I came across a grievance that I had filed on December 30, l998. Mr. Malik had let me view an affidavit where Carl Richey had said that Mr. Richey was the Grievance Officer at CADC from September 1998 to June 2002, and that in that capacity  Mr. Richey had assigned a number to each grievance, investigated the grievances, completing the Grievance Officer 's report, and maintaining all grievance records and documents.

      8. The December 30, l998, grievance I submitted was responded to by,on information and belief, Unit Manager Harold Newton.

Affidavit of Donald Hatch
March 20, 2007
Page two of two

     9.  The response to the December 30, l998, grievance clearly stated: "Not Grievable(sic)Lockdown due to security threat"(sic).(Copy of the December 30, l998, complaint is attached hereto, as Exhibit One).

     l0. In addition, on a grievance I was provided a copy of a CCA/CADC "Inmate Grievance Screening Form."  The screening form has listed under #1, the issues that are not grievable and it does not list as not grievable "institutional transfers", as the affidavit of Carl Richey alleges on page 3, Sec. 6.(A copy of the Grievance Screening Form is attached as Exhibit Two).

     By my signature affixed below, I affirm that the foregoing is true and correct, except as to matters on information and belief, and I believe those to be true.

     FURTHER THE AFFIANT SAYETH NAUGHT.

     Executed this 20 day of March, 2007, at Inez, KY, pursuant to 28 U.S.C. §1746.

DONALD HATCH
Reg. No. ll999-007
USP- Big Sandy
P.O. Box 2068
Inez, KY 41224

AKIA. Roy Thomas
D.C.D.C 232011
CADC
455, Pinal Parkway
PO Box 6400
Florence, Az 85232

July 27, 2001

Mr. Corlew
Quality Assurance
Transcorp
646 Melrose Ave.
Nashville, TN 37211

Dear MR Corlew:

I am a D.C. Prisoner who was transported from Youngstown, Oh to orence, Az, on July 2-4 2001.

On the bus ride I was forced to inhale excessive second-hand moke although I have asthma. I became very sick, but I could not even – my inhaler because of the "Black Box" and tight cuffs on my wrists. I could 'use the toilet because the officers would not free me from the man was belly-chained with.

The air condition was broke on the bus and I was forced release my waste on myself. The officers gave the inmates cigarettes nonever they asked for them, to make it worse the toilet didn't work I I had to endure the stench and filth of other inmates urinating d defecating on themselves.

I also heard an officer say that since D.C. Prisoners e to file law suits they deserve to be punished.

The staff here told me to send a letter to you I was told that C.C.A. could not process my grievances. Can you process my grievance appeal further?. Do I need form to appeal it?. if so please send them to me

Your attention to these matters would be appreciated.

Sincerly

Ismail Abdul Malik

Ismail Abdul Malik
AKIA Roy Thomas
D.C.D.C. 232011
CADC
1155 Pinal Parkway
P.O. Box 6400
Florence, Az 85232.

Form 14-8    For Official Use Only
Grievance No.:

received

## CCA INMATE/RESIDENT GRIEVANCE FORM

NAME: *Hatch,      Donald      J.*
      Last Name        First        Middle Initial

NUMBER: *DCDC #161-449*

HOUSING ASSIGNMENT: *CC-101*

CONTRACT WHICH YOU ARE DETAINED BY: *D.C.*

### STATE GRIEVANCE

(Include documentation, witnesses, date of incident and any other information pertaining to the grievance subject. Attach additional pages if necessary). *This is Filed because I have been placed on 24 hr. lockdown with out a hearing or any disciplinary or other action being taken against me. I am denied any activity and have no access to the law library, recreation, typewriters for legal filings, or religious services. I have court-imposed deadlines in several legal matters and I, am being denied access to complete my filings in a timely manner. I have no participation in or knowledge of, any infractions that would be sufficient to justify this unjust lockdown and deliberate denial of constitutional rights.*

### Requested Action

*that I be allowed access to my constitutional rights and due process whenever they are deprived or infringed upon.*

*Donald Hatch*                    *12-30-98*
Inmate/Resident's Signature        Date Submitted

### GRIEVANCE OFFICER'S REPORT:

*Not Grievable   Lockdown due to Security Threat*

White – Staff            Yellow – File            Pink – Inmate

*1/15/98*                                        Page 1

**CCA**
**CENTRAL ARIZONA**
**DETENTION CENTER**

**INMATE GRIEVANCE**
**SCREENING FORM**

| | | | |
|---|---|---|---|
| **To:** | **HATCH, DONALD** | **161449** | **CC101** | **99-1013** |
| | **Name** | **Number** | **Cell** | **Grievance #** |

## Your Grievance is being returned to you for the following reason(s):

☐  **1.** The action or decision being grieved is not a grievable issue for the following reason(s)

    [] The grievance is regarding a court decision or a State / Federal law or regulation.
    [] The grievance is regarding policies , procedures or decisions of the contracting agency
    [] This grievance is pertaining to a disciplinary action or decision.

☐  **2.** There is no documented record that you have attempted to resolve this issue informally. This issue should first be addressed on a Inmate Request form to the appropriate staff/department

    [] See your case manger before filing a grievance

☐  **3.** You have submitted a duplicate grievance on the same issue. and :

    [] Your original grievance is currently under review, policy allows up to 15 days to answer.
    [] Your original Grievance has been concluded at the appeal level.   #_____
    [] Your original Grievance was answered and returned to you on.   _____

☐  **4.** You are grieving an action not yet taken.

☐  **5.** Profane words or inflammatory remarks may be used in a grievance only when you are attempting to quote someone and when that quotation is necessary part of your grievance. Rewrite your Grievance using appropriate language and resubmit again on a new grievance form.

☐  **6.** You have not properly completed the grievance form. **Complete the following and return.**

    [] The specific relief sought is unclear or not completed.
    [] In order to start a investigation the following information is needed.

    [] You have not signed and or dated the grievance form
    Rewrite your grievance on a NEW grievance form and resubmit for processing.
    [] Your Grievance is illegible, rewrite your grievance so that the text is clear.
>>>>>>>> [] Rewrite your grievance in the space provided, if extra space is needed use additional sheets
        as necessary. Do not write on the sides,back or other spaces on the grievance form.

☐  **7.** [] Your Grievance addresses more than 1 issue. Resubmit with 1 issue per Grievance.
☐  **8.** [] This Grievance is deemed as Frivolous and or lacks Substance.
☐  **9.** [] You may not submit a grievance on the behalf of other inmate(s).
☐  **10** [] Grievance Must be filled within 7 days of the action you are filing a grievance about.
        Yours has been filled out of this time frame. **No further action will be taken.**
☐  **11** [] Other as Stated.

_____

**Grievance Officers Signature:** _____   **Date:**

CC.
(ORIGINAL) GRIEVANCE CONTROL LOG
(COPY) INMATE