## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ismail Abdul Malik, a/k/a Roy Thomas,** | |
| **Plaintiff,** | **Civil Action No. 1:05-cv-1374 (RMC)** |
| **v.** | |
| **District of Columbia,** *et al.*, | |
| **Defendants.** | |

**DEFENDANTS DISTRICT OF COLUMBIA, CORRECTIONS CORPORATION OF AMERICA, AND TRANSCOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR A COURT ORDER PURSUANT TO FED. R. CIV. P. 56(f) AND MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 56(g)**

Pursuant to the Court's March 30, 2007 Order to Show Cause, Defendants submit this opposition to Plaintiff's Motion for a Court Order Pursuant to Fed. R. Civ. P. 56(f) and also move for sanctions under Fed. R. Civ. P. 56(g). Pursuant to Fed. R. Civ. P. 12(c), Defendants moved for Judgment on the Pleadings or, in the alternative, for Summary Judgment on the single issue that Plaintiff did not properly exhaust all administrative remedies available to him and that his failure to do so warranted dismissal pursuant to 42 U.S.C. § 1997e(a). Defendants oppose Plaintiff's request for additional discovery under Fed. R. Civ. P. 56(f), as defective, unnecessary, excessive and inappropriate. Defendants assert that Plaintiff's Motion has been submitted for no purpose other than to delay the resolution of Defendants' pending dispositive motion, and as such sanctions are appropriate under Fed. R. Civ. P. 56(g). Defendants' opposition and motion for sanctions is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      FACTUAL BACKGROUND**

Plaintiff's Complaint in the instant case was filed on July 11, 2005. Plaintiff previously filed suit in D.C. Superior Court making the same allegations. That Complaint was removed to

this Court on April 28, 2003.  In that case, the same Defendants moved to dismiss or, in the alternative, for judgment on the pleadings on June 23, 2003, on the basis that Plaintiff (1) failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and that Plaintiff failed to state a claim upon which relief can be granted.  After his arrival at CADC in 2001, Plaintiff was advised that the conditions of his transport were not grievable under the CADC grievance policy and that the proper response was to submit a written complaint to TransCor's Quality Assurance Manager.  On January 20, 2004, this Court granted Defendants' Motion to Dismiss on the basis of Plaintiff's failure to state an 8th Amendment claim.  However, the Court denied Defendants' Motion with respect to administrative remedies without prejudice since Defendants failed to make "an affirmative showing that Plaintiff failed to pursue his claims administratively before filing this civil action."  January 24, 2004 Memorandum Opinion in Civ. No. 03-0944(RMC) at 3. [1]  In the instant case, Defendants presented affirmative proof in the form of the Affidavits of Carl Richey and Vicki Batson.  It is inconceivable that Plaintiff now claims that Defendants "waited more than three years to claim that the Plaintiff failed to exhaust administrative remedies." [2]

Not only was Plaintiff well aware of Defendants position, first raised four years ago, that he failed to exhaust administrative remedies, but unlike Plaintiff's 2003 case, discovery has not been stayed.  Plaintiff served his first set of 25 identical Interrogatories and 5 identical document requests upon Defendants District of Columbia CCA and TransCor on September 18, 2006. [3]  Defendants submitted timely objections and responses on October 23, 2006.  Likewise, Defendant District of Columbia submitted timely objections and responses to the identical

---

[1] (Attached hereto as Exhibit A).

[2] Rule 56(f) Aff. ¶ 6.

[3] (Attached hereto as Exhibits B and C, respectively).

Interrogatories and document requests on October 27, 2006.  On January 26, 2007, Plaintiff submitted a second set of seven additional Interrogatories and a two additional document requests to all Defendants[4].  Defendants submitted timely objections[5] and responses to Plaintiff's second set of discovery requests on February 9, 2007.

Although Plaintiff did not at any time seek discovery relating to the exhaustion of his administrative remedies, Defendants produced Plaintiff's grievance and the grievance responses. Because Plaintiff did not comply with the instruction that he needed to submit his complaint regarding the conditions of his transport to the TransCor Quality Assurance Manager, no such documentation could have been produced by Defendants.

## II.   LEGAL ARGUMENT
### A.   Plaintiff's Rule 56(F) Affidavit is Defective

In order to prevail on a Rule 56(f) continuance for additional discovery, Plaintiff must "show … the trial court what facts he hopes to discover and what reason justifies his inability to produce them on the motion."[6]  However, Plaintiff's affidavit ignores Rule 56(f)'s requirement of an affidavit setting forth "what facts he intended to discover that would create a triable issue and why he could not produce them in opposition to the motion."[7]  Moreover, Plaintiff must "show how additional time will enable him to rebut the movant's allegations of no genuine issue of fact."[8]  In short, Plaintiff must "state concretely why additional discovery is needed to oppose a motion for summary  judgment … and offer more than a conclusory assertion without any

---

[4] (Attached hereto as Exhibits D and E, respectively).

[5] Defendants objected to all Interrogatories contained in Plaintiff's Second Set of Interrogatories as being in excess of the limitation of 25 Interrogatories provided under Fed. R. Civ. P. 33.

[6] *Hotel & Restaurant Employees Union, Local 25 v. Attorney General of the United States.* 804 F.2d 1256, 1269 (D.C. Cir. 1986) (citing *Exxon Corp. v. FTC,* 633 F.2d 120, 126-127).

[7] *Bryd v. EPA,* 174 F.3d 239, 248 n.8 (D.C. Cir. 1999); *see King v. United States Dep't of Justice,* 830 F.2d 210 n.157 (D.C. Cir. 1987); *Strang v. U.S. Arms Control and Disarmament Agency,* 864 F.2d 859, 861 (D.C. Cir. 1989).

[8] *Jensen v. Redev. Agency of Sandy City,* 998 F.2d 1550, 1553 (10th Cir. 1993).

supporting facts to justify the proposition that the discovery sought will produce the evidence required."[9]

Here, Plaintiff only alleges that "Defendants failure to respond to nearly 75% of Plaintiff's Discovery Demands has hampered Plaintiff in attempts to oppose the instant motion" and that Defendants "never adequately responded" to Plaintiff's subsequent inquiries to Plaintiff's November 20, 2006 letter.[10]

Plaintiff's allegation that his November 20, 2006, letter went unanswered is without merit. Defendants initially note that Plaintiff's letter, while dated November 20, 2006, was not mailed to Defendants until two months later, on January 20, 2007.[11] Moreover, on February 9, 2007, Defendants sent Plaintiff a comprehensive response to his inquiry explaining that their objections were necessitated by the definitions Plaintiff instructed them to use to construct his discovery requests and answering what Plaintiff identified as his intended discovery responses.[12]

Yet, Plaintiff fails to identify which discovery response is needed for him to adequately respond or explain why he has been unable to obtain the necessary discovery, or how additional time will enable him to show a genuine issue of material fact upon which to deny Defendants' motion. None of Plaintiff's discovery requests relate to the issue of whether Plaintiff properly exhausted all available administrative remedies prior to filing suit. *See infra*. While Defendants agree that *pro se* litigants should be afforded some leeway in their court filings, the Plaintiff's vague Affidavit and request is a patently dilatory attempt to stave off an adverse ruling. As such, it should not only be denied, but sanctions should be imposed on Plaintiff pursuant to Fed. R. Civ. P. 56(g).[13]

---

[9] *Messina v. Krawower,* 439 F.3d 755, 762 (D.C. Cir. 2006) (internal quotations and citations omitted).

[10] Rule 56(f) Aff. ¶¶ 5-6.

[11] Exhibit F.

[12] Exhibit G.

[13] *Jensen,* 998 F.2d at 1553 ("[I]f the party filing the [Rule 56(f)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted.").

**B.     Plaintiff's Rule 56(F) Request for the TransCor Grievance Policy is Unnecessary**

The advisory notes to the 1987 amendments to Fed. R. Civ. P. 56(f), provide that:

> [e]xtensions of time to oppose summary adjudication should be less frequent than under the former rule because of new restrictions as to when such motions can be filed and the longer time allowed for the response. A request should be presented by an affidavit which, under the revised rule, must reflect good cause for the inability to comply with the stated time requirements.

The "new restrictions" as to when such motions can be filed prevent a Plaintiff from filing a motion for summary adjudication prior to giving Defendants an opportunity to answer the Complaint. In the instant case, Plaintiff has propounded numerous discovery requests, and despite his acknowledgement that Defendants first moved to dismiss for failure to exhaust administrative remedies in 2003, still has not propounded a discovery request relating to the exhaustion of administrative remedies.[14] Plaintiff claims that in their 2003 Motion, Defendants failed to assert the conditions of his transport were not grievable under the CADC grievance policy or that TransCor had a formal grievance policy.[15] Defendants' use the same argument now as in 2003 that for Plaintiff to properly exhaust all available administrative remedies he was told to send his complaints regarding the conditions of his transport to TransCor's Quality Assurance Manger.[16] Moreover, TransCor's *informal* grievance policy is set forth in the Affidavit of Vicki Batson.[17]

Here, as in 2003, Defendants claim that Plaintiff did not properly exhaust all available administrative remedies, including TransCor's *informal* grievance policy. The fundamental difference between Defendants 2003 Motion to Dismiss and their instant Motion for Judgment

---

[14] *See* Rule 56(f) Aff. ¶ 2.

[15] *Id.* ¶ 3.

[16] *See* Exhibit H at 4-5.

[17] Batson Aff. (Exhibit 2 to Defendants Corrections Corporation of America[] and TransCor's Statement of Uncontroverted Material Facts in Support of their Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment) ¶ 5.

on the Pleadings is that Defendants now provide affirmative proof that Plaintiff was advised of, but did not comply with, the TransCor *informal* grievance policy.

Plaintiff's claim that he has not been provided and that he needs a copy of the TransCor grievance procedure is a red herring.[18]  First, Plaintiff ignores that the TransCor *informal* grievance policy is set forth in the Affidavit of Vicki Batson.  Plaintiff was advised to follow the informal grievance policy in response to his grievance submitted at CADC, so the proper course for Plaintiff to pursue to exhaust his available administrative remedies with TransCor.  Secondly, Plaintiff's request for a copy of the "company grievance policy for TransCor" was only informally received by Defense counsel on March 13, 2007.[19]  However, despite Plaintiff's representation that he needs this policy to file an opposition to Defendants' Motion, no response to Plaintiff's request can create a disputed material fact upon which to deny Defendants' Motion. The TransCor grievance policy is *informal* and was set forth in the responses to Plaintiff's denied grievances at CADC, the Affidavit of Carl Richey and the Affidavit of Vicki Batson, and no other formal policy document responsive to Plaintiff's request exists.  Moreover, Plaintiff's desire to "test" affiants' testimony does not justify granting Plaintiff's Rule 56(f) request for additional discovery.[20]

Furthermore, Plaintiff admits that his sought after discovery is unnecessary.  Plaintiff states that "sufficient evidence has been presented to oppose the motion for summary judgment filed by the Defendants, however, out of an abundance of caution … the Plaintiff requests that the Court continue the matter, pending adequate discovery being provided by the Defendants, should the court not deny the Defendants' motion."[21]  Such representation in Plaintiff's Rule 56(f) Affidavit is virtually identical to Plaintiff's opposition in *Camm v. Kennickell.*[22]  As this

---

[18] *See* Rule 56(f) Aff. ¶ 8.

[19] Exhibit I.

[20] *Strang,* 861 F.2d at 861.

[21] Rule 56(f) Aff. ¶ 10.

[22] Civil No. 85-3844, November 3, 1986 unpublished Opinion (attached hereto as Exhibit J) available at http://www.gpo.gov/bca/courtcases/camm_11-3-86.htm.

Court ruled in *Camm*, "[t]o grant plaintiffs' motion would be contrary to the purpose of Rule 56(f). Under the Federal Rules, a party who has had a reasonable opportunity to prepare his case may not plead ignorance of the facts that would support his opposition."[23] As this Court already ruled, Plaintiff may not allege that he has presented sufficient evidence to oppose Defendants' Motion and also request a continuation to stave off a potentially adverse ruling.[24]

**C.    Defendants' Alleged Non-Response to 75% of Plaintiff's Discovery Request is Excessive**

Plaintiff claims that Defendants failed to respond to 75% of Plaintiff's discovery requests.[25] Plaintiff however, fails to dispute the proper objections raised in response to Plaintiff's discovery responses. Defendants answered Plaintiff's "November 20, 2006" letter in depth and explained that the objections posited are necessary in light of the construction of Plaintiff's Interrogatories and document requests using the definitions Plaintiff provided.[26] Nevertheless, Defendants further explained their objections based on relevance and privilege, and provided discovery responses, without waiving their objections, as relating solely to Plaintiff's 2001 transport from Youngstown, Ohio to Florence, Arizona. On February 21, 2007, Plaintiff wrote undersigned counsel in response to their explanation but only repeated his issues relating to Interrogatories Nos. 1-4 and Discovery Request Nos. 1 and 3.[27] While Plaintiff makes the conclusory allegation that Defendants have ignored 75% of his discovery requests, the factual documentation he provides relates to less than one-quarter of his discovery requests. Moreover, Defendants preserved proper and timely objections, and unless objecting based on privilege or relevance, provided a full answer relating to the relevant portion of Plaintiff's claims.[28]

---

[23] Exhibit J at 7 (citing 10A Federal Practice and Procedure at § 2741 (1983)).

[24] *Id.*

[25] Rule 56(f) Aff. ¶ 5.

[26] Exhibit G. *See also* Exhibits B at 2-4 and C at 1-4.

[27] Exhibit K. While the letter is dated February 21, 2007, it was not received by Defense counsel until March 15, 2007. Also, Plaintiff is apparently satisfied by Defendants clarification of their response to Interrogatory no. 21, as it is not mentioned in Plaintiff's latest letter.

[28] As Plaintiff has not seen fit to identify any particular discovery response to which Defendants have not responded which relate to his ability to oppose Defendants pending dispositive motion,

Plaintiff has clarified that Interrogatories Nos. 1-3 request the full name, date of birth, marital status, Social Security number, employer name, employment duties, wages in 2001, and responsibilities and current employment position for the person providing the answer to the interrogatories.[29]  However, Plaintiff seemingly overlooks the fact that Defendants, in the spirit of cooperation, already previously provided all relevant information as requested by Plaintiff on February 9, 2007.[30]  Moreover, Defendants maintain their objection that counsel's confidential personal information, including their marital status, Social Security numbers and wages, are irrelevant to the instant litigation.

Interrogatory No. 4 asks Defendants to "name all eyewitnesses to all or part of the occurence[sic], including all staff and inmates on the bus ride from Youngstown, Ohio to Florence, Arizona on July 2-4, 2001."[31]  Plaintiff concedes now that "discovery can only be had on relevant issues, not any occurrence 'throughout the course of human history.'"[32]  However, Plaintiff seemingly overlooks both that after originally objecting to Plaintiff's Interrogatory as constructed utilizing his definition of occurrence, Defendants identified no fewer than 40 individuals with possible knowledge of the alleged incident and that Defendants pointed that out to Plaintiff on February 9, 2007, including identifying the documents containing that very information by bates number.[33]

Finally, Plaintiff justifies his Document Request Nos. 1 and 3 relating to documents concerning the justification for his transfer and for contracts between D.C. and CCA on the basis that the "District of Columbia has claimed that it is not liable."[34]  Plaintiff however, overlooks

---

rather than waste the time and resources of the court addressing each response to Plaintiff's discovery requests, Defendants only address those which Plaintiff has identified in his correspondence to undersigned counsel.

[29] Exhibit K at 1.

[30] Exhibit G at 1-2.

[31] Exhibit B at 5.

[32] Exhibit K at 1.

[33] *See* Exhibit 2 to Plaintiff's Rule 56(f) Affidavit at 2-3 and Exhibit G at 2-3.

[34] Exhibit K at 1-2.

the fact that the District of Columbia's Motion to Dismiss regarding liability was denied by this court without prejudice on August 3, 2006, because the Court only had incomplete contract excerpts before it.    The production of these documents, while completely unrelated to Defendants' motion, would only benefit Defendants should they renew their motion.    However, Defendants currently maintain their objection that the production of the complete contracts to an inmate in custody, would present an unacceptable security risk to the orderly operation of the facility.    Moreover, as Defendants CCA and TransCor have agreed to indemnify and defend the District of Columbia, Defendants will not renew a dispositive motion that the District of Columbia is not liable for Plaintiff's conditions of transport.    Hence, Plaintiff's discovery request relating to such is irrelevant.[35]

Finally, Defendants did not receive Plaintiff's letter complaining of perceived deficiencies in the District of Columbia's discovery responses until Plaintiff's Rule 56(f) Affidavit was filed with the Court on March 28, 2007.    However, had the letter been received, after undersigned counsel appeared on behalf of Defendant District of Columbia, supplemental interrogatory answers and discovery responses, identical to those submitted by Defendants CCA and TransCor, would have been served for all of Plaintiff's requests except Interrogatory No. 22. Moreover, Interrogatory No. 22, which only asks for "the District of Columbia, Department of Corrections position concerning the proper manner to transport prisoners, during the year 1997 to the year 2002" has no bearing whatsoever on Plaintiff's opposition to Defendants' pending dispositive motion.[36]

**D.    Plaintiff's Rule 56(F) Request for Additional Discovery is Inappropriate**

Defendants' pending dispositive motion disputes the underlying substantive merits of Plaintiff claims and argues that Defendants are entitled to judgment as a matter of law. Judgment on the pleadings is appropriate "when there are no material facts in dispute and

---

[35] Should Defendants, however, decide to renew their Motion that the District of Columbia is not liable due to the delegation provision of the contract, Defendants will produce the complete contract in its entirety with their Motion, under seal for an *in camera* review.

[36] Exhibit B at 7.

judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts" and is akin to a Motion to Dismiss.[37]  While Defendants have previously answered Plaintiff's Complaint, the time for filing a motion to dismiss has passed.  However, Defendants' Motion is based on the fact that Plaintiff failed to comply with a procedural prerequisite for filing suit; specifically,  Plaintiff did not properly exhaust all available administrative remedies prior to filing suit.

Normally, a stay of discovery, rather than a request for additional discovery would be appropriate in this situation.  As a general rule, a stay of discovery is appropriate where (A) "a motion which would be entirely dispositive if granted is pending;" (B) "the discovery is not needed to permit the party who seeks discovery to oppose the pending motion;" and; (C) "the party who seeks discovery would not be prejudiced by the stay."[38]  In this case, where Plaintiff has not, and cannot demonstrate how discovery will enable him to dispute the single material fact essential to overcome Defendants' motion, to wit, that Plaintiff complained of his conditions of transport to TransCor prior to filing suit, Plaintiff cannot be prejudiced by the denial of his request for a continuance for additional discovery.

Moreover, the purpose of the exhaustion requirement of the PLRA is to "allow prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[39]  Congress reinvigorated the exhaustion provision to "ensur[e] that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit."[40]  However, in this case where, despite being specifically advised where to send his complaint

---

[37] *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 367, 1370 (11th Cir. 1998).

[38] *Chavous v. District of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001).

[39] *Jones v. Bock,* 127 S.Ct. 910, 914-915 (2007).

[40] *Id.* at 914.

1761628.1

regarding conditions of transport, plaintiff failed to do so, there is no TransCor administrative record to be discovered.[41]

The pending issue is whether or not Plaintiff has complied with the statutory prerequisite of 42 U.S.C. §1997e(a), in order to have standing to bring his suit against Defendants. While Plaintiff is not required to plead exhaustion in his Complaint, Defendants are permitted at an early stage, to provide affirmative testimony that Plaintiff failed to properly exhaust all available administrative remedies. As relates to such a limited issue, not only is the broad and unspecified discovery Plaintiff apparently seeks unnecessary, but runs counter to the very purpose of a Motion for Judgment on the Pleadings and the PLRA's exhaustion requirement, whose very purpose is to protect the courts, other litigants and prison officials from the depletion of scare resources for the consideration and response to meritless and frivolous recreational litigation. Plaintiff's Motion for a continuance and for additional discovery under Rule 56(f), however, seeks to pervert those protections and continue this litigation rather than move toward the speedy resolution which has, in one form or another, now sapped the scarce resources of this Court and Defendants for four years.

### E.    Sanctions under Fed. R. Civ. P. 56(g) are Appropriate

Fed. R. Civ. P. 56(g) provides:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavit caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Since Plaintiff submitted his Motion for a Court Order Pursuant to Fed. R. Civ. P. 56(f), as executed pursuant to 28 U.S.C. § 1746, it is an affidavit within the meaning of Rule 56(g). While Defendants are reluctant to allege that Plaintiff's affidavit was made in bad faith, Defendants, for the reasons enumerated are certain that Plaintiff's misleading affidavit serves no

---

[41] Batson Aff. ¶ 7.

purpose other than solely to delay these proceedings, especially, since Defendants have provided the discovery clarification requested by Plaintiff prior to filing their dispositive motion. Moreover, Defendants note that Plaintiff has previously requested an extension of time to respond to their motion, and that request was denied as moot. As such, Defendants are entitled to sanctions, and respectfully suggest than an appropriate sanction would be for the Court to summarily affirm Defendants Motion for Judgment on the Pleadings as well as order Plaintiff to pay the reasonable attorneys fees incurred by Defendants in preparing this opposition.

## III.  CONCLUSION

Because Plaintiff's Rule 56(f) Affidavit (1) is defective, (2) seeks unnecessary and excessive discovery (which Defendants have already responded to) unlikely to enable Plaintiff to establish any disputed material fact for him to survive Defendants' pending dispositive motion, and (3) inappropriately seeks broad discovery which is counter to both a Motion for Judgment on the Pleadings and the exhaustion requirement of the PLRA, Plaintiff's affidavit is futile and can have been submitted for no purpose other than solely to further delay these proceedings. Defendants request that Plaintiff's request for a continuance of the pending dispositive motion and additional discovery be denied, and that appropriate sanctions, including summary affirmation of Defendants' motion and reasonable attorneys' fees be awarded.

1761628.1

Dated: April 4, 2007

s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387


Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin , (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendants*

- 13 -

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of April 2007, a true an accurate copy of the

foregoing Defendants District of Columbia, Corrections Corporation of America, and TransCor's

Opposition to Plaintiff's Motion for a Court Order Pursuant to Fed. R. Civ. p. 56(f) and Motion

for Sanctions under Fed. R. Civ. P. 56(g), was sent via first-class mail, postage-prepaid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
**UNITED STATES PENITENTIARY BIG SANDY**
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*


      s/Dianne Clark