**Exhibit A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK,                          :
                                             :
              Plaintiff,                      :
                                             :
       v.                                     :        Civil Action No. 03-0944 (RMC)
                                             :
DISTRICT OF COLUMBIA, *et al.*,              :
                                             :
              Defendants.                     :

## MEMORANDUM OPINION

       This matter is before the Court on defendants' Motion to Dismiss or, in the

Alternative, for Summary Judgment.  Having considered defendants' motion, plaintiff's

opposition, and the record of this case, the Court will dismiss this action without

prejudice.

### I. Background

       Plaintiff's claims arise from his transfer on June 2, 2001 from a correctional

facility in Youngstown, Ohio operated by defendant Corrections Corporation of America

("CCA") to another CCA facility in Arizona.  Compl. at 2.[1]  TransCor, a private

corporation which specializes in the transportation of prisoners, transferred plaintiff and

other inmates by bus.  Generally, plaintiff alleges that the conditions under which he

was transported from Ohio to Arizona constituted cruel and unusual punishment in

_____

       [1]       Plaintiff initially filed this action in the Superior Court of the District of
Columbia.  The first page of the complaint, a preprinted form, is not paginated.  It refers
to an attached four-page typewritten document entitled "STATEMENT OF CLAIM."
References to the complaint in this Memorandum Opinion are references to this four-
page typewritten document.

violation of his rights under the Eighth Amendment to the United States Constitution. Accordingly, the Court construes the complaint as a civil action under the Civil Rights Act, 42 U.S.C. § 1983.

Plaintiff alleges that the trip lasted more than 40 hours with stops only to refuel the bus. Compl. at 1. The bus windows were tinted and could not be opened for ventilation. *Id.* at 2. Plaintiff alleges that he was restrained in such a way as to cause him pain and to restrict his movement severely. Plaintiff's hands were cuffed, his wrists were placed in a "black box," and his legs were shackled. *Id.* In addition, he was shackled to another inmate. *Id.* at 1. Because riders were allowed to smoke, plaintiff alleges that he was forced to inhale smoke which aggravated his chronic asthma. *Id.* at 1, 3. He further alleges that he was denied access to an working toilet, and, even if he had access to a toilet, his shackles prevented him from removing his jumpsuit to avoid urinating on himself. *Id.* at 2, 3. As a result of these events, plaintiff alleges that he suffered "physical and mental pains during the bus ride and presently, today, [he is] experiencing physical/medical problems related to the conditions" to which he was subjected during the trip. *Id.* at 1. Flexibility of his hands and wrists is limited, he coughs more than he did before the June 2001 transfer, and he suffers periodically from watery eyes. *Id.* He demands compensation of $250,0000. *Id.* at 4.

## II. Discussion

### A. This action properly was removed from the Superior Court of the District of Columbia

Plaintiff initially filed this action in the Superior Court of the District of Columbia. Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and

1446 on the ground that plaintiff's complaint presents a federal question in that it alleges violations of the Eighth Amendment. The Court concurs, and, accordingly, will deny plaintiff's Motion to Alter or Amend its July 8, 2003 Order which, among other things, denied his prior Motion to Remand this matter to the Superior Court of the District of Columbia.

### B. Defendants do not demonstrate that plaintiff failed to exhaust his administrative remedies

Defendants move to dismiss the complaint or, in the alternative, for judgment on the pleadings on the ground that plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act in relevant part provides:

> No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This provision governs the timing of a civil action; it does not present a jurisdictional bar to a prisoner's lawsuit. *Ali v. District of Columbia*, 278 F.3d 1, 6 (D.C. Cir. 2002).

At this stage of the proceedings, plaintiff need only allege that he has exhausted his administrative remedies. He has done so. *See* Compl. at 4. Absent an affirmative showing that plaintiff failed to pursue his claims administratively before filing this civil action, the Court will deny defendants' motion without prejudice.

### C. Plaintiff fails to state an Eighth Amendment claim.

A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The factual allegations of the complaint are

3

presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001). The Court is not obligated, however, to draw factual inferences that are not supported by the facts alleged. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In order to bring a claim under 42 U.S.C. § 1983, plaintiff must allege that he has been deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The Eighth Amendment prohibits punishments that either involve unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime for which a prisoner is incarcerated. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In considering a prisoner's Eighth Amendment challenge, the Court examines "the totality of the circumstances." *Rhodes v. Chapman*, 452 U.S. at 363 (Brennan, J., concurring). "Combinations of various conditions can give rise to an Eighth Amendment violation where each condition itself would not so rise." *Campbell-El v. District of Columbia*, 881 F.Supp. 42, 44 (D.D.C. 1995) (citing *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)).

To state an Eighth Amendment claim regarding prison conditions, plaintiff must allege facts that, if true, would establish that he was deprived of basic human needs because of conditions serious enough to be considered cruel and unusual. *Pryor-El v. Kelly*, 892 F.Supp. 261, 266-67 (D.D.C. 1995). Plaintiff then must allege that defendants knew of and disregarded such conditions, exposing inmates to an excessive risk to health and safety. *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff, an asthmatic non-smoker, alleges that he endured a 40-hour bus ride while shackled to another inmate, inhaling cigarette smoke, and without access to a

4

toilet.  The Court concludes that the allegations of the complaint, if proven, might demonstrate the denial of "the minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. at 298.  Plaintiff thus alleges conditions that could be serious enough to be considered cruel and unusual.  Plaintiff's complaint is deficient, however, as it fails to adequately allege defendants' *knowledge* of these conditions and *deliberate indifference*.  Defendants' alleged "lack of due diligence and indifference," *see* Compl. at 3, is not sufficient.

More significantly, and assuming the plaintiff articulated sufficiently an Eighth Amendment claim, the complaint does not allege defendants' liability under Section 1983.  The District of Columbia cannot be held liable for monetary, declaratory or injunctive relief unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690 (1978).  Plaintiff's complaint is deficient for its failure to allege that the deprivation of his constitutional rights was caused by a municipal policy or custom of the District of Columbia.  *See Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985)) (plaintiff must show a course deliberately pursued by the city establishing affirmative link between city's policy and alleged constitutional violation).  The official policy or custom itself must be "the moving force of the constitutional violation."  *Carter v. District of Columbia*, 795 F.2d at 122 (citing *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. at 694).  Nothing in the complaint articulates such a policy or custom or its connection to the injuries plaintiff allegedly suffered.

5

Similarly, plaintiff fails to allege CCA's and TransCor's liability under Section 1983. Their liability is contingent upon plaintiff's ability to allege, and, ultimately prove, that his injuries are the result of a custom or policy of these private corporations which perform functions normally performed by a municipality. *See Gabriel v. Corrections Corp. of America*, 211 F. Supp. 132, 138 (D.D.C. 2002). In the absence of an alleged custom or policy of these defendants giving rise to plaintiff's Eighth Amendment claims, plaintiff's complaint against them must be dismissed.

### III. Conclusion

The Court concludes that, although plaintiff alleged conditions which may be deemed cruel and unusual, he failed to allege defendants' awareness of and deliberate indifference to those conditions. Further, the Court concludes that plaintiff failed to allege defendants' liability under 42 U.S.C. § 1983. Accordingly, the Court will dismiss the complaint without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

ROSEMARY M. COLLYER
United States District Judge

DATED: January 20, 2004

**Exhibit B**

DOCKETED/Calendared

DATE DOCKETED: 9-25-06    **UNITED STATES DISTRICT COURT**

DOCKETED FOR: 10-23-06    **FOR THE DISTRICT OF COLUMBIA**

REMINDERS: Various

RECEIVED

SEP 2 5 2006

DPS RECEIVED

SEP 2 7 2006

TJB

ISMAIL ABDUL MALIK
A/K/A ROY THOMAS,               :
                               :
        Plaintiff,             :
                               :
v.                             :
                               :    Civil Action No. 1:05-CV-1374
                               :             (RMC)
DISTRICT OF COLUMBIA, et al,   :
                               :
        Defendants.            :
_____:


## PLANTIFF'S FIRST SET OF

## INTERROGATORIES


Pursuant to Federal Rule of Civil Procedure 33 and the Rules of this Court, plaintiff Ismail Abdu Malik, A/K/A Roy Thomas, pro se, hereby directs the following interrogatories to Defendants the District of Columbia, Corrections Coporation of America (CCA), and Transcor, to be answered and returned, along with responsive documents, to the plaintiff at USP-Big Sandy, P.O. Box 2068, Inez, KY 41224, on or before October 23, 2006, which date is thirty days after service hereof.


-1-


**DOCKETED**

DATE DOCKETED: 9-27-06
DOCKETED FOR: 10-23-06
REMINDERS: 9-27-06

## DEFINITIONS

1.     The terms "you", "your", and "Defendants" shall refer to the District of Columbia, Corrections Corporation of America, and Transcor and shall include any predecessors-in-interest, successors-in-interest, present or former affiliates, partners, beneficiaries, employees, agents, servants, Representatives, and/or other persons acting or purporting to act on their behalf, including without limitation any attorney employed or retained by or for them.

2.     The terms "person" or "persons" shall include any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all their officials, directors, officers, employees, representatives, and agents.

3.     The terms "official", "director", "officer", "employee", "representative", or "agent" shall include any natural or corporate person, including any attorney, serving, acting, or being in such capacity (by contract or otherwise) at any relevant time even though such person is no longer in such capacity.

4.     The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

5.    The singular shall be construed to include the plural and the plural shall be construed to include the singular as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

6.    "And" and "or" have both conjunctive and disjunctive meanings as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

7.    "Any" and "all" shall mean "each and every".

8.    "Communicate" or "communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every such disclosure, transfer, or exchange of information, whether orally or in a document, and whether face-to-face, by telephone, mail, electronic mail, wire, telex, telecopy, personal delivery, or otherwise.

9.    "Meeting" shall mean any assembly, convocation, encounter, conference, or contemporaneous presence of two or more persons for any purpose, formal or informal, whether or not planned, arranged, or scheduled in advance.

10.    "Concern", "concerning", or "relating to" shall mean mentioning, reflecting, pertaining to, making reference to, describing, discussing, analyzing, or commenting on a mater, directly or indirectly, in whole or in part.

11.    An interrogatory relating to any communication or meeting with a corporation, partnership, or other business or governmental entity shall include any communication or meeting with its officers, directors, controlling shareholders, employees, representatives, agents and attorneys acting on the entity's behalf.

12.   "Describe" shall mean to state fully all known facts reasonably related to the subject of the interrogatory.

13.   "Occurrence" shall mean any incident or event, especially one that happens without being designed, planned, or expected.

## INSTRUCTIONS

1.   Each of the following interrogatories is continuing in nature. If you obtain any additional information responsive to these interrogatories at any later date, promptly so inform Plaintiff and submit supplemental or amended responses as required by Federal Rule of Civil Procedure 26(e)(2).

2.   If you believe that any of the following interrogatories calls for assertions of a claim of privilege, answer so much of the interrogatory as is not included within the privilege claim, and set forth with respect to each specific item of information as to which a claim of privilege is asserted the nature of the privilege claimed (e.g., attorney-client, work product, etc.), a general description of the information, the source of the information, the complete factual basis for the claim, and each person to whom the information has been disclosed. For each response or part of response as to which you claim privilege, provide a mutually agreeable log containing the information required by Federal Rule of Civil Procedure 26(b)(5).

3.   If for reasons other than a claim of privilege, you refuse to respond to any interrogatories, state the grounds upon which the refusal is based with sufficient specificity

-4-

to permit a determination of the propriety of such refusal.

## INTERROGATORIES

1.    State your full name, address, date of birth, marital status, and Social Security Number.

2.    By whom were you employed and what were your duties and wages at the time of the occurrence?

3.    State the duties and responsibilities of your current employment position.

4.    Name all eyewitnesses to all or part of the occurence, including all staff and inmates on the bus ride from Youngstown, Ohio to Florence, Arizona on July 2-4, 2001.

5.    Name all Transcor officers and/or other officials who escorted the plaintiff on the bus ride from Youngstown, OH, to Florence, AZ, on July 2-4, 2001.

6.    Name all persons who investigated the cause and circumstances of the occurrence for you.

7.    Name all persons who investigated plaintiff's injuries and damages for you.

8.    Name any medical personnel on the bus during the occurrence or any who examined or treated the plaintiff during or immediately after the 40 hour bus ride from Youngstown, OH, to Florence, AZ, on July 2-4, 2001.

9.    Name any person, not heretofore mentioned, having personal knowledge of facts material to this case.

-5-

10.    Name those persons who have given you signed statements concerning the occurrence.

11.    If a report was made by you or an employee of yours in the ordinary course of business with respect to the occurrence, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

12.    State whether you have in your possession or control photographs, charts, or diagrams of the configuration of the bus used during the occurrence.

13.    To your knowledge, were photographs taken of the plaintiff's hands, wrists, and ankles, before, during, or after the occurrence?

14.    Provide copies of all reports or disgnosis provided by medical staff concerning plaintiff's injuries, since July 2, 2001, to this date.

15.    Give a concise statement as to the manner in which prisoners from the District of Columbia were to be transported by Transcor and/or Corrections Corporation of America from the year 1997 to the year 2002.

16.    If you contend that plaintiff acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

17.    If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

-6-

18.   Name all experts whom you propose to call as witnesses.

19.   State the subject matter on which an expert whom you propose to call as a witness at trial will testify, the substance of the facts and opinions to which the expert is expected to testify and a summery of the grounds for each opinion.

20.   Name all physicians who have treated the plaintiff for any condition, or the aggravation thereof, as a result of injuries from the occurrence.

21.   State whether you consumed any alcoholic beverages within 8 hours prior to said occurrence, the place where such alcoholic beverages were obtained, and the nature and amount thereof.

22.   Give the District of Columbia, Department of Corrections position concerning the proper manner to transport prisoners, during the year 1997 to the year 2002.

23.   For each calendar year from 1997 to 2002, provide the company name of the healthcare provider at the Northeast Ohio Correctional Center in Youngstown, Ohio, and the Central Arizona Detention Center, in Florence, Arizona.

24.   If you claim that the District of Columbia was not responsible for plaintiff's health care during any of the years listed above in interrogatory #23, provide the official, state, company, corporation, or entity, that was responsible for plaintiff's healthcare.

-7-

25. Describe the procedure that was used to determine which D.C. prisoners would be transferred from Youngstown, OH, to Florence, AZ, in the years 1997-2002.

Respectfully Submitted,

ISMAIL ABDUL MALIK, <u>Pro</u> <u>Se</u>
A/K/A ROY THOMAS,
Reg. No. 11340-007
USP-Big Sandy
P.O. Box 2068
Inex, KY 41224

## CERTIFICATE OF SERVICE

This certifies that I have this ___15th___, day of September, 2006, placed a true and exact copy of the Plaintiff's First Set of Interrogatories in the U.S. Mail, First Class postage prepaid, addressed to:

Daniel P. Struck, Esq.,
Jones, Skelton & Hocholi, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012

Michael P. Bruckheim, Esq.,
Asst. Attorney General
For the District of Columbia
441 - 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

ISMAIL ABDUL MALIK, <u>Pro</u> <u>Se</u>
A/K/A ROY THOMAS
Reg. No. 11340-007
USP - Big Sandy
P.O. Box 2068
Inez, KY 41224

-8-

**Exhibit C**

DOCKETED Calendared

DATE DOCKETED: 9-05-06
DOCKETED FOR: 10-23-06  **UNITED STATES DISTRICT COURT**
REMINDERS: Various         **FOR THE DISTRICT OF COLUMBIA**

RECEIVED
SEP 2 5 2006 RECEIVED
DPS      SEP 2 7 2006

ISMAIL ABDUL MALIK,         :
a/k/a ROY THOMAS

        Plaintiff,          :

    V.                      :        Civil Action No. 05-CV-1374  TJB
                             :        (RMC)

DISTRICT OF COLUMBIA, et al., :

        Defendants.          :
                             :
_____

### PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Federal Rule of Civil Procedure 34 and the rules of this Court, Plaintiff Ismail Abdul Malik, a/k/a Roy Thomas, pro se, directs the following document requests to Defendants, District of Columbia, Corrections Corporation of America, and Transcor, to be answered and returned, along with responsive documents, to Plaintiff at USP- Big Sandy, P.O. Box 2068, Inez, KY 41224, on or before October 23, 2006, which date is thirty days after service hereof.

### DEFINITIONS

L. The terms "you," "your," and "Defendants" shall refer to the District of Columbia, Corrections Corporation of America, and Transcor and shall include any predecessors-in-interest, successors-in-interest, present or former affiliates, partners, beneficiaries, employees, agents, servants, representatives, and/or other persons acting or purporting to act on their behalf, including without limitation and attorney employed or retained by or for them.

**DOCKETED**

DATE DOCKETED: 9-27-06
DOCKETED FOR: 10-23-06
REMINDERS: 9-27-06

2. The terms "person" or "persons" shall include any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, and all their officials, directors, officers, employees, representatives, and agents.

3. The terms "official," "director," "officer," employee," "representative," or "agent" shall include any natural or corporate person, including any attorney, serving, acting, or being in such capacity(by contract or otherwise)at any relevant time even though such person is no longer in such capacity.

4. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as required by the context to elicit all information discoverable within the broadest scope of these document requests.

5. The singular shall be construed to include the plural and the plural shall be construed to include the singular as required by the context to elicit all information discoverable within the broadest scope of these document requests.

6. "And and "or" have both conjunctive and disjunctive meanings as required by the context to elicit all information discoverable within the broadest scope of these document requests.

7. "Any" and "all" shall mean "each and every".

8. "Copy" shall mean any reproduction, in whole or in part, of an original document and includes, but is not limited to, non-identical copies made from copies.

9. "Document" shall refer to each original and each non-identical copy(whether different from the original by means of notes made on such copy or otherwise) of all forms of retained information,

-2-

whether on paper, photograph, magnetic impulse, mechanical or elec-
tronic recording, or any other form, including, without limitation,
all material that is handwritten, typewritten, printed, recorded,
transcribed, punched, taped, photocopied, photostatted, telexed,
telecopied, filmed, recorded on audio, video or computer tape disc,
microfilmed, or other graphic or recorded matter, however denominated
by you, and any drafts, revisions, or amendments thereof, whether
existing in hard-copy, paper format or existing only in electronic
form.

10.  "Communicate" or "communication" shall mean every manner
or means of disclosure, transfer, or exchange of information, and
every such disclosure, transfer, or exchange of information, whether
orally or in a document, and whether face-to-face, by telephone,
mail, electronic mail, wire, telex, telecopy, personal delivery,
or otherwise.

11.  "Meeting" shall mean any assembly, convocation, encounter,
conference or contemporaneous presence of two or more persons for
any purpose, formal or informal, whether or not planned, arranged,
or scheduled in advance.

12.  "Concern," "concerning," or "relating to" shall mean men-
tioning, reflecting, pertaining to, making reference to, describing,
discussing, analyzing, or commenting on a matter, directly or in-
directly, in whole or in part.

13.  A request for documents relating to any communication or
meeting with a corporation,partnership, or other business or govern-
mental entity shall include any communications or meeting with its
officers, directors, controlling shareholders, employees, representa-
tives, agents, and attorneys acting on the entity's behalf.

14. "Occurrence" shall mean any incident or event, especially one that happens without being designed, planned, or expected.

## INSTRUCTIONS

1.  Each of the following document requests is continuing in nature.  If you obtain any additional responsive documents at any later date, promptly so inform Plaintiff and submit supplemental or amended answers and documents as required by the Federal Rule of Civil Procedure 26(e)(2).

2.  Produce all responsive documents in your possession, custody, or control from files that contain responsive documents, wherever located, and whether active, in storage, or otherwise. In compliance with this instruction, the following directions apply:

a. Proved the original of each requested document and all non-identical copies(i.e., all copies that differ in any respect from each other or from the original first produced).

b.  Produce all documents and files in the order they appear in the files of the producing party and in a manner that specifies the name, title, and office location of the person from whom the documents were obtained, and the name of any file from which the documents were obtained.

c.  For any responsive document that no longer exists or has been lost, destroyed, or temporarily mislaid, furnish the following information:  a description of the document including type, title, subject matter, and date; whether it was lost, destroyed, or temporarily mislaid; what efforts were made to locate the document; when and by whom the document was lost, destroyed, or temporarily mislaid; and the number of the request to which the document would be responsive.

-4-

d. If any part of a document is responsive to any request, produce the whole document.

e.  If you maintain requested information on electronic media (including, but not limited to, computer discs or tape), produce both a print-out of the information and a copy of the electronic media with information regarding the programming necessary to retrieve the information. For information stored on microfiche, produce a printed copy of the information.

3.  If you believe that any of the following document requests calls for assertions of a claim of privilege, produce so much of the document as is not included within the privilege claim and set forth with respect to each specific document or portion of document as to which a claim of privilege is asserted, the nature of the privilege claimed(e.g., attorney-client, work product, etc.), a general description of the document or portion of document, the document's author, the complete factual basis for the claim, and each person to whom the document or portion of document has been disclosed. For each document or part of document as to which you claimprivilege, provide mutually agreeable log containing the information required by the Federal Rule of Civil Procedure 26(b)(5).

4. If for reasons other than a claim of privilege, you refuse to produce dcuments reponsive to any document request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

-5-

## DOCUMENT REQUESTS

1.  Please produce all documents that reference in any manner reports, records, decision, communications, discussions, directives, hearings, or meetings concerning Ismail Abdul Malik, a/k/a Roy Thomas being transferred to the Central Arizona Detention Center in Florence Arizona, from the NOCC in Youngstown, OH.

2.  Please produce all documents that reference in any manner reports, records, decisions, communications, discussions, directives, hearings, or meetings concerning the manner in which D.C. prisoners would be transported when transferred from NOCC to CADF, during the years 1997 through 2002.

3.  Please produce all documents that reference in any manner reports, records, decision, communications, discussions, directives, hearings or contracts between the District of Columbia and Corrections Corporation of America, to confine and/or transfer D. C. prisoners to any private or federal prison from the years 1997 through 2002.

4.  Please produce all documents that reference in any manner reports, records, decisions, communications, discussions, directives, hearings, or meetings concerning the condition of the buses used by Transcor to transport prisoners, during the years 1997 through 2002.

5.  Please provide the maintenance log for the bus Transcor used to transport plaintiff to Arizona on July 2-4, 2001, for the six(6) month period preceding July, 2001.

Respectfully submitted,

_Ismail Abdul Malik_ (signature)

ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS
Reg. No. 11340-007
USP- Big Sandy
P. O. Box 2068
Inez, KY 41224

## CERTIFICATE OF SERVICE

This certifies that I have this 18th day of September, 2006, placed a true and exact copy of the Plaintiff's First Set of Document Requests in the U. S. Mail, first-class postage prepaid, addressed to:


Daniel P. Struck, Esquire
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012



Michael P. Bruckheim,,Esquire
Asst. Attorney General
For the District of Columbia
441 - 4th Street, N. W.
Sixth Floor South
Washington, D. C. 20001


_Ismail Abdul Malik_ (signature)

ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS

Executed this 18th day of September, 2006, at Inez, Ky purusant to 28 U.S.C. §1746.


_Ismail Abdul Malik_ (signature)

ISMAIL ABDUL MALIK, pro se
a/k/a ROY THOMAS

-7-

**Exhibit D**

RECEIVED

FEB 1 2007

DPS

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK          :
A/K/A ROY THOMAS,           :
                            :
     Plaintiff,             :
                            :
v.                          :
                            :
                            :    Civil Action No. 1:05-CV-1374
                            :                (RMC)
DISTRICT OF COLUMBIA, et al, :
                            :
_____Defendants._____ :


## PLAINTIFF'S SECOND SET OF

## INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and the Rules of this Court, plaintiff Ismail Abdul Malik, A/K/A Roy Thomas, pro se, hereby directs the following interrogatories to Defendants the District of Columbia, Corrections Coporation of America (CCA), and Transcor, to be answered and returned, along with responsive documents, to the plaintiff at USP-Big Sandy, P.O. Box 2068, Inez, KY 41224, on or before *March 2,* 200X, which date is thirty days after service hereof.

-1-

DOCKETED

DATE DOCKETED: 2-2-07
DOCKETED FOR: 2-26-07
REMINDERS: 2-2-07

<u>DEFINITIONS</u>

1.    The terms "you", "your", and "Defendants" shall refer to the District of Columbia, Corrections Corporation of America, and Transcor and shall include any predecessors-in-interest, successors-in-interest, present or former affiliates, partners, beneficiaries, employees, agents, servants, Representatives, and/or other persons acting or purporting to act on their behalf, including without limitation any attorney employed or retained by or for them.

2.    The terms "person" or "persons" shall include any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all their officials, directors, officers, employees, representatives, and agents.

3.    The terms "official", "director", "officer", "employee", "representative", or "agent" shall include any natural or corporate person, including any attorney, serving, acting, or being in such capacity (by contract or otherwise) at any relevant time even though such person is no longer in such capacity.

4.    The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

-2-

5.    The singular shall be construed to include the plural and the plural shall be construed to include the singular as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

6.    "And" and "or" have both conjunctive and disjunctive meanings as required by the context to elicit all information discoverable within the broadest scope of these interrogatories.

7.    "Any" and "all" shall mean "each and every".

8.    "Communicate" or "communication" shall mean every manner or means of disclosure, transfer, or exchange of information, and every such disclosure, transfer, or exchange of information, whether orally or in a document, and whether face-to-face, by telephone, mail, electronic mail, wire, telex, telecopy, personal delivery, or otherwise.

9.    "Meeting" shall mean any assembly, convocation, encounter, conference, or contemporaneous presence of two or more persons for any purpose, formal or informal, whether or not planned, arranged, or scheduled in advance.

10.    "Concern", "concerning", or "relating to" shall mean mentioning, reflecting, pertaining to, making reference to, describing, discussing, analyzing, or commenting on a mater, directly or indirectly, in whole or in part.

11.    An interrogatory relating to any communication or meeting with a corporation, partnership, or other business or governmental entity shall include any communication or meeting with its officers, directors, controlling shareholders, employees, representatives, agents and attorneys acting on the entity's behalf.

12.    "Describe" shall mean to state fully all known facts reasonably related to the subject of the interrogatory.

13.    "Occurrence" shall mean any incident or event, especially one that happens without being designed, planned, or expected.

## INSTRUCTIONS

1.    Each of the following interrogatories is continuing in nature.  If you obtain any additional information responsive to these interrogatories at any later date, promptly so inform Plaintiff and submit supplemental or amended responses as required by Federal Rule of Civil Procedure 26(e)(2).

2.    If you believe that any of the following interrogatories calls for assertions of a claim of privilege, answer so much of the interrogatory as is not included within the privilege claim, and set forth with respect to each specific item of information as to which a claim of privilege is asserted the nature of the privilege claimed (e.g., attorney-client, work product, etc.), a general description of the information, the source of the information, the complete factual basis for the claim, and each person to whom the information has been disclosed. For each response or part of response as to which you claim privilege, provide a mutually agreeable log containing the information required by Federal Rule of Civil Procedure 26(b)(5).

3.    If for reasons other than a claim of privilege, you refuse to respond to any interrogatories, state the grounds upon which the refusal is based with sufficient specificity

-4-

to permit a determination of the propriety of such refusal.

## SECOND SET OF INTERROGATORIES

1.   If you claim that you are not liable for the incarceration, supervision, and transfer of the plaintiff, then who do you claim responsible for the above?

2.   To your knowledge, what law did the plaintiff violate in the State of Ohio and the State of Arizona to give a private prison the authority to incarcerate the plaintiff?

3.   The plaintiff was tried, convicted, and sentenced in the Superior Court of the District of Columbia; what entity do you claim was responsible for the incarceration, supervision, and transfer of the plaintiff on July 2nd - 4th, 2001.

4.   On what date did you first investigate the events complained of during the bus trip of July 2nd - 4th, 2001?

5.   When did you first inquire of staff or others concerning the events on the bus ride from Youngstown, OH. to Florence, AZ., on July 2nd - 4th, 2001.

6.   Please provide the full name, job title, and business address for Carl Richey, M. Sherman, and Vicotr Araiza.

7.   The plaintiff was convicted and sentenced in the Superior Court of the District of Columbia; what entity do you claim was responsible for the incarceration, supervision, and transfer of the plaintiff on July 2nd - 4th, 2001?

-5-

Respectfully Submitted,

*Ismail Abdul Malik*

ISMAIL ABDUL MALIK, <u>Pro Se</u>
A/K/A ROY THOMAS,
Reg. No. 11340-007
USP-Big Sandy
P.O. Box 2068
Inez, KY 41224


## CERTIFICATE OF SERVICE


    This certifies that I have this 26th, day of January ,
200 7 , placed a true and exact copy of the Plaintiff's Second Set of
Interrogatories in the U.S. Mail, First Class postage pre-paid,
addressed to:


        Danel P. Struck, Esq.,
        Jones, Skelton & Hocholi, P.L.C.
        2901 North Central Avenue
        Suite 800
        Phoenix, AZ  85012


        Michael P. Bruckheim, Esq.,
        Asst. Attorney General
        for the District of Columbia
        441 - 4th - Street, N.W.
        Sixth Floor South
        Washington, D.C.  20001


                                *Ismail Abdul Malik*
                                ISMAIL ABDUL MALIK, <u>Pro Se</u>
                                A/K/A ROY THOMAS
                                USP - Big Sandy
                                P.O. Box 2068
                                Inez, KY  41224


                        -6-