IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ismail Abdul Malik, a/k/a Roy Thomas,**<br><br>  Plaintiff,<br><br>  v.<br><br>**District of Columbia,** *et al.***,**<br><br>  Defendants. | **Civil Action No. 1:05-cv-1374 (RMC)** |

**DEFENDANTS DISTRICT OF COLUMBIA, CORRECTIONS CORPORATION OF AMERICA AND TRANSCOR'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants, through counsel, submit this reply brief in support of their Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment.

Plaintiff does not dispute that under 42 U.S.C. § 1997e(a) he is required to properly exhaust all available administrative remedies prior to filing suit. Rather Plaintiff in both his opposition and Rule 56(f) affidavit, attempts to survive Defendants' motion by raising immaterial and irrelevant issues of fact, to support the contention that he did exhaust administrative remedies or that those remedies were not available to him. However, those purported facts are insufficient to demonstrate exhaustion or to create a *genuine* disputed material fact; thus, Defendants motion should be granted.

**I.   STANDARD OF REVIEW**

Contrary to Plaintiff's argument, to defeat a motion under Fed. R. Civ. P. 12(c) or 56, nonmoving parties "must do more than simply show that there is some metaphysical doubt as to the material facts."[1] The nonmoving party "must offer some hard evidence that its version of the

---

[1] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

events is not wholly fanciful."[2]  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[3]  "Although as a rule, statements made by the party opposing a motion for summary judgment must be accepted as true for the purpose of ruling on that motion, some statements are so conclusory as to come within an exception to that rule."[4]

Another exception arises "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account."[5]  Thus, summary judgment "is *most likely* when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by collaborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury."[6]

The question for the Court is not whether *any* evidence supports the nonmoving party's assertions; rather, there must be evidence on which a jury could reasonably find in that party's favor.[7]  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any *genuine* factual issues that properly can be resolved only by a finder of fact because *they may reasonably be resolved in favor of either party*."[8]  Therefore, "[Judges are no] longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof…. [The question is] not whether there is literally no evidence [supporting the nonmoving party], but

---

[2] *D'Amico v. City of New York,* 132 F.3d. 145, 149 (2d Cir. 1998).
[3] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).
[4] *Green v. Dalton,* 164 F.3d 671, 675 (D.C. Cir. 1999).
[5] *Jeffreys v. City of New York,* 426 F.3d 549 (2d Cir. 2005)(citation omitted).
[6] *Johnson v. Wash. Metro. Area Transit Auth.,* 883 F.2d 125, 128 (D.C. Cir. 1989) (emphasis added).
[7] *Anderson,* 477 U.S. at 248-249; *Jeffreys,* 426 F.3d at 554; *Johnson,* 883 F.2d at 128.
[8] *Anderson,* 477 U.S. at 250 (emphasis added)

1765016.1

whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."[9]

## II. PLAINTIFF WAS ADEQUATELY ADVISED OF HOW TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH TRANSCOR

Plaintiff alleges he has never been provided the TransCor grievance policy and assumes that the failure to have a formal grievance policy obviates the requirement to exhaust all available administrative remedies. This argument is a red herring, since the requirement of 42 U.S.C. 1997(e)a is not that an inmate must exhaust all levels of the formal grievance policy, but that all available *administrative remedies* must be exhausted. The informal grievance policy of TransCor is an administrative remedy that is more than adequately described in the Affidavit of Vicki Batson. Moreover, as demonstrated not only by the grievance submitted by Plaintiff,[10] but also on the grievances of Inmates Marvin Bushrod and Timothy Shaw, Plaintiff was explicitly told "you need to write to TransCor to file your grievance."[11]

Where formal grievance policies are in place, they are important for a determination of whether or not Plaintiff properly exhausted his administrative remedies, the fact that TransCor's grievance policy is informal, rather than formal is a boone to the Plaintiff. Plaintiff does not need to comply with extensive procedural hurdles, or rush to file a timely grievance, or submit a grievance on only one issue, in order to *properly* exhaust administrative remedies. Rather, all Plaintiff must do is ensure that his grievance is received by TransCor so that an investigation into his allegations may be initiated.[12]

Plaintiff points to this courts unpublished memorandum opinion and order in *Harris v. District of Columbia* for the proposition that adequate exhaustion had taken place, presumably because TransCor does not have a formal grievance policy.[13] However, in the *Harris* case, as in

---

[9] *Id.* at 251 (internal quotation marks omitted) (quoting *Improvement Co. v. Munson,* 81 U.S. 442, 448 (1872)).
[10] SOF ¶¶ 13-14.
[11] SOF ¶14, Exhibit 1, Attachment A; Plt's Ex. 2 ("you will need to file your grievance with TransCor"); Plt's Ex. 3 ("you need to seek relief from TransCor")
[12] SOF ¶ 15.
[13] Memorandum Opinion and Order, Civ. No. 02-0100 (EGS), (September 26, 2003) at 4.

Plaintiff's 2003 case, defense counsel did not submit affirmative proof that Plaintiff failed to exhaust administrative remedies, but rather premised their arguments relating to failure to dismiss on the fact that Plaintiff's in both cases did not plead exhaustion in their complaints.[14] In the instant case, the Affidavit of Carl Richey demonstrates that there is no need to claim "that an appeal to an outside entity was required under the [CADC] grievance procedures."[15] Rather, since the Plaintiffs were transported by TransCor, not CADC, their conditions of transport complaints were not grievable matters at CADC since Plaintiff was outside of CCA's care and supervision during his transport.[16] While CADC could have just denied the grievance on that basis, they provided proper instruction of how grievances could be submitted to TransCor.

Moreover, Plaintiff points out that Mr. Richey included CCA/CADC grievance appeal forms and that Mr. Richey's colleague Ms. Sherman, advised Plaintiff that he would receive a copy of his appeal when he received a response. Plaintiff argues that "all of the above would give any layman of normal diligence the impression, that the administrative remedies were being exhausted and that the letter to TransCor was merely to get input into the investigation from the agency who did the actual transporting."[17] Plaintiff contends that as a result of those facts and the inference he drew, Defendants motion should be denied, *even though* there is "no record of a letter to TransCor."[18] This however, is not a genuine disputed issue where Plaintiff could prevail at trial. Mr. Richey, Ms. Sherman and Assistant Warden Araiza were not maliciously attempting to mislead Plaintiff into believing that he had exhausted his administrative remedies; rather they were doing their job as "any denial of access to the grievance procedure" is both grievable and

---

[14] As Defendants have provided affirmative proof of non-exhaustion in the form of Affidavits of Carl Richey and Vicki Batson, Defendants cannot conceive why Plaintiff would allege that "[t]here has not been any new evidence presented in this case." Plt's Opp. at 11. Likewise, Plaintiff's "waiver" argument is also unfounded as Defendants explicitly preserved this affirmative defense in their answers in the instant case. *See* CCA & TransCor's Answer at 4-5 (Fifth Affirmative Defense), D.C.'s Answer at 4 (Eleventh Defense).
[15] Memorandum Opinion and Order, Civ. No. 02-0100 (EGS), (September 26, 2003) at 4..
[16] SOF ¶ 4. Only matters relating to the conditions of care and supervision *within* the authority of CCA are grievable. *Id,* Richey Aff. ¶ 6.
[17] Plt's Opp. at 6.
[18] *Id.*

appealable under the CADC grievance policy.[19] In other words, the initial denial of Plaintiff's conditions of transport grievance as "non grievable" was an appealable decision, and Mr. Richey, Ms. Sherman and Assistant Warden Araiza handled Plaintiff's appeal as required by the policy. Moreover, to eliminate any confusion, Assistant Warden Araiza explicitly instructed Plaintiff "you need to write to TransCor to file your grievance."[20]

Likewise, Plaintiff's conclusory allegation that he was not told that his grievance at CADC was denied as "not grievable" is at best a tortured misinterpretation of the statement "Transcor, not CADC staff, provided the transportation. This issue out of this facilities control…. We are unable to further process your grievance."[21] Moreover, Plaintiff's reliance on the Affidavit of Donald Hatch is immaterial. Donald Hatch attaches a grievance signed by then-Unit Manger Harold Newton in 1998 and an Inmate Grievance Screening form utilized in 1999. However, it is the CADC grievance policy in effect in July 2001 which is at issue and is detailed in the Affidavit of Carl Richey.[22] Additionally, had the grievance merely been denied using the screening form, then Plaintiff would have had an reasonable argument that he did not know how to go about submitted a grievance to TransCor. However, that information was provided to Plaintiff.[23]

Finally, Plaintiff contends that he was not "provided with the exact procedures that was available to exhaust administrative remedies" and that "the July 18, 2001, communication from M. Sherman and C. Richey is not addressed to Plaintiff."[24] Despite Plaintiff's efforts at obfuscation, this is not a *genuine* disputed issue of fact. Defendants produced and attached to the Affidavit of Carl Richey the documents maintained in their file, which include the form letter written to address the several grievances received at CADC complaining of the conditions of transport by TransCor. However, in his August 8, 2003 Traverse to the Defendants' Motion to

---

[19] SOF ¶ 4, Ex. 1 at ¶ 6.
[20] SOF ¶ 18, Ex. 1, Attachment A.
[21] SOF ¶ 13, Ex. 1, Attachment A.
[22] Richey Aff. ¶ 5.
[23] *See* SOF ¶ 13, Ex. 1, Attachment A.
[24] Plt's Opp. at 8, 10.

Dismiss filed in Civ. Action No. 03-0944 (RMC), Plaintiff attached as exhibit 5, the copy of the response with his name, DCDC No. and cell number written in, that he now alleges was never given to him.[25]

### III.   PLAINTIFF'S "LETTER TO TRANSCOR"

As an afterthought, Plaintiff mentions that he mailed a letter to TransCor, as instructed "in July 2001, and never received a response. It is highly likely that whoever received the letter at TransCor disregarded it and chose not to respond to the complaints."[26] However, Plaintiff does not dispute that the "letter" was never received, suggesting instead that it could have been destroyed under TransCor's document retention policy.[27]

Last year, two different district courts have granted motions to dismiss in similar cases where a plaintiff's allegations that he mailed or filed a grievance, were disputed by contradictory affidavits that no grievance was ever received.[28] The facts of those cases are strikingly comparable to the facts in the instant case.

In *Dawson,* the Court ruled that plaintiffs affidavit that he mailed a copy of his informal grievance to defendant was insufficient in light of defendant's specific affidavit that he did not receive an informal grievance via the mail system, coupled with the fact that plaintiff failed to provide proof, such as a receipt, for his grievance.[29] In *Allah,* the plaintiff relied on general assertions that he has exhausted all of his administrative remedies and that more than 80% of his grievances have been ignored. The court however, discussing the plaintiff's retaliation allegation, found it was "not credible since there is no record of any such grievance. Plaintiff contends that he filed a grievance … that it (and a subsequent appeal) were ignored, and that his

---

[25] Attached hereto as Exhibit 1.
[26] Plt's Opp. at 10.
[27] Plaintiff however, has no knowledge of TransCor's document retention policy and has never sought discovery relating to it. Ms. Batson both searched existing Quality Assurance files which were contained documents retained since July 1, 2001 and then independently verified her search results. Batson Aff. ¶¶ 6-7.
[28] See *Dawson v. Roundtree,* No. Civ. A. CV604-145, 2006 WL 1431465 (S.D. Ga. February 15, 2006); *Allah v. Grenier,* No. 03 Civ. 3789(NRB), 2006 WL 357824 (S.D.N.Y. May 24, 2006).
[29] *Dawson,* 2006 WL 1431465 at *4. Plaintiff's allegation that defendant refused to accept his grievance was further undercut by the fact the plaintiff's subsequent grievances were accepted. *Id.* However, in the instant case, Plaintiff purports to have only sent one letter.

copy was confiscated in the April 25, 2000 search of his cell without being returned. However, such allegations, without any other proof, and contradicted by sworn affidavits and grievance records submitted by defendants, are insufficient to create a material issue of fact for trial."[30]

### A. Plaintiff's allegations concerning this letter are not credible.

In the instant case, Plaintiff contends that he attempted to mail one "letter" to TransCor in July 2001, and that he never received a response. However, upon examination of Plaintiff's history and argument regarding his grievances, Plaintiff's allegation strains far beyond the bounds of reasonable credulity. First, it is ironic that this is the first time in six years that Plaintiff has recalled or "recently found" this "letter" the week before his opposition is due. Plaintiff made no previous mention of this letter in his 2003 Complaint, Amended Complaint or Traverse to Defendants' Motion to Dismiss for failure to exhaust administrative remedies.

Second, Plaintiff fails in trying to both have his cake and eat it too. Plaintiff claims that on the very same day this purported letter was written, he did not receive any instructions to write to TransCor.[31] Plaintiff could not have written a letter if he didn't receive the instructions. Moreover, since Plaintiff acknowledged in 2003 and provided confirmation that he received those instructions, the court now has discretion to view all of Plaintiff's other allegations in a suspect light.

Third, Plaintiff complained in one of his grievances, that on July 27, 2001, he submitted a grievance complaining that he didn't get a carbon copy of a grievance, but that a copy would be returned with the decision.[32] Plaintiff did not submit this request because he is unsophisticated. Plaintiff made the request in full anticipation of creating a record of his attempts to exhaust administrative remedies. However it is inconceivable that an individual who was unable to make a photocopy of his grievance prior to submitting it, on the same day could have made a photocopy of his letter to TransCor to keep for his file. Yet, that is precisely what Plaintiff

---

[30] *Allah,* 2006 WL 357824 at *5.
[31] Plt's Opp. at 10. *See supra* at 5 (Plaintiff attached a copy indicating receipt to his 2003 Traverse).
[32] Exhibit 1.

expects the Court to believe.

Fourth, there is no indicia that Plaintiff actually mailed his purported "letter". In fact, the outgoing mail log at CADC suggest that Plaintiff never mailed his "letter" before his discharge on August 21, 2001.[33] Moreover, Plaintiff's conduct since July 27, 2001 imply that no such letter was mailed. While at CADC, Plaintiff submitted a grievance asking for a copy of a prior grievance decision. However, in the six years since Plaintiff purportedly "wrote" to TransCor, Plaintiff did not once follow-up or inquire into why he had not received a response. Moreover, Plaintiff did not even write to them to advise them that he had been transferred to another facility. Had he done such, then Plaintiff would have been advised if his letter, assuming it was ever mailed, had not been received. That acknowledgement, would provide proof that Plaintiff contacted TransCor and if not instructed to resubmit his grievance, would have constituted exhaustion.[34] Yet, Plaintiff failed to act with any indicia that he actually wrote or mailed the purported "letter" as alleged. Those failures and inconsistencies demonstrate that Plaintiff's allegations that he actually exhausted administrative remedies by submitting a letter, as directed, to TransCor, simply are incredulous. As in *Allah* and *Dawson*, the allegation fails to create a *genuine* disputed issue of material fact sufficient with withstand Defendants' Motion.

    **B.**    **Plaintiff's affidavit and "letter" defy the laws of physics.**

In 1989, the D.C. Circuit explicitly held that summary judgment is likely to be granted when the nonmoving party's allegations are undermined by either "physical impossibility" or "persuasive evidence of perjury."[35] Plaintiff's affidavit can only be true if the Court were to suspend the Law of Conservation of Mass[36], and the allegations raised therein should be

---

[33] See Affidavit of Harold Newton, Exhibit 2 hereto, ¶¶ 3-4, 9.
[34] *Dole v. Chandler,* 438 F.3d 804 (7th Cir. 2006) (administrative remedies were exhausted when Defendants (1) concede that Plaintiff submitted his initial complaint into the inmate mail system and (2) in response to follow-up by inmate regarding lack of grievance response, inmate is told that no grievance was received and was not provided instructions on how to proceed after deadline for grievance submission had passed); *see also, Brookins v. Vogel,* No. 1:05-cv-0413-OWW-DPB-P, 2006 WL 3437482 (E.D. Ca. November 28, 2006) (denial of Rule 12(b) motion is appropriate when resubmittal of lost appeal is denied as untimely).
[35] *Johnson,* 883 F.2d at 128 (D.C. Cir. 1989).
[36] Matter can neither be created nor destroyed.

dismissed precisely in accord with the D.C. Circuit's guidance.

Plaintiff asks the Court to believe that "[o]n July 21, 2001, I mailed a letter to TransCor …. I recently located a copy of the July 27, 2001 letter."[37] While in and of itself, such a statement is plausible, **Plaintiff never made any photocopies of any letter between the times he alleges it was written and mailed.**[38] Plaintiff was not given free access to make photocopies by himself and would have been charged for any copies which had been made on his behalf, as his letter was not a legal document filed in court, but only a letter.[39] Plaintiff's Inmate Trust Account records confirm that no copies of any document were made for Plaintiff during the time period between writing and allegedly mailing the letter.[40]

As no copies were made, Plaintiff's statements that he both mailed the "letter" and retained a photocopy of it, defy physical possibility. Plaintiff simply could not have both mailed the letter and maintained a copy, as he asks the court to believe. The only possible way that Plaintiff's letter attached as Exhibit B to his affidavit is not a fabrication created by Plaintiff to survive the instant motion, is if, in fact, Plaintiff never actually mailed the letter, thus failing to exhaust his available administrative remedies.[41] As in *Johnson,* Plaintiff's offers no other support than his own self-serving affidavit, which is undermined by physical impossibility, if not persuasive evidence of perjury. Given those circumstances, Plaintiff's affidavit and the letter attached thereto as Exhibit B do not rise to the level of creating a *genuine* issue of disputed material fact necessitating denial of Defendants' motion.

## IV.   CONCLUSION

Because: (1) Plaintiff failed to provide the Court with any evidence he complied with the

---

[37] Malik Aff. ¶ 4.
[38] Newton Aff. ¶ 8.
[39] *Id.* ¶¶ 5-6.
[40] *Id.* ¶ 7.
[41] Defendants reluctantly suggest they believe this letter to be a fabrication, especially in light of it's recitation of an unknown officer's statements upon which Plaintiff premises his retaliation claims. Plaintiff never made any such statement in either his grievances to CADC, nor in his sick call requests, suggesting that the final statement was included merely in light of Defendants motion, particularly as it relates to Plaintiff's retaliation claim. *See* Defendant's Motion for Judgment at 7; SOF ¶12, Ex. 1 ¶ 19.

PLRA exhaustion requirements; and (2) Defendants affirmatively demonstrate that Plaintiff failed to properly exhaust the available administrative remedies Defendants CCA and TransCor respectfully request their Motion for Judgment on the pleadings or, in the Alternative, for Summary Judgment be granted.

Dated: April 12, 2007

        s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387

Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin , (D.C. Bar No. 473809)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendants*

1765016.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April 2007, a true an accurate copy of the foregoing Defendants District of Columbia, Corrections Corporation of America and TransCor's Reply Brief in Support of their Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, was sent via first-class mail, postage-prepaid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
**UNITED STATES PENITENTIARY BIG SANDY**
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*


       s/Dianne Clark