## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

Ismail Abdul Malik, a/k/a Roy Thomas,

       Plaintiff,

         v.                  Civil Action No. 1:05-cv-l374(RMC)

District of Columbia, et al.,

       Defendants.

# RECEIVED

APR 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S REPLY TO:  DEFENDANTS DISTRICT OF COLUMBIA, CORRECTIONS CORPORATION OF AMERICA, AND TRANSCOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR A COURT ORDER PURSUANT TO FED R. CIV. P. 56(f)AND MOTION FOR SANCTIONS UNDER RULE 56(g)

The Plaintiff, Ismail Abdul Malik, a/k/a Roy Thomas, pro se, respectfully files this reply to Defendants Motion in Opposition to Plaintiff's Motion For A Court Order Pursuant to Fed. R. Civ. P. 56(f) and Motion for sanctions, pursuant to Fed. R. Civ. P. 8(b); 12(b); and Local Rule 7 (d). Plaintiff avers that the Rule 56(f) motion was well-founded, necessitated by the omissions of the Defendants(which Plaintiff will support herein), and respectfully withdrawn , due to the admission of the Defendants in the responsive pleading herein. To wit, the Defendants admit that TransCor does not have a grievance procedure, which clearly shows that the Plaintiff exhausted all available administrative remedies, due to Plaintiff mailing a letter to Mr. Corlew at TransCor, which mailing complied with the alleged "Informal" process available to Plaintiff in the year 200l.  As a result, Defendants' Motion For Summary Judgment fails to meet its burden and must be denied. Plaintiff's  Memorandum of Points and Authorities in support of the above follows:

### I. JURISDICTION

This Honorable Court has jurisdiction to entertain this reply motion pursuant to Fed. R.

Civ. P. 8(b); 12(b); and Local Rule 7(d).

## II. TIMELINESS

l.)  The Defendants certify mailing the motion in opposition and for sanctions on April 4,
2007.

2.)  The Plaintiff received a copy of the Defendants' Motion on April 9, 2007. The Local
Civl Procedure Rule, Rule 7(d), provides five days for a reply memorandum.

3.  Pursuant to Fed. R. Civ. P. 6(a) when a period of time prescribed or allowed is less
than ll days, intermediate Saturdays, Sundays, and Legal Holidays shall be excluded from the
computation. Additionally, pursuant to Fed. R. Civ. P. 6(e) whenever a party has a right to act or
take some proceeding within a prescribed period of time and service is made by mail 3 days are
to be added to the prescribed period. Therefore, Plaintiff's reply memorandum is due to be filed
on or before April 19, 2007.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## I. BACKGROUND

1.)  Defendants filed a motion for Judgment on the Pleadings or, in the Alternative, For
Summary Judgment.

2.)  The Plaintiff filed a Motion In Opposition to Defendants' Motion For Summary
Judgment, and a Motion For A Court Order pursuant to Fed. R. Civ. P. 56(f).

3.  In response to Plaintiff's Motion under Rule 56(f) Defendants filed a motion in
opposition and for sanctions pursuant to Rule 56(g).

---

1 This Circuit adheres to the "Prisoners' Mailbox Rule"which establishes that prisoners' papers are considered filed when given to  prison
officials for mailing. See Houston v. Lack, 487 U.S. 266, 276, l0l L. Ed2d 245, l08 S. Ct.2379(1988); Koch v. Ricketts, 68 F.3d 1191, 1193(9th
Cir. l995)(holding filing to be within mailbox rule, codified by Fed. R. App. P. 4(c)).

## II. PLAINTIFF'S MOTION FOR A COURT ORDER PURSUANT TO
## FEDERAL RULE CIVIL PROCEDURE 56(f) IS WELL-FOUNDED IN THE LAW

Federal Rule of Civil Procedure 56(f) provides that a court "may refuse the application for [summary] judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, "if it "appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."Fed. R. Civ. P. 56(f). A party making a Rule 56(f) request must"state[]concretely" why additional discovery is needed to oppose a motion for summary judgment. Strang v. United States Arms Control & Disarmament Agency, 275 U.S. App. D.C. 37, 864 F.2d 859, 861(D.C. 1989).The Plaintiff is assisted herein by a fellow inmate who is more knowledgeable in the law than the inmate who assisted the plaintiff in the year 2003. Plaintiff's affidavit set out a need to be informed as to the reason it took Defendants three years to claim that the issues were not grievable with CCA. Defendants CCA and TransCor chose to make "fun" of Plaintiff's definitions, rather than to answer the interrogatories. Without question, the Defendants have representation by some of the most skilled and competent attorneys in this country, along with all the resources of the Office of the Attorney General of the District of Columbia. Surely, any concerns about whether an interrogatory pertained to any occurrence "throughout the course of human history" would have been alleviated by the Defendants denoting that the response applied only ot the incidents complained of on the bus trip of July 2-4, 2001 from NOCC to CADC.

Additionally, Defendant District of Columbia, with total disregard for the Court's Order of August 3, 2006,(MOJ) refused to answer Plaintiff's interrogatories.(copy of District of Columbia's Answers and Objections to Plaintiff's First Set of Interrogatories, in appendix, as Exhibit A).

The Plaintiff directs the Court's attention to Interrogaory #4, and the use of this response throughout the Answers.

> Answer: Objection as overly broad and vague. Without waving the objection, the District of Columbia was not responsible for the incarceration, supervision, and transfer of plaintiff in this matter and therefore has no information to provide.

It is inconceivable that the District of Columbia could claim no liability, where the Plaintiff is a District of Columbia prisoner, tried and convicted of crimes committed in the District of Columbia, and with no criminal convictions against CCA, or in the states of Ohio or Arizona. The District of Columbia goes on to claim that it is not a "proper defendant" in this case, and directs the Plaintiff to the response to interrogatory #4, seventeen times in responses to other interrogatories. This is true despite the fact that the Court's Memorandum Opinion and Order of August 3, 2006, dealt squarely with the District of Columbia's liability and found that the Plaintiff has sufficient plead the issue in order to proceed to trial.(Memorandum Opinion and Order in appendix, as Exhibit B).

Although the Plaintiff requests herein to withdraw the Rule 56(f) motion, plainitff seeks to show the Court that the motion was not filed for any dilatory purpose or to cuase any delay, which shows that sanctions are not warranted.

Defendants' claim that the Discovery requests did not deal with the issue of exhaustion of remedies misses the point. The Court had previously ruled in its Memorandum Opinion and Order of January 20, 2004, that Plaintiff had alleged that administrative remedies had been exhausted. The Court went on to state clearly its opinion on the issue:

> "absent an affirmative showing that Plaintiff failed to pursue
> his claims administratively before filing this civil action, the
> Court will deny defendant's motion without prejudice." (MOJ,
> Civ. No. 03-0944(RMC), January 20, 2004)(Defendants'
> Opposition Motion, Exhibit A at 3).

Thus, in the year 2006, and following a Court Order of Scheduling, the Plaintiff had no idea that Defendants would three(3) years after the ruling raise the issue of exhaustion of remedies.[2] Even still, had Defendants adequately responded to Plaintiff's interrogatories concerning persons who had investigated the "occurrence", it would have revealed the investigations peroformed by Mr. Richey and Ms. Batson.

Nonetheless, the primary reason for Plaintiff seeking to delay a ruling until adequate discovery was provided was that the Defendants had not responded to Plaintiff's March 5, 2007 letter seeking a copy of the TransCor Grievance Policy or Procedure. The issue is the most crucial factor in these proceedings. In otherwords, The existence or non-existence, of a grievance procedure at TransCor during the month of July, 2001 is the "be all" and "end all" of this controversy.

For the first time, on February 12, 2007, the Defendants claim in their Motion For Judgement on the Pleadings or, in the Alternative, For Summary Judgment, that the issues raised by Plaintiff were not grievable and alleged that Plaintiff did not send a letter toTransCor, therefore it was alleged that Plaintiff did not exhaust all available administrative remedies.

---

[2] The Plaintiff due to withdrawing the request under Rule 56(f) does not pursue the issue, however, Plaintiff believes that a case could be made for forfeiture in this matter, under Fed. R. Civ. P. 8(c) since the defense should have been plead in the Defendants' Answers. See Dole v. Williams Enterprises Inc., 278 U.S. App. D.C. 1, 876 F.2d 186,189(D.C. Cir. 1989).

there is no mention of the issues being non-grievable in Defendants' Motion To Dismiss For

Failure To Exhaust Administrative Remedies Or, In The Alternative, For Judgment On The

Pleadings or Defendants' reply in support of the above motion to dismiss. (Copy in appendix, as

Exhibit C).

The Defendants added the Affidavits of Carl Richey and Vicki Baston to their claims.

However, these affidavits are suspect and even if accepted for the truth asserted, add nothing

favorable to defendants' request for Summary Judgment. First, in an affidavit in another case,

John Kirsch claimed to be "the" Compliance Officer at CADC during the time Mr. Richey

claimed the position. (December 23, 1998, Affidavit in appendix, as Exhibit D, at 1) (See

Defendant's Summary Judgment Motion, Exhibit 1, at 1). The July 18, 2001, response allegedly

provided to Plaintiff concerning a date not relevant to these proceedings. The memorandum

references a trip on June 2, 2001, while Plaintiff was transported on July 2-4, 2001. (Copy of July

18, 2001, Memorandum, addressed to no named person, in appendix, as Exhibit E). Secondly, if

as the Defendants and the affidavits claim the issues were not grievable, then why did CCA

respond to appeals all the way to the Assistant Warden. The affidavit of Carl Richey even admits

that when the Plaintiff was told to write a letter to Trans Cor Plaintiff was provided CCA/CADC

grievance appeal forms. (Richey Affidavit, pg. 4, #12). The affidavit of Vicki Baston only

established that the records of Trans Cor did not provide conclusive proof that Plaintiff did not

submit a letter to Mr. Corlew at Trans Cor concerning the bus trip. Mr. Corlew left Trans Cor on

February 2, 2003. The conditions under which Mr. Corlew left are not provided and Ms. Batson

did not speak with Mr. Corlew to determine if he had a letter from Plaintiff or if his memory was

that such a letter was received in the year 2001. Absent further discovery, the Plaintiff would not

have been able to substantuate any claims concerning what happened to the letter Plaintiff sent to

-6-

Mr. Corlew. In any event, Ms. Batson affirmed an informal grievance procedure.

The terminology employed by Ms. Baston is self-defeating to Defendants' claims. A grievance procedure must have an appeal process of the initial complaint and any response thereto. Procedural due process requires that the defendants provide and inform the Plaintiff of any administrative remedies available, rather than a directive to write a letter to Trans Cor.

> "Minimal procedural due process is that parties whose rights are to be affected are entitled to be heard and, in order that they may enjoy that right, they must be notified." Fuentes v. Shevin, 407 U.S. 67, 79, 92 S. Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).

The Supreme Court has held that prisoners retain their First Amendment "Right to petition the Government for a redress of grievances." Turner v. Safely, 482 U.S. 78, 84, 96 L.Ed.2d 64, 107 S.Ct. 2254 (1987) (citing Johnson v. Avery, 393 U.S. 483, 21 L.Ed.2d 718, 89 S.Ct. 747 (1969)). This right extends not just to court filings but also to the various preliminary filings necessary to exhaust administrative remedies prior to seeking Judicial review. As the Fifth Circuit explained, "access to courts entails not only freedom to file pleadings but also freedom to employ... those accessories without which legal claims cannot be effectively assented." Ruiz v. Estelle, 679 F.2d 1115, 1153 (5th Cir. 1982), partially vacated on other grounds, 688 F.2d 266, 267 (5th Cir. 1982).

As mentioned above, exhaustion of administrative remedies implies a process of initial complaint, review, appeal, etc.

> "Administrative Remedy,
> ...[I]n most instances, all administrative remedies must have been exhausted before a court will take Jurisdiction of a case; e.g. U.S. District Courts will not consider a social security case unless all hearing, appeal, etc., remedies before the Social Security Administration have been exhausted." Black's Law Dictionary, Sixth Edition, 1990, at 46.

Defendants claimed an "informal" process, however, the Plaintiff sought to view the

process available, if one existed, before the Court ruled herein.

## III. ARGUMENT

As set out above, substantial ground existed for plaintiff's request pursuant to Fed. R. Civ. P. 56(e). The Plaintiff is a layman assisted by another inmate, however, Plaintiff still believes firmly that the motion in opposition to defendants Motion For Summary Judgment sufficiently shows that Defendants have not met their burden of proof to entitle them to a grant of Summary Judgment, and that the Rule 56(e) Motion was warranted, under the circumstances of this case.

Plaintiff contends that it is also telling, that the affidavits submitted by the Defendants and all their filings establish that all inmates entering CADC are informed of the grievance procedure for CCA/CADC, but no inmates are informed of or provided any forms for Trans Cor grievance procedures. (Copy of CCA policy in appendix, as Exhibit F). The Plaintiff has been incarcerated in the Lorton Correctional Complex, two CCA private prisons, and at least two Federal prisons, and each prison system have forms for filling grievances, with steps from informal to final appeal. (See copies of forms for filing Federal Grievances as Exhibit G, in appendix). Exhibit H comprise printouts from the Washington Lawyer's Committee for Civil Rights and Urban Affairs, Formerly D.C. Prisoners Legal Services Project, Inc. which detail that grievances must be exhausted to the final appeal. The Plaintiff mailed a letter to Mr. Corlew and had no reason to consider it to be more than a letter of complaint, much like a complaint box at a Department store.

If CCA would not provide a copy of Trans Cor's grievance procedure to inmates, then Trans Cor should have at some point either before or after the trip provided a copy of a written grievance procedure to inmates. Since none of the Defendants provided a copy of the grievance

procedure and counsel for the defendants failed to respond to the March 5, 2007, letter from Plaintiff, the Plaintiff felt it was necessary to inform the Court of the need to delay a ruling, pending compliance. (March 5, 2001, letter, Exhibit I).

Finally, the Defendants admitted in their response to the Court's order or March 30, 2007, that no such procedure exists.(Defendants Opposition And Motion For Sanctions, at 6). Therefore, Defendants admit that Plaintiff compiled with the only available administrative remedy, a letter to Trans Cor. Wherefore, Plaintiff avers that Defendants' own admissions clearly establish that the issues were not grievable with CCA and that Plaintiff complied with the available remedies and exhausted those available to Plaintiff, which necessities a denial of Defendants' motion for summary Judgment and the opposition seeking sanctions.

## IV. <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully withdraws the motion pursuant to Rule 56(c), due to the admission of the Defendants, and the Defendants' Motions should be denied.

Respectfully Submitted.

ISMAIL ABDUL MALIK
a/k/a ROY THOMAS
Reg. No. 11340-007
USP - Big Sandy
P.O. Box 2068
Inez, KY 41224

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that I served a copy of the foregoing reply Memorandum upon counsel for the Defendants by U.S. Mail, postage prepaid, this _17th_ day of April, 2007.

Timothy J. Bojanwski, Esq.
Jones, Skelton & Hochuli
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012

ISMAIL ABDUL MALIK
a/k/a ROY THOMAS

–10–