Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ISMAIL ABDUL MALIK                                    )
                                                       )
            Plaintiff,                                 )          CA. No. 05-CV-1374 (RMC)
                                                       )
      v.                                               )
                                                       )
DISTRICT OF COLUMBIA, *et al.*                         )
                                                       )
            Defendants.                                )

## DISTRICT OF COLUMBIA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant District of Columbia ("District"), by and through Marlene A. Bailey, Paralegal

Specialist, Office of the Attorney General for the District of Columbia, One Judiciary Square,

441 4th Street, NW., Washington, D.C. 20001, pursuant to Fed. R. Civ. P. 33, and having been

first duly sworn under oath, upon information and belief, gives the following answers to

interrogatories propounded to defendant by plaintiffs:

(a) The information supplied in these answers is not based solely on the knowledge of

the executing party, but includes knowledge of the party, its agents, representatives, and

attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the

preparation of these answers and thus, does not necessarily purport to be the precise language of

the executing party.

(c) The District reserves the right to amend, revise or supplement its answers to these

interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition

testimony, the District incorporates such information for the purposes of giving the plaintiff

notice that such information exists, but does not adopt such testimony as accurate and complete.

_(signature)_

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
Sixth Floor South
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 27th day of October, 2006 that a copy of the foregoing

District of Columbia's Answers and Objections to Plaintiff's Interrogatories was mailed postage

prepaid to:

Ismail Mailk
Fed. Register #11340-007
Big Sandy U.S.P.
POB 2068
Inez, KY 41224
Plaintiff

Daniel P. Struck
JONES, SKELTON & HOCHULI
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012
Attorney for CCA and Transcor

_(signature)_

MICHAEL P. BRUCKHEIM
Assistant Attorney General

## GENERAL OBJECTIONS

The District objects to the production of any documents or information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. In addition, the District objects to any part of plaintiff's instructions which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the District's control or not currently known to it after reasonable inquiry.

1.      State your full name, address, date of birth, marital status, and Social Security Number.

**ANSWER: Objection as to relevance. Without waiving the objection, Marlene A. Bailey, Paralegal Specialist, Office of the Attorney General for the District of Columbia, One Judiciary Square, 441 4th Street, Washington, D.C. 20001.**

2.      By whom were you employed and what were your duties and wages at the time of the occurrence?

**ANSWER: Objection as to relevance. Without waiving the objection, the District of Columbia as a paralegal specialist.**

3.      State the duties and responsibilities of your current employment position.

**ANSWER: Objection as to relevance. Without waiving the objection, the District of Columbia as a paralegal specialist.**

4.      Name all eyewitnesses to all or part of the occurence, including all staff and inmates on the bus ride from Youngstown, Ohio to Florence, Arizona on July 2-4, 2001.

**ANSWER: Objection as overly broad and vague. Without waiving the objection, the District of Columbia was not responsible for the incarceration, supervision and transfer of the plaintiff in this matter. Defendant further answers that it is not the proper defendant in this matter and therefore has no information to provide.**

5.       Name all Transcor officers and/or other officials who escorted the plaintiff on the bus ride from Youngstown, OH, to Florence, AZ, on July 2-4, 2001.

**ANSWER:  See answer and objection to Interrogatory #4.**

6.       Name all persons who investigated the cause and circumstances of the occurrence for you.

**ANSWER: See answer and objection to Interrogatory #4.**

7.       Name all persons who investigated plaintiff's injuries and damages for you.

**ANSWER: See answer and objection to Interrogatory #4.**

8.       Name any medical personnel on the bus during the occurrence or any who examined or treated the plaintiff during or immediately after the 40 hour bus ride from Youngstown, OH, to Florence, AZ, on July 2-4, 2001.

**ANSWER:  See answer and objection to Interrogatory #4.**

9.       Name any person, not heretofore mentioned, having personal knowledge of facts material to this case.

**ANSWER:  Objection as overly broad and this Interrogatory may seek information and/or documentation protected by the attorney/client, work-product and deliberative process privileges.  Further answering, See answer and objection to Interrogatory #4.**

10.       Name those persons who have given you signed statements concerning the occurrence.

**ANSWER: See answer and objection to Interrogatory #4.**

11.       If a report was made by you or an employee of yours in the ordinary course on business with respect to the occurrence, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

**ANSWER: See answer and objection to Interrogatory #4.**

12.       State whether you have in your possession or control photographs, charts, or diagrams of the configuration of the bus used during the occurrence.

**ANSWER:  See answer and objection to Interrogatory #4.**

13.    To your knowledge, were photographs taken of the plaintiff's hands, wrists, and ankles, before, during, or after the occurrence?

**ANSWER: See answer and objection to Interrogatory #4.**

14.    Provide copies of all reports or diagnosis provided by medical staff concerning plaintiff's injuries, since July 2, 2001, to this date..

**ANSWER: See answer and objection to Interrogatory #4.**

15.    Give a concise statement as to the manner in which prisoners from the District of Columbia were to be transported by Transcor and/or Corrections Corporation of America from the year 1997 to the year 2002.

**ANSWER:  See answer and objection to Interrogatory #4.**

16.    If you contend that plaintiff acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

**ANSWER:  See answer and objection to Interrogatory #4.**

17.    If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

**ANSWER:  See answer and objection to Interrogatory #4.**

18.    Name all experts whom **you** propose to call **as** witnesses.

**ANSWER: The District will name any such experts in accordance with this Court's Scheduling Order.**

19.    State the subject matter on which an expert whom you propose to call as a witness at trial will testify, the substance of the facts and opinions to which the expert is expected to testify and a summery of the grounds for each opinion.

**ANSWER: See answer to Interrogatory #19.**

20.    Name all physicians who have treated the plaintiff for any condition, or the aggravation thereof, as a result of injuries from the occurrence.

**ANSWER: See answer and objection to Interrogatory #4.**

21.    State whether you consumed any alcoholic beverages within 8 hours prior to said occurrence, the place where such alcoholic beverages were obtained, and the nature and amount thereof.

**ANSWER: Objection as to relevance.**

22.    Give the District of Columbia, Department of Corrections position concerning

the proper manner to transport prisoners, during the year 1997 to the year 2002.

**ANSWER: See answer and objection to Interrogatory #4.**

23.    For each calendar year from 1997 to 2002, provide the company name of the healthcare provider at the Northeast Ohio Correctional Center in Youngstown, Ohio, and the Central Arizona Detention Center, in Florence, Arizona.

**ANSWER: See answer and objection to Interrogatory #4.**

24.    If you claim that the District of Columbia was not responsible for plaintiff's health care during any of the years listed above in interrogatory #23, provide the official, state, company, corporation, or entity, that was responsible for plaintiff's healthcare.

**ANSWER: See answer and objection to Interrogatory #4.**

25.    Describe the procedure that **was used to determine** which D.C. prisoners would be transferred from Youngstown, OH, to Florence, AZ, in the years 1997-2002.

**ANSWER: See answer and objection to Interrogatory #4.**

MARLENE A. BAILEY
Paralegal Specialist

District of Columbia, ss:

Signed and sworn to before me this 27th day of October, 2006.

NOTARY PUBLIC, D.C.

My Commission expires: 2/28/09

Objections as noted:          Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ISMAIL ABDUL MALIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1374 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION and ORDER

This matter is before the Court on the District of Columbia's motion to dismiss. For the reasons stated below, the motion will be denied without prejudice.

## I. BACKGROUND

Plaintiff, who was sentenced by the Superior Court of the District of Columbia to a term of imprisonment, served portions of that sentence in private correctional facilities operated by defendant Corrections Corporation of America ("CCA"). Complaint ("Compl.") at 1.[1] CCA and a related corporation, Transcor, transported and housed District of Columbia offenders pursuant to a contract with the District of Columbia. *Id.*

In July 2001, plaintiff was transported from CCA's Youngstown, Ohio facility to its Florence, Arizona facility. Compl. at 1. He and several other inmates were driven in a bus without adequate ventilation and without a working toilet. *Id.* at 3. Over the course of the 40-hour trip,

---

[1] Plaintiff submitted his complaint on a five-page preprinted form to which he attached four sequentially numbered (pages one through four) typewritten pages styled "Statement of Claim." In this Memorandum Opinion, all references to the Complaint are references to this Statement of Claim.

plaintiff was exposed to second-hand tobacco smoke, denied opportunities to use a toilet, and deprived of food and water. *Id.* at 1-2. He was attached to another prisoner by belly chain, and was restrained with handcuffs, leg shackles, and a "black box."[2] *Id.* at 1.

As a result of his exposure to second-hand smoke, plaintiff alleges that he suffered an asthma attack and experiences shortness of breath, watery eyes and blurred vision. Compl. at 2. His blurred vision "hamper[s] [his] pursuit to further his health in participation in sports activities," and renders him incapable of "perform[ing] certain jobs which would pay more in industrial trades, due to fear of the blurred vision impairing the ability to use toools [sic] which may puncture the skin while plaintiff's vision is blurred." *Id.* In addition, the "black box" restraint and the handcuffs "has caused sharp pains daily in both wrists. The hands and wrists are weaker which impairs [his] ability to work on manual labor jobs, due to not being able to maintain [his] grip on tools or machinery." *Id.*

Plaintiff brings this civil rights action against the District of Columbia, CCA, and Transcor under 42 U.S.C. § 1983 for alleged violations of rights protected by the Eighth Amendment to the United States Constitution. Compl. at 1. He demands declaratory judgment and compensatory damages.

## II. DISCUSSION

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the complaint fails to state claims upon which relief can be granted. A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set

---

[2] Plaintiff describes the "black box" as a "square device used to particularly restrain and restrict the movement of the hands and wrists." Compl. at 1. He alleges that the black box "increases pain and swelling in the hands and wrists." *Id.*

of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2001). The Court is not obligated, however, to draw factual inferences that are not supported by the facts alleged. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In order to bring a claim under 42 U.S.C. § 1983, plaintiff must allege that he has been deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The Eighth Amendment prohibits punishments that either involve unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime for which a prisoner is incarcerated. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In considering a prisoner's Eighth Amendment challenge, the Court examines "the totality of the circumstances." *Id.* at 363 (Brennan, J., concurring). "Combinations of various conditions can give rise to an Eighth Amendment violation where each condition itself would not so rise." *Campbell-El v. Dist. of Columbia*, 881 F. Supp. 42, 44 (D.D.C. 1995) (citing *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)).

To state an Eighth Amendment claim regarding prison conditions, plaintiff must allege facts that, if true, would establish that he was deprived of basic human needs because of conditions serious enough to be considered cruel and unusual. *Pryor-El v. Kelly*, 892 F. Supp. 261, 266-67 (D.D.C. 1995). Plaintiff then must allege that defendant knew of and disregarded such conditions, exposing inmates to an excessive risk to health and safety. *Id.; see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court concludes that plaintiff's complaint adequately states an Eighth

-3-

Amendment claim with respect to the conditions under which he was transported from Ohio to Arizona.  He alleges that he was deprived of basic human needs (such as food, water, and ventilation) for the duration of the 40-hour ride, and that defendant was aware of and deliberately indifferent to these needs.  Regarding his claim of exposure to second-hand smoke, the Court finds the allegations of the complaint sufficient.  Plaintiff alleges that he was exposed to a large volume of second-hand smoke in the close confines of a bus for the duration of a 40-hour ride, and that the exposure triggered a potentially fatal asthma attack.

Plaintiff further manages, barely, to allege the District of Columbia's liability under Section 1983.  He alleges the existence of a "commonly understood practice" of physically abusing prisoners in retaliation for the prisoners' having filed grievances and lawsuits.  *See* Compl. at 3.  He refers to a separate lawsuit filed by District of Columbia prisoners who "experienced nearly identical abuses as those alleged herein."  *Id.*  He also states that defendants "were in possession of plaintiff's medical records and knew that plaintiff would suffer harm and distress from exposure to second-hand smoke."  *Id.* at 4.  Thus, plaintiff alleges that a municipal policy or custom of the District of Columbia brought about the deprivations of his constitutional rights.  *See Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985)) (requiring plaintiff to show course deliberately pursued by city establishing affirmative link between city's policy and alleged constitutional violation).

The Court is mindful that a *pro se* plaintiff's pleading is held to a less stringent standard than that applied to a formal pleading prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However conclusory or imprecise the factual allegations in the complaint may be, the pleading provides defendants fair notice of the claims against them.  After all, a complaint need

only contain a short and plain statement of the Court's jurisdiction, a short and plain statement of the claim showing plaintiff's entitlement to relief, and a demand for judgment for the relief plaintiff seeks, *see* Fed. R. Civ. P. 8(a), and plaintiff's pleading contains these elements.

Defendant argues that, because it delegated to CCA responsibility for plaintiff's transfer, the District of Columbia cannot be held liable for CCA's actions. *See* Memorandum of Points and Authorities in Support of Defendant District of Columbia's Motion to Dismiss the Complaint ("Def.'s Mot.") at 3-5. The Court has before it only excerpts of the contract between the District and CCA, *see* Compl., Attach. 1-5, and cannot on this scant record determine the contract's terms or the parties' respective obligations under the contract.

Ultimately, plaintiff's success in this action depends on his ability to prove the allegations of his complaint. At this stage of the proceedings, however, plaintiff need not offer proof. It is enough to allege that the defendants knew or should have known of the constitutional violations of which plaintiff complains. *See Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (plaintiff's allegation that District of Columbia knew or should have known of his mistreatment at CCA's Youngstown, Ohio facility, and did nothing to stop it, adequately states claim of municipal liability on "deliberate indifference" theory).

Accordingly, it is hereby

**ORDERED** that the District of Columbia's motion to dismiss [Dkt. #7] is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**.

Date: August 3, 2006

                /s/
           ROSEMARY M. COLLYER
           United States District Judge

Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK, aka ROY        )
THOMAS, DCDC #232011               )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        Case No.:    1:03-CV-00944 (RMC)
                                   )
DISTRICT OF COLUMBIA,              )
CORRECTIONS CORPORATION OF         )
AMERICA, TRANSCORP                 )
                                   )
            Defendants.            )
                                   )

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS

Plaintiff Ismail Abdul Malik ("Plaintiff") spends a single page explaining why his

Complaint alleging certain constitutional violations should not be dismissed for failure to exhaust

his administrative remedies or, in the alternative, why judgment on the pleadings should not be

entered.  See Plaintiff's Traverse [sic] to Defendants' Motion at 5.[1]  Putting aside the paucity of

Plaintiff's argument, even that one page does not withstand scrutiny.  Although Defendants the

District of Columbia, Corrections Corporation of America ("CCA"), and TransCor (improperly

identified as "Transcorp") (collectively "Defendants") styled their motion as seeking dismissal

on procedural grounds (Plaintiff's failure to exhaust administrative remedies) or, alternatively,

---

[1] A larger portion of Plaintiff's filing is spent repeating his arguments regarding this Court's subject matter jurisdiction, issues that Plaintiff previously argued in his Motion to Remand (filed June 12, 2003) and Motion for an Extension of Time (filed July 24, 2003).  Plaintiff alleges Defendants violated his Eighth Amendment rights.  Accordingly, this matter was removed properly to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

289779 v1

for judgment on the pleadings (Plaintiff's failure to state a claim), it is apparent that judgment on the pleadings should be entered in favor of Defendants. Not only does Plaintiff's Complaint fail to state a claim, but Plaintiff's "Traverse" does not proffer any rationale for why the Complaint should not be denied with prejudice.

Accordingly, judgment should be entered in favor of Defendants.

## I.    JUDGMENT ON THE PLEADINGS SHOULD BE ENTERED IN FAVOR OF DEFENDANTS.

The entirety of Plaintiff's argument regarding the merits of his claim totals a half-page. See Pl.'s Traverse at 5 ("Argument"). Plaintiff begins with the conclusion that he has stated a claim for violation of his constitutional rights. See id. ("Whether the Plaintiff has stated a claim which comes within the purview of the 8th and 14th Amendments? Plaintiff [sic] answer: Yes!"). In support of that conclusion, Plaintiff cites to Hope v. Pelzer, 536 U.S. 730 (2002), asserting that "[i]n the instant case the conduct of the named defendants comes within the purview of that opinion." Id. That is Plaintiff's entire argument.

Notwithstanding Plaintiff's failure to address any of the arguments raised by Defendants, the one argument Plaintiff does make – that Hope v. Pelzer is dispositive – is wrong. In Hope v. Pelzer, a prisoner filed suit again certain state prison guards, alleging violations of his Eighth Amendment rights. The issue in Hope was whether the guards were entitled to qualified immunity. Hope, 536 U.S. at 733. Thus, Hope is inapposite because it addressed an issue not involved in this case – qualified immunity for individual guards – because Plaintiff's claim in this case is against the entities of the District of Columbia, CCA, and TransCor.

Admittedly, part of the Court's analysis in Hope did include the determination that the prisoner had stated a claim for a constitutional violation. Id. at 738. In that case, the prisoner was handcuffed to a "hitching post" – a rail set at shoulder height – for seven hours, prison

guards made the prisoner take off his shirt while the sun burned his skin, the prisoner was given water only once or twice and was given no bathroom breaks. Id. at 734-35. In addition to the prisoner's exposure to sunburn, dehydration, and muscle aches (from being forced to remain in a standing position with his arms raised in a stationary position for a long period of time), a guard also taunted the prisoner about his thirst: "The guard first gave water to some dogs, then brought the water cooler closer to [plaintiff], removed its lid, and kicked the cooler over, spilling the water onto the ground." Id. at 735. The Court concluded that the handcuffing of the prisoner to the hitching post under those circumstances violated the Eighth Amendment. Id. at 737.

That is not this case. In this case, Plaintiff complains about (1) breathing second-hand smoke during a bus ride; (2) being restrained by handcuffs, a "black box", and shackles during that bus ride, and (3) as a result of being handcuffed and shackled, not being able to use the toilet "individually" during that bus ride. See Complaint, passim. Those allegations fall short of stating a claim under the Eighth Amendment. See Defs.' Motion to Dismiss or, Alternatively, for Judgment on the Pleadings ("Defendants' Motion") at 10-19. Plaintiff fails to allege "a deprivation which amounts to a wanton and unnecessary infliction of pain," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and that Defendants acted with "deliberate indifference" to inmate health or safety, see Farmer v. Brennan, 511 U.S. 825, 834 (1994). Further, Plaintiff fails to allege a policy or custom of the Defendants that caused Plaintiff's purported injuries giving rise to his claim, which is required when suing a municipality, such as the District of Columbia, or a private corporation that provides services "normally provided" by municipalities, such as CCA and TransCor. See Gabriel v. Corr. Corp. of Am., 211 F. Supp. 2d 132, 137-138 (D.D.C. 2002).

Plaintiff proffers no other arguments in response to Defendants' motion for judgment on

the pleadings. For the reasons articulated in Defendants' Motion, judgment should be entered in

favor of Defendants.

## II.    AT A MINIMUM, PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES MANDATES DISMISSAL.

Plaintiff raises the novel argument that the exhaustion requirement of the Prison

Litigation Reform Act, 42 U.S.C. § 1997e(a) (1998) ("PLRA"), does not apply where "Plaintiff

[sic] Complaint does not challenge a conviction or sentence, or length of time...." See Plaintiff's

Traverse at 5. In support of this novel theory, Plaintiff cites to Monroe v. Pape, 365 U.S. 167

(1961), a case that pre-dates the PLRA by thirty-seven years. Plaintiff's argument ignores the

plain language of the PLRA, which provides:

> *No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*

42 U.S.C. § 1997e(a) (italics added). Further, Monroe does not stand for the proposition cited by

Plaintiff. Instead, Monroe addresses the meaning of "under color of" law. See Monroe, 365

U.S. at 169. Finally, Monroe was overruled by Monell v. Dep't of Soc. Servs., 346 U.S. 658

(1978).

Even if Plaintiff were given the benefit of the doubt and his (flatly wrong) argument

regarding exhaustion were ignored, the fact remains that Plaintiff did not exhaust his

administrative remedies, nor has he alleged otherwise. Defendants' motion to dismiss already

has detailed the inadequate allegations contained in Plaintiff's Complaint. Nor is Defendants'

motion premised merely on a technical defect – Plaintiff's "Traverse" and the exhibits attached

thereto confirm that as a *factual matter* Plaintiff did not exhaust his administrative remedies.

Exhibit 5 attached to Plaintiff's brief includes a memorandum from CCA. It is dated July 18,

2001, and was received by Plaintiff no later than August 15, 2001. (Plaintiff's constitutional rights allegedly were violated on or about July 2, 2001. See Complaint at 2.) The memorandum instructs Plaintiff to submit a grievance to TransCor, the company who provided the bus transportation, and includes an address and contact person. Plaintiff did not – and does not allege otherwise – that he even contacted TransCor, much less exhausted his administrative remedies. According to the documents submitted by *Plaintiff*, he has not exhausted his administrative remedies. Therefore, Plaintiff's Complaint – at a minimum – should be dismissed for failure to exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons and those contained in Defendants' Motion for Judgment on the Pleadings, the Court should grant Defendants' Motion for Judgment on the Pleadings or, at a minimum, dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies.

Dated: August 25, 2003                    Respectfully submitted,


/s/_____
Elizabeth Sarah Gere (D.C. Bar No. 186585)
Paul C. Vitrano (D.C. Bar No. 464223)
Erik M. Pritchard (D.C. Bar No. 474293)
2001 K Street, N.W.
Washington, D.C.  20006-1040
(202) 662-2000
Facsimile: (202) 662-2190

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2003, I caused a true and correct copy of

Defendants' Reply in Support of Motion to Dismiss for Failure to Exhaust Administrative

Remedies or, in the alternative, for Judgment on the Pleadings to be deposited, postage pre-paid,

in the United States Mail for service upon the following:

> Ismail Abdul Malik, #11340-007
> a/k/a Roy Thomas
> U.S. Penitentiary
> P.O. Box 150160
> Atlanta, GA  30315

/s/
Erik M. Pritchard

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD J. HATCH,                       )
                                       )
              Plaintiff,               )
                                       )
       v.                              )        Civil Action No. 98-0062 (RWR)
                                       )
DISTRICT OF COLUMBIA, et al,           )
                                       )
              Defendants.              )
                                       )
                                       )
_____    )

## AFFIDAVIT OF JOHN KIRSCH

Pursuant to 28 U.S.C. § 1746, I, John Kirsch, do hereby declare under penalty of perjury that the following statements are true:

1.      I am the Compliance Officer at the Central Arizona Detention Center ("CADC") in Florence, Arizona  I have occupied this position for the past 21 months

2.      I am employed by Corrections Corporation of America

3.      My responsibilities include processing grievances filed by inmates in accordance with CADC's administrative grievance procedures and keeping records of the grievances filed.

4       CADC maintains a written policy regarding the filing of grievances by inmates and the administrative remedies available for the resolution of grievances  Information about the grievance

1

** TOTAL PAGE.03 **

policy is available to inmates through unit team members and in the law library. A copy of this grievance policy is provided is attached hereto.

5.    At the request of John Ray, Esquire, of Manatt, Phelps & Phillips, LLP, local counsel for CCA in the District of Columbia, I have reviewed the grievance records to determine whether inmate Donald J. Hatch (DCDC 161-449) has filed any grievances.

6.    Inmate Donald J. Hatch has not filed any grievances.

7.    Further, Affiant sayeth not.

I do hereby declare under penalty of perjury that the foregoing is true and correct.



"OFFICIAL SEAL"
Paula S. Gerber
Notary Public-Arizona
Pinal County
My Commission Expires 1/7/2002

John Kirsch

Subscribed and sworn to before me this 23 day of December, 1998

Paula S Gerber

Notary Public

My Commission expires on: 1/7/2002

2