EXHIBIT E



# CORRECTIONS CORPORATION OF AMERICA
## CENTRAL ARIZONA DETENTION CENTER

**TO:**

**FROM:** M. SHERMAN AND C. RICHEY GRIEVANCE AND COMPLIANCE COORDINATORS

**DATE:** 7/18/01

**RE:** TRANSCOR TRANSPORT GRIEVANCE

---

You recently filed a grievance regarding some complaints you had with your transportation to CADC from the Northeast Ohio facility on June 2 2001. Transcor, not CADC staff, provided the transportation. This issue is out of this facilities control. Below is an address and the name of a contact for Transcor. You may send a letter with your complaints to Mr. Corlen at this address. We are unable to further process your grievance on this issue.

Mr. Corlew Quality Assurance
Transcor
646 Melrose Ave.
Nashville Tn 37211

CCA-IAM 0008

EXHIBIT F

I.    GRIEVANCE REMEDIES

The grievance procedure is to afford the grievance a meaningful remedy.  Remedies include the following:

1.    Replacement - Restoration of property by substituting a similar or like item.  This will normally be ordered before monetary reimbursement is given;

2.    Reimbursement - Money will be given for items lost or destroyed.  The value to be reimbursed will be determined by the Warden/Administrator.

3.    Change of procedures or practices;

4.    Correction of records; or

5.    Other remedies, as appropriate.

J.    FILING THE GRIEVANCE

1.    In filing a grievance, the inmate/resident must complete the Inmate/Resident Grievance Form (Form 14 5A) and place it in the Grievance Mail Box, or, if a Grievance Mail Box is not used, forward it to the Facility Grievance Officer.

The Grievance Mail Boxes shall be checked daily, <u>except for weekends and holidays</u>, by the Facility Grievance Officer.  If a mail box is not used, grievances are to be forwarded daily to the Facility Grievance Officer.

**AT THIS FACILITY, THE PROCEDURE FOR FORWARDING THE GRIEVANCE TO THE GRIEVANCE OFFICER IS AS FOLLOWS:**

**NONE**

2.    Grievances are considered special correspondence.  Sealed letters will not be opened for inspection if the letter is labeled "Grievance" and addressed to the Facility Grievance Officer unless there is reasonable suspicion to believe the sealed envelope contains contraband.  If reasonable suspicion exists, the envelope may be opened, after obtaining the Warden/Administrator or designee's approval, and inspected for contraband only.

3.    If a grievance is submitted for review and the grievance is released from custody, efforts to resolve the grievance will normally terminate.  If the grievance wishes to pursue grievance resolution, as in property losses, it is the grievance's responsibility to notify the Facility Grievance Officer of that intention and to provide an address and any other pertinent information.

K.    FACILITY GRIEVANCE OFFICER'S REVIEW

1.    Upon receipt of the grievance, the Facility Grievance Officer will assign a number to the grievance and maintain a permanent grievance log.

2.    The Facility Grievance Officer shall conduct an investigation into the issue of the grievance, render a written decision on the Report and Decision portion of the Inmate/Resident Grievance Form, and forward a copy to the inmate/resident.

3.    When a grievance decision specifies that an action is to be taken, it will include a date for completing the action.

4.    In cases where the Facility Grievance Officer has resolved the matter to the inmate/resident's satisfaction, she/he will so note and have the inmate/resident sign the report in the space provided.

L.    APPEAL

Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

CCA CORPORATE AND FACILITY POLICY          PAGE 5 OF 7          POLICY 14-5

1.  Barring extraordinary circumstances, a grievance shall be considered settled if the decision at any step is not appealed by the inmate/resident within the given time limit.

2.  Grievances which are prematurely appealed to the Warden/Administrator or designee will be returned without review.

3.  If an inmate/resident is not satisfied with the decision of the Facility Grievance Officer, the inmate/resident may appeal to the Warden/Administrator or designee by completing the Request for Warden/Administrator Review portion of the grievance form and submitting this form to the Warden/Administrator.

4.  The Warden/Administrator or designee will review the issue of the grievance and the decision to determine if the grievance has been appropriately addressed. The Warden/Administrator can obtain and review any information necessary to render a decision as to the appeal.

5.  A copy of the completed grievance form will be returned to the Facility Grievance Officer who will forward a copy to the inmate/resident.

6.  **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE AS FOLLOWS:**

    **Grievances are collected, logged by the Grievance Officer, reviewed and sent for investigation, a response is then given to the inmates by the Grievance Officer.**

M.  RECORDS

1.  Records regarding the filing and disposition of grievances shall be collected and maintained systematically by the Facility Grievance Officer through either hard copy or computerized form. The record shall include a log showing the following:

    a.  grievance number;

    b.  date of receipt;

    c.  name of grievance;

    d.  subject of grievance;

    e.  disposition date;

    f.  brief description of the disposition; and

    g.  appeal results, if any.

    This log shall be forwarded to the Vice President, Legal Affairs on a monthly basis.

2.  Record Retention. Records will be retained according to CCA Corporate and Facility Policy 1-15.

3.  Record Location. No copies of grievances shall be placed in an inmate/resident's file, except as requested in writing by the inmate/resident filing the grievance.

4.  Confidentiality. Records regarding the participation of an individual in the grievance procedures shall not be available to employees or inmates/residents, except for clerical processing of records by CCA. Employees participating in the

Proprietary Information - Not for Distribution - Copyrighted
Property of Correction Corporation of America

disposition of a grievance shall have access to records essential to the resolution of the grievance.

N.  DISTRIBUTION AND TRAINING

A copy of this Policy and Procedure will be provided to each staff member currently employed and will be readily available for each inmate/resident currently housed at the facility. All new staff will receive a presentation on this Policy and Procedure during pre-service training. New inmates/residents will be informed of the grievance procedure upon entry to the facility and a copy will be posted in each entry area and other appropriate areas. If there is difficulty in understanding the procedure, every effort shall be made to explain the policy and procedure on an individual basis.

O.  **AT THIS FACILITY, ADDITIONAL PROCEDURES ARE AS FOLLOWS:**

    **NONE**

**14-5.6 REVIEW:**

A.  Grievance procedures shall be monitored by the Vice President, Legal Affairs through review of records and computer printouts.

B.  This policy will be reviewed at least annually by the Vice President, Legal Affairs.

**14-5.7 APPLICABILITY:**

All CCA facilities.

**14-5.8 ATTACHMENTS:**

1.  Form 14-5A - Inmate/Resident Grievance Form

2.  Other Forms for this facility are as follows:

3.  Addendum to Policy for Alaska Inmate's

4.  Alaska Policy 808.03

**14-5.9 REFERENCES:**

ACA Standards. The ACA Standards for this facility are:

3E-11

**Proprietary Information - Not for Distribution - Copyrighted**
**Property of Correction Corporation of America**

EXHIBIT G

**\*8462**

CODE OF FEDERAL
REGULATIONS
TITLE 28--JUDICIAL
ADMINISTRATION
CHAPTER V--BUREAU OF
PRISONS, DEPARTMENT OF
JUSTICE
SUBCHAPTER C--
INSTITUTIONAL
MANAGEMENT
PART 542--ADMINISTRATIVE
REMEDY
SUBPART B--
ADMINISTRATIVE REMEDY
PROGRAM

*Current through April 1, 2002; 67 FR 15461*

§ 542.14 Initial filing.

(a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.

(b) Extension. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.

(c) Form.

(1) The inmate shall obtain the appropriate form from CCC staff or institution staff (ordinarily, the correctional counselor).

(2) The inmate shall place a single complaint or a reasonable number of closely related issues on the form. If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue. For DHO and UDC appeals, each separate incident report number must be appealed on a separate form.

(3) The inmate shall complete the form with all requested identifying information and shall state the complaint in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 1/2" by 11") continuation page. The inmate must provide an additional copy of any continuation page. The inmate must submit one copy of supporting exhibits. Exhibits will not be returned with the response. Because copies of exhibits must be filed for any appeal (see § 542.15(b)(3)), the inmate is encouraged to retain a copy of all exhibits for his or her personal records.

**\*8463** (4) The inmate shall date and sign the Request and submit it to the institution staff member designated to receive such Requests (ordinarily a correctional counselor). CCC inmates may mail their Requests to the CCM.

(d) Exceptions to Initial Filing at Institution.

(1) Sensitive Issues. If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

Copyright (c) West Group 2002 No claim to original U.S. Govt. works

28 CFR § 542.14, Initial filing.                                    **Page 2**

(2) DHO Appeals.   DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.

(3) Control Unit Appeals.   Appeals related to Executive Panel Reviews of Control Unit placement shall be submitted directly to the General Counsel.

(4) Controlled Housing Status Appeals. Appeals related to the Regional Director's review of controlled housing status placement may be filed directly with the General Counsel.

<General   Materials   (GM)   -   References, Annotations, or Tables>

Copyright (c) West Group 2002 No claim to original U.S. Govt. works

BSY-1330.13
July 18 2003
ATTACHMENT A

## ATTEMPT AT INFORMAL RESOLUTION
(Request for Administrative Remedy)

Federal Bureau of Prisons Program Statement 1330.13, Administrative Remedy Program, dated August 13, 2002, Provides that inmates have a responsibility to use the Administrative Remedy process in good faith. An inmate shall first present an issue of concern informally to staff and shall attempt to informal resolve the issue before an inmate submits a request for Administrative Remedy. The deadline for completion of informal resolve and submission of formal request (BP-9) is 20 Calendar days following the occurrent issue or concern.

**TO BE COMPLETED BY INMATE**

INMATE'S NAME:_____ REG. NO.:_____ UNIT:_____ DATE:_____

1.    Nature of problem and efforts have been made to resolve the problems. (List staff you have spoke with include copies of cop out responses)

_____
_____
_____

2.    State what action or resolution expected. Be Specific:_____
_____
_____

**TO BE COMPLETED BY STAFF**

3.    Summary of investigation: (indicate staff you spoke with and their responses) Include any resolution offered to inmate)_____
_____
_____
_____

4.    Explanation for non-resolution: ( State what Resolution was offered and Inmate's reason for not accepting Resolution)
_____

**On**_____**Inmate Refused Offered Resolution.**    _____
                                                                                            Staff

Date & Time Issued: BP-8    _____    Correctional Counselor:    _____
Date & Time Inmate Returned:    _____    Correctional Counselor:    _____

Date & Time Investigation Completed and BP-9 issued:    _____
                                                                                    Staff issuing BP-9
Indicates review and agreement that Informal Resolution attempts has been exhausted.

Unit Manager's Signature/Date:    _____

**On** _____**, this issue was informally resolved.**    _____    _____
                                                                                        Inmate Signature          Date

This document must accompany completed BP-9 and be turned in to the Warden's office by staff

EXHIBIT H

# D.C. PRISONERS' LEGAL SERVICES PROJECT, INC.

*1400 - 20th Street, N.W., Suite 117, Washington, D.C. 20036*

## AN INMATE'S GUIDE TO ADMINISTRATIVE REMEDY REQUESTS AT FEDERAL PRISONS

**Board of Directors**

**Officers**

Theodore A. Howard
*President*

M.G. Michaelson, M.D.
*Vice President*

Thomas L. Johnson
*Treasurer*

Caryl Pines Curry
*Secretary*

**Members**

Nan Aron
Stephen M. Block
Peter Buscemi
David D. Cole
Barbara E. Etkind
Bernadette Gross
E. Desmond Hogan
Jerome Miller
Alan A. Pemberton
Douglas G. Robinson
Vincent Schiraldi
Richard Seligman
Jonathan M. Smith
Elizabeth Symonds
Nkechi Taifa

**Staff**

Deborah M. Golden
*Acting Executive Director*

This is a form to help you with the Administrative Remedy Request process. This process is important because you must exhaust all administrative remedies before you can file a lawsuit in the Federal Courts. This means you must:

A. Make an informal complaint.
B. File a formal Administrative Remedy Request (Level I).
C. File an appeal to the Regional Director (Level II).
D. File an appeal to the General Counsel (Level III).

We know that this process is frustrating, and we know that your requests may not get responses. It is very important that you go through these procedures in order to protect your legal rights. **Sometimes you even get results.**

Note well: The Courts do not tend to allow you to claim that you have exhausted your Administrative Remedy Requests if you don't make it all the way *even if the reason you stopped is because you didn't get a response, didn't have the proper form, etc.* You want to jump through these hoops in the beginning so that there is not a reason to throw out a lawsuit later on. The key is to be persistent through the many levels. File a request right away and then continue through the appeals. If you are late in your request or appeal, file one anyway and explain why you are late. This worksheet allows you to fill in the blanks as you go along, helping you to make your way through this complicated process.

**Date of Incident** for which you are filing an Administrative Remedy Request_____

## A. MAKE AN INFORMAL COMPLAINT

*Deadline: Date of Incident + 20 days =* _____

1. The Warden at your prison has the discretion to create his or her own informal complaint process. You should check with your Counselor to determine what the process is at your institution. Usually, and informal complaint consists of a written form that is submitted to a staff member, typically your Counselor.

2. Staff members do not have a deadline to respond to your informal complaint. However you should make your informal complaint within 20 days of the incident.

3. I made my informal complaint today. Today's date is _____.
   (It must be no more than 20 day after the date of the incident).

4. If you do not receive a satisfactory resolution to your complaint, move on
   to Level I. *Note: the deadline for Level I is also 20 days after the
   incident, so if you are making an informal complaint close to the
   deadline, you should file a formal complaint at the same time. You are
   permitted to skip this step and begin at the formal complaint level,
   however your complaint might be more well received if you start at the
   informal complaint level.

**B. FILE A FORMAL REQUEST WITH THE WARDEN (LEVEL I)**
   *Deadline: Date of Incident + 20 days =*

   _____

5. File a formal Administrative Remedy Request by completing **Form BP-9**.
   - **Describe your problem, making sure to state all relevant facts. The
     more detail you give, the more the staff has to address your concerns.**
   - **If you run out of room on the form, you may attach only one letter-size
     continuation page plus an extra copy of that page.**
   - Each form must pertain to one specific incident, charge, or complaint.
   - If you received an unsatisfactory response to your informal complaint,
     write the date you made the informal complaint, and write "I disagree
     with the decision on the informal complaint and am filing a formal
     Administrative Remedy Request."
   - If you did not receive a response to your informal complaint before the
     20-day deadline for filing a Level I complaint, write, "I did not receive
     a response to my informal complaint before this form was due.
     Therefore I am proceeding with the formal Administrative Remedy
     Request process."
   - If you are in General Population, say how you are going to submit
     your request, for example, "I am placing this form in the mailbox on
     my unit on the date above."
   - If you are in segregation or isolation, say how you are going to submit
     your request, for example, "I am submitting this form to a unit staff
     member on the date above."
   - If you are late in filing this form (more than 20 days have passed since
     the incident), explain why. Valid reasons for delay include: an
     extended period of in-transit when you had no access to necessary
     forms, an extended period of time when you were physically incapable
     of preparing the paperwork, a delay in responding to your request for
     necessary forms.

6. I am filing my **Form BP-9** today. Today's date is _____.
   (This must be within 20 days of the incident). *Note: If the incident
   you are disputing has to do with a telephone charge, credit or*

2

*telephone service problem for which you want reimbursement, you have 120 days from the date of the disputed charge to file this form.*

7. I made _____ copies of my **Form BP-9** (*at least three*). You will need to hold on to your copies for any subsequent legal action.

8. I should get a response to my Administrative Remedy Request on _____. (Fill in this blank by adding 23 days to the date in #5). The Warden has 20 *days from the date s/he receives the form* to respond. Remember to allow time for inter-facility mail.

9. Did you receive a continuance form that say that staff needs more than 20 days to respond to your Administrative Remedy Request?
   YES                          NO

10. If the answer to #8 is YES, the new date that a response to your request is due is _____. (This is the date given on the **continuance form**.) Otherwise, skip this question.

11. It is now the date given on # 7 or #9. Did I get a response to my request by the end of the day?
   YES                          NO

---

Regarding Sensitive Issues:

If you believe the issue is sensitive and your safety would be in danger if the Warden knew about your complaint, you may skip Level I and submit your grievance directly to the Regional Director (Level II). You must write "Sensitive" on the grievance form and explain why you are not submitting the grievance to the Warden. THIS IS ONLY FOR VERY SENSITIVE ISSUES.

---

## C. APPEAL TO THE REGIONAL DIRECTOR (LEVEL II)
*Deadline: Date Warden signed Level I response + 20 days =*
_____

OR, *if no response: Date in #5 + 23 days =*
_____

File your Level II Appeal to the Regional Director for the region in which you are located. The addresses for the Regional Directors can be found on the last page of this guide.

12. If the answer to #10 is YES and you are unhappy with the answer, file an appeal. Use a **Form BP-10**.
   • Describe your problem, making sure to state all relevant facts. The more detail you give, the more staff has to address your concerns.

3

- If you run out of room, you may attach only one extra letter-size page plus *two* copies of that page.
- Say on your **Form BP-10**, "I disagree with the decision I received regarding my initial Administrative Remedy Request that I filed on _____ (date in #5), and I am filing an appeal."
- If you are in General Population, say how you are going to submit your form, for example, "I am placing this form in the US mailbox." (Describe the process you use, whatever it is.)
- If you are in segregation or isolation, say how you are going to submit your form, for example, "I am submitting this form to a unit staff member on the date above to be placed in the US mailbox." (Describe the process you use, whatever it is.)
- If you are late in filing this form (more than 20 days have passed since the date on the Warden's letter), explain why. Valid reasons for delay include: an extended period of in-transit when you had no access to necessary forms, an extended period of time when you were physically incapable of preparing the form, or a delay in responding to your request for necessary forms.
- Also, attach a copy of the **Form BP-9** you sent earlier and a copy of the response you received (if any). Then, skip to #13.

13. If the answer to #10 is NO, file an appeal using a **Form BP-10**.
- Describe your problem, making sure to state all relevant facts. The more detail you give, the more staff has to address your concerns.
- If you run out of room, you may attach only one extra letter-size page. Also submit *two* copies of that completed attachment page.
- Say on your **Form BP-10**: "I have attached a copy of the Administrative Remedy Request that I filed on _____ (date in #5). I did not receive a response within 20 days. I am now exercising my right to appeal to the next level."
- If you are in General Population, say how you are going to submit your appeal, for example, "I am placing this form in the US mailbox." (Describe the process you use, whatever it is).
- If you are in segregation or isolation, say how you are going to submit your appeal, for example, "I am submitting this form to a unit staff member on the date above to be placed in the US mailbox." (Describe the process you use, whatever it is).
- If you are late in filing this form (more than 23 days have passed since the date in #5), explain why. Valid reasons for delay include: an extended period of in-transit when you had no access to necessary forms, an extended period of time when you were physically incapable of preparing the form, or a delay in responding to your request for necessary forms.
- Also, attach a copy of the **Form BP-9** that you sent earlier.

14. I am filing my Level II appeal (**BP-10**) today.  Today's date is
_____.  (This must be within 20 days of the date the
Warden signed the Level I response or 23 days after the date in #5).

15. I made _____ copies of my **Form BP-10** (*at least two*).

16. I should get a response to my Administrative Remedy Request appeal on
_____.  (Fill in this blank by adding 35 days to the date in #13).
Staff has 30 days from the date they receive the grievance to respond.
Also allow time for the mail process.

17.    It is now the date given in #16.  Did I get a response to my appeal by
the end of the day?
YES                         NO

18. If the answer to #17 is NO, skip to #20.

19.    If the answer to #17 is YES, skip to #21.

## D. APPEAL TO THE GENERAL COUNSEL (LEVEL III)
*Deadline: Date Regional Director signed response + 30 days =*
_____

OR, *if no response: Date in #13 plus 35 days =* _____

File your Level III appeal to the National Inmate Appeals
Administrator, Office of General Counsel.  The address is:
320 First St., NW
Washington, DC 20534

20. If you did not get a response from Level II, file an appeal.  Use
**Form BP-11**.

- Describe your problem, making sure to state all relevant facts.  The
more detail you give, the more staff has to address your concerns.
- If you run out of room, you may attach only one extra letter-size page
plus *three* copies of that page.
- Say on your **Form BP-11**: "I have attached a copy of the
Administrative Remedy Appeal Request that I filed on _____
(date in #13).  I did not receive a response within 33 days.  I am now
exercising my right to appeal to the next level.
- If you are in General Population, say how you are going to submit
your appeal, for example, "I am placing this form in the US mailbox."
(Describe the process you use, whatever it is.)
- If you are in segregation or isolation, say how you are going to submit
your appeal, for example, "I am submitting this form to a unit staff
member on the date above to be placed in the US mailbox."  (Describe
the process you use, whatever it is.)

- If you are late in filing this form (more than 33 days have passed since the date in #13), explain why. Valid reasons for delay include: an extended period of in-transit when you had no access to necessary forms, an extended period of time when you were physically incapable of preparing the form. or a delay in responding to your request for necessary forms.
- Also, attach copies of **Form BP-9** and **Form BP-10** that you sent earlier.

21. If you got a response to Level II but are unhappy with the answer, file another appeal to the General Counsel. Use **Form BP-11**.
   - Describe your problem, making sure to state all relevant facts. The more detail you give, the more staff has to address your concerns.
   - If you run out of room, you may attach only one extra letter-size page plus *three* copies of that page
   - Say on your **Form BP-11**, "I disagree with the decision I received regarding my Administrative Remedy Appeal Request that I filed on _____ (date in #13), and I am filing another appeal."
   - If you **are** in **General Population**, say how you are going to submit your **appeal, for example, "I am** placing this form in the US mailbox." (Describe the process you use, whatever it is.)
   - If you are in segregation or isolation, say how you are going to submit your appeal, for example, "I am submitting this grievance form to a unit staff member on the date above to be placed in the US mailbox." (Describe the process you use, whatever it is.)
   - If you are late in filing this form (more than 30 days have passed since the date on the Regional Director' letter), explain why. Valid reasons for delay include: an extended period of in-transit when you had no access to necessary forms, an extended period of time when you were physically incapable of preparing the form, or a delay in responding to your request for necessary forms.
   - Also, attach copies of **Form BP-9** and **Form BP-10**, which you sent earlier and a copy of the response you received to both (if any).

22. I am filing my Level III appeal (**BP-11**) today. Today's date is _____. (This must be sent 30 day after the date of the Regional Director's signature on your Level II response or 35 days after the date in #13).

23. I made _____ copies of my **Form BP-11** (at least two).

24. I should get a response to my Level III appeal on _____. (Fill in this blank by adding 45 days to the date in #23. Staff has 40 days from the date they receive the appeal to respond. Also allow time for the mail process.

6

25. It is now the date given in #25. Did I get a response to my appeal by the end of the day?
    YES                              NO

    Either way, your administrative remedies are now exhausted. Congratulations!  If you are going to file in Court, you are going to have to how copies of what you submitted at each level. This means that, whether you got responses or not, you should have your copies and dates ready to go.

## Addresses of Bureau of Prisons Regional Directors

Regional Director
**Mid-Atlantic Regional Office**
10010 Junction Drive, Suite 100-N
Annapolis Junction, Maryland 20701

Regional Director
**North Central Regional Office**
Gateway Complex Tower II, 8th Floor
400 State Avenue, Kansas City, KS 66101-2492

Regional Director
**Northeast Regional Office**
U.S. Custom House, 7th Floor
**2nd and Chestnut Streets**
**Philadelphia, Pennsylvania 19106**

Regional Director
**South Central Regional Office**
4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

Regional Director
**Southeast Regional Office**
3800 Camp Creek Parkway, S.W.
Building 2000
Atlanta, Georgia 30331-6226

Regional Director
**Western Regional Office**
7950 Dublin Boulevard, 3rd Floor
Dublin, California 94568

8

# The PLRA And Your Right To Sue

The federal Prisoner Litigation Reform Act (PLRA) changed the procedures dealing with prisoner lawsuits. The PLRA became law in 1996 and made it much harder for a prisoner to file a lawsuit in federal court. **Before filing a lawsuit based on federal law, you should read the law 28 U.S.C. section 1915**. You may want to bring your lawsuit in a state or DC instead of in federal court.

There are four key parts of the PLRA that you need to know about to sue.

1. You must exhaust your administrative remedies.

   a. You must use your facility's internal formal grievance procedure and you must appeal each IGP until you reach the top level.

   b. You have NOT exhausted your administrative remedies if the response does not solve your problem or does not answer your question. You should move to the next level and file an appeal.

   c. You have NOT exhausted your administrative remedies if the response is late. A certain number of days are allowed for a response. If you do not receive a response, you should move to the next level and file an appeal.

   d. If you are late filing an appeal, state why you were late in filing. If you were unable to get the correct form in time to file the appeal, use a blank sheet of paper, put the form number at the top of the page, and state that you were late in filing your appeal because you could not get the correct form.

   e. You may sue when you have reached the highest level and your request for administrative remedy has still been denied.

   f. If you do not exhaust your administrative remedies, the court could dismiss your lawsuit. This can have other negative effects (see below).

2. The federal court will no longer waive filing fees.

   a. The current filing fee is $150.00.

   b. The term *in forma pauperis* means as a poor person. In the past you could show that you did not have any money and then you could file a lawsuit without paying the filing fee. Since the PLRA became law, *in forma pauperis* requires you to show that you do not have any money and then to pay the filing fee in several payments.

c. A prisoner who files a case in the United States District Court *in forma pauperis* will have the money subtracted from her or his account every month and paid to the Court until the full filing fee is paid.

d. Your facility deals with subtracting the money from your account to pay the filing costs.

3. The PLRA has a three strikes provision that may prevent you from filing *in forma pauperis*.

a. The court will look at all prisoner cases and can dismiss them if they are frivolous (not serious), malicious (mean), or fail to state a claim upon which relief can be granted (do not give the court any law that it can use to judge the lawsuit).

b. After three cases have been dismissed, a prisoner will have to pay the entire filing fee **up front** before filing another lawsuit.

c. It is up to the defendant to make a motion to dismiss a case because the prisoner did not exhaust his administrative remedies.  This is why it is so important to exhaust your administrative remedies.

d. If you are "under imminent danger of serious physical injury," and have already filed three lawsuits that were dismissed, you may file another lawsuit *in forma pauperis*.  The court will evaluate the danger you are facing **at the time you attempt to file the lawsuit**, not at the time of the alleged incident.

4. Physical injuries must be shown before you can recover money for mental or emotional injuries.

a. Any monetary damages you may win will be used to pay unpaid restitution orders before being paid to the prisoner.  This may include back taxes and child support.

b. Before payment of any monetary award a prisoner, the victim of the crime for which the prisoner was convicted will be contacted so that she or he can sue the prisoner for money.

**Disclaimer:** This document is not intended to replace the advice of an attorney.  This document does not represent legal advice by the DCPLSP, and should not be relied upon as a prisoner's sole resource in dealing with these issues.

EXHIBIT I

Ismail Abdul Malik,
a/k/a Roy Thomas
Reg. No. 11340-007
USP- Big Sandy
P.O. Box 2068
Inez, KY 41224


March 5, 2007


Timothy J. Bojanowski, Esq.
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue Suite 800
Phoenix, Arizona 85012


Re: <u>Malik v. District of Columbia, et al.</u>,
    United States District Court For the District of Columbia
    Civil Action No. 05-1374(RMC)


Dear Mr. Bojanowski:

    I am in receipt of the attachments to your Motion For Judgment
on the Pleadings, which you enclosed with your letter to me of February
14, 2007.  I write in regards to your invitation to me to contact you
should I need anything else.

    In fact, I need a copy of the company grievance policy for Trans-
Cor. I would greatly appreciate a copy of the above-requested as soon
as is feasible, in order that I may timely file my opposition to your
filings.

    Thank you for your assistance in the  past, and a prompt response
in this matter would be greatly appreciated also.


                                   Sincerely,

                                   ISMAIL ABDUL MALIK,
                                   a/k/a ROY THOMAS
                                   Reg. No. 11340-007