IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK,
a/k/a ROY THOMAS,

  Plaintiff,

v.

DISTRICT OF COLUMBIA, et al.,

  Defendants.

Civil Action No.: 05-1374 (RMC)

RECEIVED
SEP 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, FOR THE APPOINTMENT OF COUNSEL AND TO STAY FURTHER PROCEEDINGS

The plaintiff herein, Ismail Abdul Malik, a/k/a, Roy Thomas, pro se, respectfully responds to Defendants' motions for Judgment on the Pleadings or, in the alternative for Summary Judgment herein, requests the appointment of counsel and that any further proceedings herein be stayed pending the plaintiff being provided

representation by an attorney; adequate access to the law library of this federal prison, along with adequate time and opportunity to consult with the inmate who is assisting plaintiff in this and other filings.

## I. BACKGROUND

1.) Plaintiff filed a motion seeking an extension of time to respond to the Defendants' dispositive motions sometime after August 7, 2007. (Doc #46).

2.) On or about, August 17, 2007, the plaintiff was placed in the Special Housing Unit (SHU) of this federal prison, due to an alleged investigation.

3.) The plaintiff never had an opportunity to consult with, Donald Hatch, the inmate who is assisting the plaintiff in these filings and

refused all requests for consultation concerning this case.

4.) The plaintiff was not released from the Special Housing Unit until on or about September 10, 2007, the plaintiff and Mr. Hatch are in different housing units and never had opportunity to speak before this prison was again placed on total lockdown (24 hours in cells), on September 17, 2007, the prison remains on total lockdown, however this opposition and other requests is filed to seek to timely oppose the Defendants motions (although it appears the Court has decided the motions without awaiting a response from the plaintiff)

-3-

and to request the additional relief requested herein.

5.) Contrary to the above, the Court in an order of September 5, 2007, granted the Plaintiff until September 25, 2007, to file an opposition. Yet in order of September 6, 2007, the Court grants in part and denies in part the Defendants' motions (19 days before a response is due).

6.) The Plaintiff requests that the Court reconsider its order of September 6, 2007; consider this opposition and the extraordinary circumstances under which it is drafted (in a prison cell, with no access to the laws), and that the Court allows the appointment of counsel, adequate time for

-4-

consultation with inmate assisting the plaintiff herein, on a stay until adequate access to the above is provided by these agents of the Defendants. The Plaintiff is a District of Columbia prisoner and the FBOP is only a custodian for the District of Columbia.

7.) In any event, the Courts Order of September 6, 2007, is contradictory and appears to misconstrue the nature of the evidence presented.

## II. REASONS FOR DENIAL OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

1.) The Defendants have failed to show that no genuine issues of material fact are in dispute. As the Court recognized more than 20 years ago:

-5-

"[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

The Defendants have never claimed that Plaintiff failed to exhaust remedies under the CCA or District of Columbia process, the Defendants claimed that Plaintiff failed to exhaust remedies under the TRANSCOR guidelines. Yet, when confronted by Plaintiff with a request for a copy of the TRANSCOR guidelines, Defendants admitted that no grievance procedure existed at TRANSCOR. In spite of the above, and all the filings from the Defendants the Court still finds in its order of September 6, 2007, that CCA's assertion that institutional transfers are not grievable

-6-

matters. (Doc #50, pg. 4, footnote omitted). The Court contradicts itself in finding that plaintiff failed to timely file, if it accepts the fact that CCA claimed that institutional transfers are non-grievable matters. For the Court to accept the CCA assertion, relieves the plaintiff of any obligation to file thereunder and the fact that TRANSCOR had no grievance procedure relieves the plaintiff of any obligation to file thereunder, although plaintiff did submit the letter as instructed to do so. With all due respect, the plaintiff asks that the Court not take for granted, matters that have not been conceded. CCA has never claimed that a grievance procedure existed at TRANSCOR, instead CCA has always

-7-

always claimed that the plaintiff does not a grievable issue with CCA and that the plaintiff should have sent a letter to TRANSCOR.

2.) The Court's September 6, 2007, order is premature and it contradicts itself.

In the Court's order of September 6, 2007, the Court precedes the Court order of September 5, granting the plaintiff 20 more days to respond to Defendants motions (Doc #48). In addition the September 6, order on page 7, finds that plaintiff "failed to properly exhaust the administrative remedies available to him at CADC, and that CCA and the District of Columbia are entitled to judgment in their favor." Yet the Court accepts the affidavit of the CCA representative, the "Richey Aff. ¶ 6.

-8-

Plaintiff asserts that an issue cannot be non-grievable and at the same-time, be cause for dismissal due to not being grieved.

Conversely, since the Court found a genuine issue of material fact as to exhaustion of remedies with Transcor, the Defendants' motions should be denied and the matter set for trial on the merits.

The District of Columbia joined the motions of CCA however, the District has never claimed a process whereby plaintiff could have exhausted administrative remedies and CCA has admitted that the matter was not grievable with CCA, although Transcor has been under CCA ownership since the year 1995 and all relevant times herein.

-9-

the Court should not allow the Defendants to have it both ways, claim no process for exhaustion of remedies, yet obtain summary judgment for the failure of the plaintiff to timely raise issues that were not covered by that same grievance process.

WHEREFORE, the Plaintiff, Ismail Abdul Malik, a/k/a Roy Thomas, respectfully requests that the Court deny all dispositive motions filed by the Defendants and schedules a trial of the issues so triable.

### III. APPOINTMENT OF COUNSEL AND/OR STAY OF THE PROCEEDINGS.

The Court should appoint counsel in this case due to the plaintiff not being able to afford counsel, the issues involved in the case are complex, the prison limits the hours that plaintiff has

-10-

access to the prison library and there are an insufficient number of computer terminals available therein, the Plaintiff has a very limited knowledge of the law, and the ends of justice would best be served in this case, if an attorney was appointed to represent the plaintiff. In the alternative the plaintiff requests a stay of the proceedings until the inmate assisting the plaintiff has adequate access to confer with the Plaintiff and research the law.

Respectfully submitted,

*Donald J. Nolan*

(FOR) ISMAIL ABDUL MALIK,
a/k/a ROY THOMAS
Reg. No. 11390-007
USP - Big Sandy
P.O. Box 2068
INEZ, KY 41224

-11-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing motion for extension of time upon the person(s) listed below entitled to receive a copy thereof by U.S. Mail, postage prepaid, this 20th day of September, 2007.

Timothy J. Bojanoski, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012

Mariana Bravo, Esq.
Cann Maloney, PC
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036

Executed this 20th day of September, 2007, at Inez, KY pursuant to 28 U.S.C. §1746.

Ismail Abdul Malik
Roy Thomas
ISMAIL ABDUL MALIK
a/k/a ROY THOMAS
Reg. No. 11340-007
USP- Big Sandy
P.O. Box 2068
Inez, KY 41224