IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ismail Abdul Malik, a/k/a Roy Thomas,**<br><br>                           **Plaintiff,**<br><br>      v.<br><br>**District of Columbia,** *et al.***,**<br><br>                         **Defendants.** | **Civil Action No. 1:05-cv-1374 (RMC)** |

### DEFENDANT TRANSCOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Defendant TransCor[1], through counsel, responds to Plaintiff's Motion for the Appointment of Counsel [Doc. #53] and respectfully requests this Court deny the motion for the reason that Plaintiff has shown no "exceptional circumstances" which would allow this Court, in its discretion, to appoint counsel to represent him.

This opposition is supported by the following Statement of Points and Authorities.

### STATEMENT OF POINTS AND AUTHORITIES

There is no constitutional right to appointment of counsel at government expense in a civil rights action.[2] The only conceivable authority creating a statutory right would be 28 U.S.C. § 1915(d), which confers on the Court the discretion to appoint counsel to represent an indigent civil litigant. The exercise of that power, however, is limited to "exceptional circumstances" where Plaintiff demonstrates that the "denial of counsel would result in fundamental unfairness."[3] In this case, Plaintiff has shown no such "exceptional circumstances."

---

[1] Defendants District of Columbia and Corrections Corporation of America were dismissed from this action on September 6, 2007.

[2] *See* 42 U.S.C. § 1983; *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *Aldabe v. Aldabe*, 616 F.2d 1089, 1993 (9th Cir. 1980); *Doyle v. Dist. of Columbia*, Civ. No. 96-2268(RMU), 1997 WL 590799, at *1 (D.D.C. Sept. 12, 1997) (*citing Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Peterson v. Nalder*, 452 F.2d 754, 757 (8th Cir. 1971).

[3] *Doyle,* at *1 (*citing, Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); *Martorano v. FBI*, Civ. No. 89-377 (RCL), 1991 WL 212521 (D.D.C. Sept. 30, 1991). *See also,* 28 U.S.C. §

A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioners to articulate his claims *pro se* in light of the complexity of the legal issues involved.[4]  Furthermore, this court has ordered that (1) "the nature and complexity of the action"; (2) "the potential merit of the pro se party's claims"; (3) "the demonstrated inability of the pro se party to retain counsel by other means"; and, (4) "the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel"[5] when considering appointment of counsel under 28 U.S.C. §1915.

This case is a reincarnation of Plaintiff's 2003 suit, which was removed to this court in Civ. Action No. 03-944 (RMC).  In that action, Plaintiff Moved for Appointment of Counsel on June 23, 2003, alleging he needed assistance with discovery.[6]  This Court denied Plaintiff's Motion on July 8, 2003.[7]  In the intervening four years, Plaintiff has ably appealed the dismissal of that action; has refiled suit against Defendants in this litigation; has propounded discovery to Defendants; and, has responded to Defendants' Motion for Judgment on the Pleadings or, in the Alternative for Summary Judgment, which the Court granted in part and denied in part on September 6, 2007, all without the assistance of counsel.  Plaintiff's performance during the long history of this litigation demonstrates that the nature or issues in this litigation not are too complex for Plaintiff to handle without counsel.  Furthermore, now that discovery has been completed and Defendants have moved for Summary Judgment on the merits of Plaintiff's claims, Plaintiff fails to demonstrate any change in his circumstances justifying the appointment of counsel.

Moreover, Plaintiff has not demonstrated a likelihood of success on the merits in this

---

1915(d); *Wilborne v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

[4] *Wilborne*, 789 F.2d at 1331.

[5] L.Cv.R. 89.11(b)(3).

[6] *See* Plaintiff's Motion for Appointment for Counsel, [Doc. #15], filed in 03-cv-944 (RMC) at 1-2.

[7] *See* July 8, 2003 Order [Doc. #18], filed in 03-cv-944 (RMC) at 2.

case. In addition, in Plaintiff's "related" pending case before this Court, Plaintiff admits that in 2003 he had $10,000 which he used as a retainer for legal services.[8] As such, Plaintiff has failed to make any showing that he is unable to retain counsel by other means as required by L.Cv.R. 89.11(b)(3).

Thus, although Plaintiff may experience certain difficulties in proceeding *pro se,* he has neither demonstrated that (1) the complexity of the issues involved is sufficient to require designation of counsel, (2) he is likely to succeed on the merits, or, (3) that he is unable to retain counsel by other means. Accordingly, Plaintiff's Motion for Appointment of Counsel must be denied.

Dated: October 5, 2007.

s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387

Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin, (D.C. Bar No. 500039)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555

*Attorneys for Defendant TransCor*

---

[8] *See* Compl. at 5 [Doc. #1], filed in *Thomas v. Nat'l Legal Professional Assocs.,* 07-cv-892-RMC. Furthermore, the docket entry in that case indicates that Plaintiff paid the entire $350.00 filing fee in that case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October 2007, a true an accurate copy of the foregoing Defendant TransCor's Opposition to Plaintiff's Motion for Appointment of Counsel, was sent via first-class mail, postage-prepaid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
**UNITED STATES PENITENTIARY BIG SANDY**
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*


　　　　　s/Dianne Clark

1832424.1