**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Ismail Abdul Malik, a/k/a Roy Thomas,** | |
| **Plaintiff,** | **Civil Action No. 1:05-cv-1374 (RMC)** |
| **v.** | |
| **District of Columbia, *et al.*,** | |
| **Defendants.** | |

**DEFENDANT TRANSCOR'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY**
**PROCEEDINGS**

Defendant TransCor[1], responds to Plaintiff's Motion to Stay Proceedings [Doc. #53] and respectfully requests this Court deny the Motion. Plaintiff has failed to make the requisite showing necessary to justify the Court's exercise of such an extraordinary remedy.

This Opposition is supported by the following Statement of Points and Authorities.

**STATEMENT OF POINTS AND AUTHORITIES**

**I.     PROCEDURAL BACKGROUND**

This 42 U.S.C. § 1983 litigation first came before the Court in April 2003, when Defendants removed Plaintiff's case from the Superior Court for the District of Columbia. In January 2004, Plaintiff's Complaint in Civ. Action No. 03-944-RMC was dismissed for failure to state a claim. Plaintiff appealed, then voluntarily elected to dismiss his appeal, and refiled his Complaint in July 2005.

In November 2006, this Court entered its Scheduling Order, where it ordered dispositive motions be filed by August 1, 2007, responses to dispositive motions be filed by September 2, 2007, and any reply filed by October 1, 2007.[2] Defendants filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment [Doc. #24] on February 12, 2007 raising

---

[1] Defendants District of Columbia and Corrections Corporation of America were dismissed from this action on September 6, 2007.

[2] November 6, 2007 Scheduling Order [Doc. #21].

the argument that Plaintiff's suit was barred due to his failure to exhaust administrative remedies under the PLRA. Plaintiff was initially ordered to file his Opposition by March 23, 2007.[3] Plaintiff's Opposition [Doc. #36] was filed March 30, 2007. Defendants' Reply [Doc. #39] was filed April 20, 2007. On September 6, 2007, the Court issued a memorandum opinion granting the Motion in part [Doc. #50], dismissing Defendants District of Columbia and Corrections Corporation of America, and denying it in part with respect to Defendant TransCor. Plaintiff filed a Notice of Appeal September 26, 2007 [Doc. #54].

While the Motion for Judgment on the Pleadings was pending, the parties completed discovery and, on August 1, 2007, Defendants filed a Motion for Summary Judgment [Doc. #44]. On August 24, 2007, Plaintiff moved for an extension of time [Doc. #47] to submit his Opposition to that motion. On September 5, 2007, [Doc. #49], the Court granted Plaintiff's request for an extension, allowing Plaintiff to submit his Opposition by September 25, 2007. Plaintiff's Opposition [Doc. #52] was mailed on September 20, 2007, and was received by the Clerk on September 26, 2007.

Plaintiff seeks a stay of further proceedings, pending resolution of his appeal of the Court's ruling on the Motion for Judgment on the Pleadings.

## II.    LEGAL ARGUMENT

### A.    Legal Standard

When determining whether a stay is warranted, the following factors are to be considered:

(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;

(2) the likelihood that the moving party will be irreparably harmed absent a stay;

(3) the prospect that others will be harmed if the Court grants the stay; and

(4) the public interest in granting the stay.[4]

---

[3] February 22, 2007 Minute Entry Order.

[4] *Cuomo v. U.S. Nuclear Regulatory Comm'n,* 772 F.2d 972, 974 (D.C. Cir. 1985) (per curium); *United States v. Phillip Morris, Inc.,* 314 F.3d 612, 617 (D.C. Cir. 2003); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C. Cir. 1977); *Virginia*

The movant is obligated "to justify the court's exercise of such an extraordinary remedy."[5]  Moreover, "[t]his Circuit has recently reiterated that the applicant must satisfy stringent standards required for a stay pending appeal."[6]  In this case, "[w]here a movant fails to establish a substantial case on the merits, and further fails to 'demonstrate that the balance of equities or the public interest strongly favor granting of a stay,' a motion for stay is properly denied."[7]

### B.    Plaintiff Fails to Establish the Requisite Showing Necessary to Grant a Stay.

In his Motion to Stay Proceedings, Plaintiff fails to allege any legal error or newly discovered facts, which the Court failed to consider in its September 6, 2007 Order.  Rather, Plaintiff merely rehashes the argument from his Opposition to Defendants' Motion for Judgment on the Pleadings, that there were no available administrative remedies to exhaust.  However, "rehash[ing] arguments that have been rejected"[8] is tantamount to failing "to present anything that would suggest that the decision reached by the court was in error."[9]  Without such a showing, the Court cannot conclude that Plaintiff will likely prevail on his appeal.

Second, Plaintiff never makes an affirmative demonstration that, absent a stay, he will be irreparably harmed.  It is not enough for Plaintiff merely to allege that he will be harmed.  Plaintiff must show 1) the injury to be both certain and great; it must be actual and not theoretical;[10] (2) "'[t]he injury complained of [is] of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm,'"[11] and, (3) substantial

---

*Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921, 925 (D.C. Cir. 1958); *Lightfoot v. District of Columbia,* Civ. No. 01-1484 (CKK), 2006 WL 175222 (D.D.C. Jan. 24, 2006) at *3.

[5] *Cuomo,* 772 F.2d at 978.

[6] *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,* 230 F.Supp.2d 12, 14 (D.D.C. 2002) (citation omitted).

[7] *Lightfoot,* at *3 (*citing Cuomo,* 772 F.2d at 972).

[8] *United States v. Judicial Watch, Inc.,* 241 F.Supp.2d at 15, 16 (D.D.C. 2003).

[9] *United States v. Herbert Bryant, Inc.,* Civ. Nos. 73-2211, 73-1903, 1990 WL 102790, (D.D.C. July 9, 1990) at *2.

[10] *Wisconsin Gas Co. v. Fed. Energy Reg. Comm'n,* 758 F.2d 669, 674 (D.C. Cir. 1985).

[11] *Id.* (*quoting Ashland Oil, Inc. v. Fed. Trade Comm'n,* 409 F.Supp. 297, 307 (D.D.C. 1976)

unrecoverable economic harm, given the fact that "economic loss does not, in and of itself, constitute irreparable harm [rather the] possibility that adequate compensatory or other corrective relief will be available at a later date … weighs heavily against a claim of irreparable harm."[12] Yet, Plaintiff never makes any such showing.  In fact, a stay of proceedings at this point is premature and would not help Plaintiff.  Plaintiff filed his Opposition to Defendants' pending Motion for Summary Judgment with his Motion to Stay Proceedings; all that remains is for Defendants' to submit their Reply Memorandum, and for the Court to rule on that Motion.

Third, Defendants, on the other hand, are not required to show "substantial harm" in order to prevent a stay.  Rather, it is Plaintiff's burden to justify this extraordinary remedy, it is he who must show that either Defendants will not suffer harm from a stay, or that any resulting harm will be minimal.[13]  Plaintiff has failed to attempt any such showing.

Finally, Plaintiff fails to make any showing that the public interest favors a stay.  Absent that showing, the public interest, which favors a speedy adjudication of cases on their merits, presumptively counsels for the denial of Plaintiff's motion.

C.     **A Stay of Proceedings is Unnecessary.**

Plaintiff's Motion for Stay appears to be no more than an end-run around the Court's September 5, Order on Plaintiff's Motion for an Extension of Time.  In the Motion to Extend, Plaintiff claimed the Federal Bureau of Prisons does not provide sufficient law library resources and that it is difficult for him to communicate with Donald Hatch, an inmate assisting him, as a basis for more time to respond.  Prior to granting Plaintiff an extension in the instant case, this Court also granted Plaintiff a 60-day extension to respond to motions in his related case against National Legal Professional Associates, *et al.*  The extension also was prior to granting Plaintiff the 21-day extension in which to respond to Defendant's Motion for Summary Judgment in this

---

(emphasis in original)).

[12] *Id.* (*quoting Virginia  Petroleum Jobbers,* 259 F.2d at 925).

[13] *Lightfoot,* at *9.

case.[14]

In addition to the foregoing arguments, Plaintiff now contends a stay is justified since the United States Penitentiary Big Sandy is on lock-down, further limiting his opportunities to utilize the law library or confer with Inmate Hatch. Plaintiff also contends that he faces financial limits in the purchase of photocopy cards and postage. Finally, Plaintiff baldly asserts that his inability to effectively oppose the motion is the creation of agents of Defendant District of Columbia.

TransCor points out Plaintiff was initially sentenced to the custody of the D.C. Department of Corrections in 1992. However, the National Capital Revitalization and Self-Government Act of 1997,[15] transferred custody of all then current and future sentenced felons to the Federal Bureau of Prisons. The Bureau of Prisons must designate all sentenced D.C. felons to a facility either operated by, or under contract to the Bureau of Prisons. Plaintiff's claim that Defendant District of Columbia is somehow responsible for his current conditions at the United States Penitentiary – Big Sandy, simply fails for lack of factual support.

The parties exchanged Disclosure Statements and Plaintiff had an opportunity to conduct discovery. Without a request by Plaintiff, Defendants provided the full text of the depositions of the TransCor agents, upon which they relied in their Motion for Summary Judgment[16]. In order to respond to Defendants' Motion for Summary Judgment, Plaintiff simply did not need to have access to case law, access to a computer or typewriter, or to make voluminous photocopies. Since discovery had closed prior to the filing of Defendants' Motion, Plaintiff had all of the materials permissible under FED. R. CIV. P. 56(c) for his Opposition while the facility was locked-down. Moreover, to the extent Plaintiff's institutional behavior caused him to be placed in the Segregated Housing Unit, absent his legal materials, Plaintiff's institutional behavior is fully within his control, and should not constitute "good cause" permitting an extension of time.

---

[14] *See* August 29, 2007 Minute Entry Order in *Thomas v. Nat'l Legal Prof. Assocs.,* 07-cv-892-RMC.

[15] Pub. L. 105-33, 111 Stat 251, 712, 734-40.

[16] Plaintiff acknowledged receipt of these transcripts in his Motion for Extension of Time [Doc. #46] at 2.

Defendant TransCor, surmises, that Plaintiff's claims regarding an inability to prepare a comprehensive Opposition, are merely a pretext.  Defendant TransCor asserts that Plaintiff's discovery revealed few witnesses in this litigation and that Plaintiff simply does not possess any pleadings, depositions, discovery materials, or affidavits upon which to dispute the facts upon which Defendants based their Motion.  When, an adverse party is unlikely to prevail on the merits of an opposition to summary judgment, the Court is well within its discretion, to deny any further stay or extension of time, and grant the motion.[17]

Finally, since Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment, the only thing a stay would accomplish is to prohibit Defendant TransCor from filing a timely Reply, and prohibiting this Court from disposing, either through motion or trial, Plaintiff's claims with respect to Defendant TransCor.  Defendant is confident the vast majority, if not all, of Plaintiff's claims against TransCor will be resolved on the Motion.  However, if those claims are not, then any finding of fact or law from the Court with respect to Defendant TransCor will become the law of the case, and will apply equally to Defendants District of Columbia or CCA.  As such, judicial economy is favored if this action continues to proceed against Defendant TransCor.

## III.    <u>CONCLUSION</u>

Because Plaintiff fails to provide good cause to demonstrate (1) a likelihood of prevailing on the merits on his appeal; (2) irreparable harm absent a stay; (3) that others, including Defendants, will not be harmed if the Court grants the stay; and, (4) the public interest in granting the stay, Plaintiff's Motion to Stay Proceedings should be DENIED.

---

[17] *Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard, Jr.*, 97 F.Supp.2d 8, 10-11 (D.D.C. 2000). In *Shapiro,* as in the instant case, the adverse party failed to timely disclose expert testimony, and the court declined to extend the expert disclosure deadline or to reopen discovery, and granted summary judgment as the non-moving party could not prove that the standard of care was breached.

1832723.1

Dated: October 10th, 2007.

s/Timothy J. Bojanowski

Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387

Mariana Bravo, (D.C. Bar No. 473809)
Colleen Durbin, (D.C. Bar No. 500039)
CARR MALONEY, PC
1615 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 315-5500
Facsimile: (202) 310-5555
*Attorneys for Defendant TransCor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October 2007, a true an accurate copy of

the foregoing Defendant TransCor's Opposition to Plaintiff's Motion to Stay Proceedings, was

sent via first-class mail, postage-prepaid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
UNITED STATES PENITENTIARY BIG SANDY
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*


s/Dianne Clark

1832723.1