IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ismail Abdul Malik, a/k/a Roy Thomas,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>District of Columbia, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 1:05-cv-1374 (RMC) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S SEPTEMBER 6, 2007 ORDER

Defendants District of Columbia, Corrections Corporation of America, and TransCor, respond to Plaintiff's Motion to Reconsider the Court's September 6, 2007 Order [Doc. #52] and respectfully request this Court deny that motion for the reason that Plaintiff fails to provide any justification for reconsideration.

This Opposition is supported by the following Statement of Points and Authorities.

### STATEMENT OF POINTS AND AUTHORITIES

As a preliminary matter, Plaintiff did not confer with opposing counsel on his non-dispositive motion, as required by LCvR 7(m). This alone is grounds to deny Plaintiff's Motion.[1]

Plaintiff's request for reconsideration, is not signed by Plaintiff, but is signed by Donald Hatch, an inmate, with whom Plaintiff confers regarding his legal proceedings [Doc #52]. To Defendants' knowledge Inmate Hatch is not a member of the bar of any court, and has not entered an appearance in this litigation. As such, Plaintiff's motion is improper under FED. R. CIV. P. 11(a) because it is not signed by Plaintiff, and may be stricken on that basis alone.

---

[1] *See Center for Auto Safety and National Highway Traffic Safety Admin.,* 93 F.Supp.2d 1, 12 (D.D.C. 2000); *Ellipso, Inc. v. Mann,* 460 F.Supp.2d 99, 102 (D.D.C. 2006); *Alexander v. FBI,* 186 F.R.D. 185, 187 (D.D.C. 1999).

1833481.1

I.  **BACKGROUND**

Defendants filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment [Doc. #24] February 12, 2007. Plaintiff was ordered to file his Opposition by March 23, 2007.[2] Plaintiff first moved for additional discovery under Fed. R. Civ. P. 56(f) [Doc. #34] March 28, 2007. Plaintiff's Opposition [Doc. #36] was filed March 30, 2007. Defendants' Reply [Doc. #39] was filed April 12, 2007. On April 20, 2007, Plaintiff withdrew his Rule 56(f) Motion. [Doc. #40]. On September 6, 2007, the Court issued a memorandum opinion granting that motion in part [Doc. #50], dismissing Defendants District of Columbia and Corrections Corporation of America, and denying it in part with respect to Defendant TransCor. Plaintiff filed a Notice of Appeal September 26, 2007 [Doc. #54].

In his Opposition to Defendants' pending Motion for Summary Judgment [Doc. #52], "Plaintiff request that the Court reconsider its order of September 6, 2007."[3] Plaintiff contends that the Court erred by (1) dismissing Defendants District of Columbia and CCA, prior to Plaintiff's submission of an Opposition, after the Court had granted Plaintiff an extension of time to respond to a different Motion for Summary Judgment; and, (2) since the CCA grievance coordinator provided an affidavit to the effect that Plaintiff's conditions of transport were "non-grievable" under the CCA grievance policy, that Plaintiff's lateness in submitting a grievance, is irrelevant. Neither of these arguments, however, is compelling.

II.  **LEGAL STANDARD**

The Court's September 6, 2007 Order directs judgment as to the District of Columbia and CCA, but does not dispose of all claims. Thus, it is not a final appealable order and Plaintiff's Motion for Reconsideration should be considered under FED. R. CIV. P. 54(b).[4] *Cobell v.*

---

[2] February 22, 2007 Minute Entry Order.

[3] Pltf's Opp. to Mot. Sum. J. [Doc. #52] at 4.

[4] *Hill v. Henderson*, 195 F.3d 671, 672 (D.C. Cir. 1999) (holding that a district court order dismissing one of several claims without making an explicit determination under Rule 54(b) is not a final decision subject to appellate review); *Lewis v. United States*, 290 F.Supp.2d 1, 3 (D.D.C. 2003) (stating that a motion to reconsider dismissal of claims related to one of two parties was properly brought under Rule 54(b) rather than Rule 60).

*Norton*[5] sets forth the "as justice requires" standard for determining whether or not to grant a motion to reconsider an interlocutory order, which, in turn, requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances."[6] In arriving at this determination, the Court may consider whether the court "patently" misunderstood the parties, made a decision beyond the adversarial issues presented, failed to consider controlling decisions, or whether a significant change in law occurred.[7] Moreover, the party seeking reconsideration bears the burden of proving some harm would accompany a denial of the motion to reconsider.[8]

A court must have good reason to reconsider an interlocutory ruling. "The district court's discretion to reconsider a non-final ruling, is however, limited by the law of the case doctrine and subject to the caveat where litigators have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."[9]

### III. <u>RECONSIDERATION IS NOT JUSTIFIED.</u>

In addition to failing to assert manifest injustice resulting from a failure to reconsider, it is not the Court, but Plaintiff (or more appropriately, Plaintiff's "jail house lawyer," Donald Hatch) who is the only one who patently misunderstands or misapprehends these proceedings. As set forth *supra* at 2, Defendants' Motion for Judgment on the Pleadings was based on the sole argument that Plaintiff's suit was barred by 42 U.S.C. § 1997e(a), due to his failure to properly exhaust all available administrative remedies. This Motion was fully briefed months before the Court rendered its opinion.[10] The parties should not be required to again

---

[5] 355 F.Supp.2d 531, 539 (D.D.C. 2005)

[6] *Id. See also Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C. 2005).

[7] *Singh*, 383 F.Supp.2d at 101.

[8] *Cobell*, 355 F.Supp.2d at 540 ("In order for justice to require reconsideration, logically, it must be the case that some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration.")

[9] *Singh*, 383 F.Supp.2d at 101 (quotations omitted).

[10] In fact, Inmate Hatch provided an affidavit in support of Plaintiff's Opposition. *See* Ex. 4 to Pltf's Opp. to Mot. J. Pldgs. [Doc. #36].

litigate a settled issue.

The Court expressly recognized Plaintiff's contention in opposition, that his conditions of transport did not constitute grievable matters under CCA policy.[11]  However, the Court need not rule on every argument made by a party either in support of, or in opposition to a motion. Rather, the Court concluded that since Plaintiff admitted his grievances at CADC were untimely, he failed to properly exhaust those administrative remedies as required by 42 U.S.C. § 1997e(a) with respect to CCA and the District of Columbia.  Plaintiff cannot establish and Defendants cannot conceive of any error, misunderstanding, and misapprehension in this ruling.  Moreover, Defendants contend, that even if one were to find error in the resolution of this point, that any such error is harmless, as it is undisputed that Defendants District of Columbia and CCA did not have custody or control of Plaintiff during his transport, and thus are not proper defendants in this case.[12]

## IV.  CONCLUSION

Because justice does not require reconsideration of the Court's September 6, 2006 Order, and no good cause for such reconsideration is advanced by Plaintiff, Plaintiff's Motion for Reconsideration should be DENIED.

Dated: October 10th, 2007.

s/Timothy J. Bojanowski
Daniel P. Struck, (D.C. Bar No. CO0037)
Timothy J. Bojanowski, (D.C. Bar No. OH0014)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Facsimile: (602) 263-7387

---

[11] *See* September 6, 2007 Mem. Op. [Doc. #50] at 6.

[12] *See,* Defs' Mot. Sum. J. [Doc. #44] at 17-20.

1833481.1

>Mariana Bravo, (D.C. Bar No. 473809)
>Colleen Durbin, (D.C. Bar No. 500039)
>CARR MALONEY, PC
>1615 L Street, NW, Suite 500
>Washington, DC 20036
>Telephone: (202) 315-5500
>Facsimile: (202) 310-5555
>*Attorneys for Defendants District of Columbia,*
>*Corrections Corporation of America and*
>*TransCor*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October 2007, a true an accurate copy of the foregoing Defendants' District of Columbia, Corrections Corporation of America and TransCor's Opposition to Plaintiff's Motion to Reconsider the Court's September 6, 2007 Order, was sent via first-class mail, postage-prepaid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
**UNITED STATES PENITENTIARY BIG SANDY**
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*

       s/Dianne Clark