## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ismail Abdul Malik, a/k/a Roy Thomas,

              **Plaintiff,**

      **v.**

District of Columbia, *et al.*,

             **Defendants.**

Civil Action No. 1:05-cv-1374 (RMC)

## DEFENDANT TRANSCOR'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant TransCor,[1] replies to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment [Doc. #52] and respectfully requests this Court grant its Motion for Summary Judgment [Doc. #44] and dismiss Plaintiff's claims, with prejudice. By his failure to provide any evidence opposing Defendant's Statement of Facts, Plaintiff effectively concedes Defendants Motion for Summary Judgment [Doc. #44].

This Reply is supported by the following Statement of Points and Authorities.

## STATEMENT OF POINTS AND AUTHORITIES

**I.**     **PROCEDURAL BACKGROUND**

This 42 U.S.C. § 1983 litigation first came before the Court in April 2003, when Defendants removed Plaintiffs case from the Superior Court for the District of Columbia. In January 2004, the Court dismissed Plaintiff's complaint in Civ. Action No. 03-944-RMC. Plaintiff refiled his Complaint in July 2005.

In November 2006, this Court entered its Scheduling Order, setting forth that dispositive motions be filed by August 1, 2007, responses to dispositive motions be filed by September 2, 2007 and any reply filed by October 1, 2007.[2] Defendants filed a Motion for Judgment on the

---

[1] Defendants District of Columbia and Corrections Corporation of America were dismissed from this action on September 6, 2007.

[2] November 6, 2006 Scheduling Order [Doc. #21].

Pleadings [Doc. #24] on February 12, 2007 arguing that Plaintiff's suit was barred due to his failure to exhaust administrative remedies under the PLRA. On February 15, 2007, the Court issued a Fox/Neal Order [Doc. #29], directing Plaintiff to file his opposition by March 23, 2007. Plaintiff filed a Motion for Additional Discovery under Fed. R. Civ. P. 56(f) [Doc. #34] which was received by the Clerk March 28, 2007 and later withdrawn by Plaintiff. Plaintiff's opposition [Doc. #36] was received by the Clerk March 30, 2007. Defendants' reply [Doc. #39] was filed April 20, 2007. On September 6, 2007, the Court granted the motion in part [Doc. #50], dismissing Defendants District of Columbia and Corrections Corporation of America, and denied it in part with respect to Defendant TransCor. Plaintiff filed a Notice of Appeal [Doc. #54] September 26, 2007.

While the Motion for Judgment on the Pleadings was pending, the parties completed discovery, and Defendants filed a Motion for Summary Judgment [Doc. #44] on August 1, 2007. On August 24, 2007, Plaintiff moved for an extension of time [Doc. #47] to submit his Opposition. On September 5, 2007 [Doc. #49], the Court ordered Plaintiff to submit his Opposition by September 25, 2007. Plaintiff's opposition [Doc. #52] was mailed on September 20, 2007, and received by the Clerk on September 26, 2007.

In Plaintiff's Opposition, he requests appointment of counsel, requests a stay of proceedings, and purportedly opposes Defendants' Motion for Summary Judgment. On close scrutiny, however, Plaintiff's Opposition alleges that "the Court has decided the motions without awaiting a response from the Plaintiff"[3] and then seeks reconsideration of the Court's September 6, 2007 Memorandum Opinion and Order.[4] Plaintiff's Opposition[5] is limited to allegations that (1) Defendants failed to establish undisputed facts that Plaintiff failed to exhaust administrative remedies[6], and (2) that the Court cannot accept both Defendants' allegations that

---

[3] Pltf's Opp. [Doc. #52] at 3.

[4] *Id.* at 4.

[5] *Id.* at 5-10.

[6] *Id.* at 5-8.

his grievances were untimely *and* that the conditions of transport were not grievable issues.[7]

Plaintiff neither raises a genuine issue of disputed material fact nor a legal argument relating to Defendants' August 1, 2007 Motion for Summary Judgment [Doc. #44]. Rather, Plaintiff merely states, "this opposition and other requests is timely filed to seek to timely oppose the Defendants [sic] motions."[8] Plaintiff fails to offer any argument or raise any disputed genuine issue of material fact. Accordingly, the Court must treat Defendant's motion as conceded, and dismiss Plaintiff's case with prejudice.

## II.    STANDARD OF REVIEW

To defeat a motion under FED. R. CIV. P. 56, nonmoving parties "must do more than simply show that there is some metaphysical doubt as to the material facts."[9] The nonmoving party "must offer some hard evidence that its version of the events is not wholly fanciful."[10] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[11] "Although as a rule, statements made by the party opposing a motion for summary judgment must be accepted as true for the purpose of ruling on that motion, some statements are so conclusory as to come within an exception to that rule."[12]

Another exception arises "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account."[13] Thus, summary judgment "is *most likely* when a

---

[7] *Id.* at 8-10.

[8] *Id.* at 3.

[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[10] *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998).

[11] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

[12] *Green v. Dalton,* 164 F.3d 671, 675 (D.C. Cir. 1999).

[13] *Jeffreys v. City of New York,* 426 F.3d 549 (2d Cir. 2005)(citation omitted).

1832925.1

plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury."[14]

The question for the Court is not whether *any* evidence supports the nonmoving party's assertions; rather, there must be evidence on which a jury could reasonably find in that party's favor.[15] "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any *genuine* factual issues that properly can be resolved only by a finder of fact because *they may reasonably be resolved in favor of either party.*"[16]. Therefore, "[Judges are no] longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof …. [The question is] not whether there is literally no evidence [supporting the nonmoving party], but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."[17]

## III.   PLAINTIFF HAS CONCEDED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, at the time of filing his Opposition, was well aware of peril he faced in failing to oppose Defendants' Motion for Summary Judgment.   Plaintiff, in both this case, and its predecessor, received no less than three separate Fox/Neal Orders warning him of the failure to oppose a dispositive motion.[18]   Additionally, in its Motion for Summary Judgment, Defendant TransCor further cautioned Plaintiff that "it is the answering party's duty to dispute the facts upon which the movant relies;" "[i]f the answering party fails to specifically controvert any

---

[14] *Johnson v. Wash. Metro. Area Transit Auth.,* 883 F.2d 125, 128 (D.C. Cir. 1989) (emphasis added).

[15] *Anderson,* 477 U.S. at 248-249; *Jeffreys,* 426 F.3d at 554; *Johnson*, 883 F.2d at 128.

[16] *Anderson,* 477 U.S. at 250 (emphasis added)

[17] *Id.* at 251 (internal quotation marks omitted) (quoting *Improvement Co. v. Munson,* 81 U.S. 442, 448 (1872)).

[18] *See* July 8, 2003 Order [Doc. #18] in 1:03-cv-00944-RMC; October 18, 2005 Order [Doc. #8] in this case, February 15, 2007 Order [Doc. #29] in this case,

statement in the movant's Statement of Facts, all such uncontroverted facts are to be deemed admissions" and, "Plaintiff is 'required to provide evidence that would permit a reasonably jury to find' in his favor."[19]  Furthermore, at the time of filing his Opposition, Plaintiff had received the Court's September 6, 2007 Memorandum Opinion [Doc #50], setting forth the Summary Judgment Standard.

In its Motion for Summary Judgment, Defendant TransCor argues that the conditions of Plaintiff's transport did not rise to the level of a Constitutional violation with respect to length of transport, meals he was fed, toilet conditions, manner of restraint, and/or exposure to environmental tobacco smoke.  Plaintiff cannot demonstrate that those alleged deprivations were either objectively serious or were imposed with deliberate indifference by Defendant or its agents[20].  Further, Plaintiff's retaliation claim necessarily fails because the TransCor agents have no knowledge of Plaintiff's engagement in a protected First Amendment activity.[21]  As Plaintiff only seeks a recovery from corporate defendants, he cannot make a showing as to a custom, practice, or policy TransCor, which was the moving force behind the conditions of his transport.[22]  In fact, it is undisputed that TransCor's custom and practice was, if anything, geared toward maximizing the rights and comfort of the inmates transported.[23]  Finally, Defendant

---

[19] Defs. Mot. Sum. J. [Doc. #44] at 3-4 (*citing Langingham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987).  Since Defense counsel provided this notice, the Court was not obligated to provide additional duplicative notice to Plaintiff.  *Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992) ("If counsel for the defendants … provide the appropriate notice, then" the district judge need not do so.)  Moreover, the Fox/Neal requirements apply only to motions to dismiss or motions for judgment on the pleadings, which, because they rely on matters outside the pleadings, are converted into motions for summary judgment.  *See Fox v. Strickland*, 837 F.2d 507, 509 ("the district court treated the motion to dismiss as conceded"); *Neal,* 963 F.2d at 455 (Defendants' Motion to Dismiss was treated as a Motion for Summary Judgment).  FED. R. CIV. P. 12(b)(6) provides that a motion may be disposed of as provided in Rule 56 only after "all parties [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  As Defendants' August 1, 2007 Motion for Summary Judgment was clearly filed only under Fed. R. Civ. P. 56, and advised Plaintiff of such in the very first sentence, the Court was under no obligation to advise Plaintiff that the Motion would be handled in accordance with Rule 56.  *See* Defs' Mot. Sum. J. [Doc. #44] at 1.

[20] *See* Defs. Mot. Sum. J. [Doc #44] at 5-13.

[21] *See id.* at 13-16.

[22] *See id.* at 16-24.

[23] *See id.* at 20-24.

1832925.1

TransCor argues that Plaintiff's claims are time barred;[24]  Plaintiff cannot establish actual injury needed under 42 U.S.C. § 1997e(e) entitling him to a compensatory or nominal damage award;[25] and, Plaintiff is not entitled to a recovery of punitive damages.[26]  When a party fails to oppose the arguments raised in a motion for summary judgment, the court is left with no choice, but to grant the Motion.[27]

    In addition to conceding the arguments of Defendant TransCor, Plaintiff also concedes all of the separate facts set forth in Defendants' Statement of Uncontroverted Material Facts in support of their Motion for Summary Judgment [Doc. #44].  Pursuant to L.Cv.R. 56.1, the Court, thus, "may assume that the facts identified by the moving party in its statement of material facts are admitted."[28]  Likewise, since Defendants' Motion for Summary Judgment [Doc. #44] was supported in accordance with FED. R. CIV. P. 56, "the adverse party's response, by affidavits or as otherwise provided in this rule, *must* set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."[29]

## IV.    PLAINTIFF'S VERIFIED COMPLAINT AND PRIOR AFFIDAVITS DO NOT RAISE GENUINE ISSUES OF DISPUTED MATERIAL FACT.

    An adverse party's failure to file a separate opposition to the motion made under Rule 56, does not necessarily guarantee that the motion may be granted.  This circuit has held that a pleading, verified under 28 U.S.C. § 1746, should be treated as an affidavit under FED. R. CIV. P.

---

[24] *See id.* at 24-25.

[25] *See id.* at 25-26.

[26] *See id.* at 26-28.

[27] *Federal Deposit Ins. Corp. v. Atchinson & Keller*, 913 F.Supp. 19, 25 (D.D.C. 1996) ("since A&K advanced no arguments in opposition to the motion, summary judgment will be granted"); *Alvarado Parkway Inst., Inc. v. Mendez*, 789 F.Supp. 1190, 1194 n.10 (D.D.C. 1992) ("Because plaintiffs do not oppose this argument in their brief in opposition … the Court will treat defendant's argument on this issue as conceded"); *Johnson v. Greater Southeast Hosp. Corp.*, 903 F.Supp. 140, 150 n.6 (D.D.C. 1995) ("the court would nevertheless be compelled to grant defendants' motion for summary judgment on all … claims because plaintiff did not oppose any of them.).

[28] This language is also contained in L.Cv.R. 7(h).

[29] FED. R. CIV. P. 56(e) (emphasis added)..

56(e), which may be used to overcome a motion for summary judgment.[30]  As Plaintiff did file a verified Complaint, it is proper for the Court to consider it before granting summary judgment to Defendant.  However, verification of a pleading alone, is not sufficient.  Only those allegations from the verified Complaint which are made "on personal knowledge, … set forth such facts as would be admissible in evidence, and … show affirmatively that the affiant is competent to testify to the matters therein"[31] need be considered.[32]

Although Plaintiff alleges that "defendants exhibited 'deliberate indifference,'"[33] this legal conclusion, is insufficient to overcome Defendant's instant Motion.  First, Plaintiff does not, and cannot possibly, possess personal knowledge as to Defendants state of mind during his transport.  Second, Plaintiff fails to allege any custom, practice or policy of Defendant TransCor that was the "moving force" behind the conditions of his transport.  Plaintiff thus, fails to plead these essential elements of TransCor's liability.

Likewise, Plaintiff does not possess the foundation to offer competent testimony upon his allegation that the "black box … presents problems for most anyone."[34]  Moreover, Plaintiff's allegations, upon "information and belief"[35] do not constitute admissible evidence upon personal knowledge, and may be disregarded.  Defendant has provided, through documentary proof and deposition testimony, that (1) the bus did stop to discharge the toilet, which was only necessary once during the trip, and (2) that the TransCor agents, due to medical privacy requirements, were not permitted to open Plaintiff's medical file, and thus could not have had knowledge that he was asthmatic.[36]  Additionally, Plaintiffs argument that his right to be free from exposure to ETS in

---

[30] *Neal,* 963 F.2d at 457.

[31] FED. R. CIV. P. 56(e).

[32] *See Neal*, 963 F.2d at 457.

[33] Compl. at 7.  *See id.* at 8 ("Defendants … showed deliberate indifference.)

[34] *Id.* at 8.

[35] *Id.* at 9-10.

[36] *See* SOF ¶¶ 26, 43, 56.

1832925.1

July 2001[37] was clearly established is legal argument, and Plaintiff does not and cannot allege that it is either based upon his personal knowledge or that he is competent to testify to such matters.[38]  While Plaintiff can testify as to any maladies he perceived after the transport, he does not possess the medical training necessary to testify with a reasonable degree of certainty, as to the causation of those perceived injuries, especially since Defendant demonstrated that they were subsequently caused by factors other than Plaintiff's condition of transport.[39]  Likewise, Plaintiff's verified allegations, do not overcome Defendants evidence that demonstrate that Plaintiff has not been hampered in the pursuit of any of his activities, aside from subsequent athletic injuries and a degenerative disorder.[40]  Finally, Plaintiffs allegations as to the custom and practice of the District of Columbia and CCA are irrelevant for the undisputed reasons that Plaintiff was in the custody of TransCor, not CCA or the District during the trip, and that all evidence of custom and practice by CCA or the District was corrected by the *Busey* settlement.[41] Plaintiff never makes an allegation as to the custom, practice, and policies of Defendant TransCor, nor does he possess any foundation to offer credible testimony as to their customs, policies, and practices.

A custom is a "longstanding practice … which constitutes the standard operating procedure of the [defendant]."[42]  Plaintiff's affidavits fail to make this showing.  Inmate Hatch submitted an affidavit in support of Plaintiff's Opposition to Defendants' Motion for Judgment

---

[37] Compl. at 10.

[38] *See* Defs. Mot. Sum. J. at 12.  In fact, in his Opposition (at 11), Plaintiff avers that he "has a very limited knowledge of the law"

[39] *See* Defs. Mot. Sum. J. at 8-11.

[40] *See id.*

[41] *See* Defs. Mot. Sum. J. at 18-20..

[42] *Menotti v. City of Seattle*, 403 F.3d 1113, 1151 (9th Cir. 2005) (internal citation omitted). "Isolated or sporadic incidents" are insufficient to establish liability; an "improper custom [must be] founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Id.*; *see also, Meehan v. County of Las Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (two incidents are not sufficient to establish a custom.)

1832925.1

on the Pleadings regarding his transport from NEOCC to CADC nearly three years earlier.[43] Yet, in that Affidavit, Inmate Hatch only alleges that the transport was long, inmates were fully restrained, and that the transport officers distributed cigarettes and permitted the inmates to smoke.[44] Inmate Hatch does not, nor does he purport to have foundation for, providing any testimony regarding the mindset or knowledge of Defendant TransCor, or their customs, practice, and policies. Moreover, Inmate Hatch does not mention whether or not he was transported by TransCor, or some other entity.

Finally, neither the Affidavit provided by Plaintiff in his Opposition to Defendants' Motion for Judgment on the Pleadings[45] or his Rule 56(f) filing [Doc. #34], addresses his efforts to exhaust administrative remedies, obtain discovery, or obtain further testimony which could be construed to create a triable issue of fact with respect to the instant Motion. In fact, Plaintiff withdrew his Rule 56(f) filing.[46]

## V.    CONCLUSION

Because Plaintiff fails to demonstrate any triable issue of disputed fact, either through his Opposition to the instant Motion, his verified Complaint, or any of the affidavits previously submitted to this Court, summary judgment is appropriate to dispose of his claims. Furthermore, Plaintiff concedes Defendants' arguments that the conditions of his transport do not constitute constitutional violations. Alternatively, if Defendant TransCor failed to make that showing, Plaintiff concedes that it was not deliberately indifferent, and had no custom, policy, or practice that was the moving force behind any such violation. Moreover, Plaintiff concedes that his claims are time-barred; that he cannot produce competent evidence of the causation of his injuries as necessary under 42 U.S.C. § 1997e(e); and, that as a matter of law, Plaintiff is not entitled to recover punitive damages. As a result of those concessions, Defendant TransCor is

---

[43] *See* Affidavit of Donald Hatch, Ex. 5 to Pltf's Opp. to Mot. J. on Pldgs. [Doc. #36].

[44] *Id.* at ¶¶ 1-3.

[45] Ex. 4 to Pltf's Opp. to Mot. J. on Pldgs. [Doc. #36].

[46] *See* Pltf's 56(f) Rply. [Doc. #40] at 9.

1832925.1

entitled to summary judgment and dismissal with prejudice of all remaining allegations.

Dated:  October 12, 2007.

                              s/Timothy J. Bojanowski
                              Daniel P. Struck, (D.C. Bar No. CO0037)
                              Timothy J. Bojanowski, (D.C. Bar No. OH0014)
                              JONES, SKELTON & HOCHULI, P.L.C.
                              2901 North Central Avenue, Suite 800
                              Phoenix, Arizona  85012
                              Telephone: (602) 263-7324
                              Facsimile: (602) 263-7387

                              Mariana Bravo, (D.C. Bar No. 473809)
                              Colleen Durbin, (D.C. Bar No. 500039)
                              CARR MALONEY, PC
                              1615 L Street, NW, Suite 500
                              Washington, DC 20036
                              Telephone: (202) 315-5500
                              Facsimile: (202) 310-5555

                              *Attorneys for Defendant TransCor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October 2007, a true an accurate copy of the foregoing Defendant TransCor's Reply in Support of its Motion for Summary Judgment, was sent via first-class mail, postage-prepaid, to:

Ismail Abdul Malik, #11340-007
a/k/a Roy Thomas
**UNITED STATES PENITENTIARY BIG SANDY**
Post Office Box 2068
Inez, Kentucky 41224
*Plaintiff Pro Se*

            s/Dianne Clark