UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISMAIL ABDUL MALIK,                :
also known as Roy Thomas,          :
                                   :
    Plaintiff,                     :
                                   :
    v.                             :    Civil Action No. 05-1374 (RMC)
                                   :
DISTRICT OF COLUMBIA, *et al.*,    :
                                   :
    Defendants.                    :

## MEMORANDUM OPINION

For the reasons stated below, the Court will grant defendants' motion for summary judgment as conceded.

### I.  BACKGROUND

Defendant Corrections Corporation of America ("CCA") contracted with the District of Columbia Department of Corrections to house District of Columbia inmates at its Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio and its Central Arizona Detention Center ("CADC") in Florence, Arizona. The contract provided that CCA transport District of Columbia inmates at its expense and with the express authorization of District of Columbia officials. TransCor America, Inc. ("TransCor"), a CCA subsidiary, was responsible for the physical transportation of District of Columbia inmates between the two CCA facilities pursuant to its contract with CCA.

On or about July 2, 2001, TransCor transported Plaintiff and 35 other District of Columbia inmates from the NEOCC to the CADC by bus. Plaintiff alleged that the bus lacked adequate ventilation and a working toilet, that he was exposed to second-hand tobacco smoke, that he was deprived of food and water, and that he was restrained unlawfully by belly chain, handcuffs, leg shackles, and a "black box" device. He brought this civil rights action against the District of Columbia, CCA and TransCor under 42 U.S.C. § 1983 for alleged violations of rights protected by the Eighth Amendment to the United States Constitution.

CCA and TransCor filed a motion for judgment on the pleadings or, alternatively, for summary judgment [#24, 26] on February 12, 2007 in which the District of Columbia joined [#32]. Plaintiff filed his opposition [#36] to the motion on March 30, 2007. CCA argued, and the Court agreed, that Plaintiff failed to exhaust his administrative remedies and, thus, any claims against CCA and, by extension, against the District of Columbia arising from the conditions of his transport to from the NEOCC to the CADC were barred. *Malik v. District of Columbia*, 512 F. Supp. 2d 28, 32 (D.D.C. 2007). Pursuant to the Court's September 6, 2007 Order [#51], summary judgment was granted in favor of CCA and the District of Columbia. Remaining are Plaintiff's claims against TransCor.

Pursuant to the November 6, 2006 Scheduling Order [#21], discovery closed on July 2, 2007, and defendants timely filed the instant dispositive motion [#44] on August 1, 2007. The Scheduling Order set September 2, 2007 as the deadline for Plaintiff's opposition. The Court granted in part Plaintiff's motion for an extension of time [#46], and his opposition [#52] was filed on September 26, 2007.

## II. DISCUSSION

TransCor moves for summary judgment on the grounds that the conditions of Plaintiff's transport to the CADC did not violate his constitutional rights and that it cannot be held liable for any alleged constitutional violations.[1] In addition, TransCor argues that Plaintiff's claims are time-barred and that he is not entitled to an award of damages. As is required under Local Civil Rule 7(h), TransCor submits a Statement of Uncontroverted Material Facts in support of its motion and refers to exhibits and portions of the record on which it relies.

Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") is deficient in two respects. First, the opposition does not comply with the requirements of Local Civil Rule 7(h) in that it is not "accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated [including] references to the parts of the record relied on to support the statement." LCvR 7(h). "In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* Thus, the court may and does assume that the facts identified by TransCor are admitted.

---

[1] The Court will grant Defendants' motion for leave to file certain exhibits under seal [#43].

A more substantial deficiency of Plaintiff's opposition is its utter failure to address any argument set forth in TransCor's motion.[2]  This Court's local rules provide that a motion may be treated as conceded if the opposing party fails to timely file a memorandum of points and authorities in opposition to the motion.  LCvR 7(b).  Similarly, if "a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002).  And, "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the District of Columbia Circuit will] honor its enforcement" of LCvR 7(b).  *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997); *see also Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004).

---

[2]  Ordinarily the Court issues an Order to a *pro se* litigant to advise him of his obligation to file an opposition or other response to a summary judgment motion, to warn him of the potential consequences for his failure to do so, and to set a deadline for such filing.  The record shows that the Court did not issue such an order in this case as the deadline for plaintiff's response had been established nearly one year in advance in the November 6, 2006 Scheduling Order.  Notwithstanding this circumstance, it is not unreasonable to expect plaintiff to understand his obligations under the Federal Rules of Civil Procedure and the local rules of this Court, particularly given the warnings set forth in the Court's February 15, 2007 Order [#29] directing plaintiff's response to CCA and TransCor's prior motion for judgment on the pleadings or, in the alternative, for summary judgment.  Moreover, plaintiff is no stranger to litigation, having represented himself in three other civil actions in this Court.  *See Thomas v. Nat'l Legal Prof'l Assoc.*, Civ. No. 07-892 (RMC) (D.D.C. filed May 11, 2007); *Malik v. District of Columbia*, Civ. No. 03-944 (RMC) (D.D.C. Jan. 20, 2004); *appeal dismissed*, No. 04-7093 (D.C. Cir. June 3, 2005); *Thomas v. District of Columbia*, Civ. No. 02-988 (PLF) (D.D.C. Sept. 23, 2003), *appeal dismissed*, No. 03-7151 (D.C. Cir. Jan. 20, 2004).

Here, Plaintiff argues that the Court erred in issuing its September 6, 2007 Memorandum Opinion and Order before he had an opportunity to respond. The Court disagrees. The September 6, 2007 ruling pertains to the motion for judgment on the pleadings or for summary judgment filed by CCA and TransCor (later joined by the District of Columbia) to which Plaintiff timely responded by filing an opposition on March 30, 2007. The extension of time granted, to September 25, 2007, pertains only to Plaintiff's opposition to the instant motion for summary judgment [#44].

The Court is not insensitive to the difficulties inherent in pursuing a civil action as an incarcerated *pro se* litigant. Nevertheless, Plaintiff initiated this action and it is his responsibility not only to prosecute the action but also to comply with the Court's Orders and procedural rules.

### III.   CONCLUSION

Absent any substantive opposition from Plaintiff, the Court will grant TransCor's motion as conceded. Plaintiff's motions for appointment of counsel and to stay further proceedings [#53] will be denied as moot. An Order consistent with this Memorandum Opinion will be issued separately.

ROSEMARY M. COLLYER
United States District Judge

Date:  March 10, 2008